SSS:APW
F#: 2021R00032

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN THE MATTER OF THE
EXTRADITION OF
HENRY CLAUDE MEDNARD

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FILED UNDER SEAL**

C O M P L A I N T   A N D
A F F I D A V I T   I N   S U P P O R T
O F   A P P L I C A T I O N   F O R
A R R E S T   W I T H   A   V I E W
T O W A R D S   E X T R A D I T I O N

Case No. 21-MJ-39

(18 U.S.C. § 3184)

EASTERN DISTRICT OF NEW YORK, SS:

I, Andrew P. Wenzel, being duly sworn, depose and state that I am an

Assistant United States Attorney with the United States Attorney's Office for the Eastern

District of New York and represent the United States in fulfilling its extradition treaty[1]

obligations to the Republic of Korea with respect to the fugitive Henry Claude MEDNARD

("MEDNARD").

In accordance with Title 18, United States Code, Section 3184, I charge, on

information and belief, as follows:[2]

---

[1] *See* Extradition Treaty between the Government of the United States of America and the
Government of the Republic of Korea, U.S.-S. Kor., June 9, 1998, S. Treaty Doc. No. 106-2
(1999) ("the Treaty").

[2] Because the purpose of this Complaint is to establish only probable cause to arrest, I have
not set forth a description of all of the facts and circumstances of which the government is
aware.

1.      Foreign Charges.   According to the information provided by the Republic of Korea, MEDNARD has been convicted and sentenced to two years' imprisonment for the following three offenses: (1) special intimidation in violation of Article 284 of the Korean Criminal Act; (2) special bodily injury on another in violation of Article 258-2 of the Criminal Act; and (3) destruction and damage of property in violation of Article 366 of the Criminal Act.   These offenses are alleged to have been committed within the Republic of Korea.

2.      Foreign Arrest Warrant.   MEDNARD was convicted (in absentia) in Korea by the Pyeongtaek Branch, Suwon District Court, and sentenced to two years' imprisonment on May 20, 2016.   A warrant of execution of penalty was issued by Prosecutor LEE Seong-hwa of the Pyeongtaek Branch of the Suwon District Prosecutor's Office on September 19, 2016.   The Republic of Korea has confirmed that, pursuant to Korean law, the warrant of execution has the same legal effect as a warrant of arrest.

3.      Extradition Request.   Pursuant to the Treaty, the Republic of Korea has submitted a formal request through diplomatic channels for the extradition of MEDNARD.   Tom Heinemann, an Assistant Legal Adviser in the Office of the Legal Adviser for the Department of State, has provided the U.S. Department of Justice with a declaration authenticating a copy of the diplomatic notes by which extradition was made and a copy of the Treaty, stating that the offenses for which extradition is demanded are provided for by the Treaty, and confirming that the documents supporting the request for extradition have complied with the Treaty's authentication requirements.   The declaration from the U.S. Department of State with its attachments, including a copy of the diplomatic notes from the Republic of Korea, a copy of the Treaty, and the certified documents submitted in support of

the request (marked collectively as Government's Exhibit 1) are filed with this complaint and incorporated by reference herein.

4.    <u>Facts Underlying Foreign Charges</u>.   The Republic of Korea provided the below information in support of its extradition request.   In short, on two occasions over the course of three days, MEDNARD perpetrated acts of domestic violence against his live-in girlfriend ("Victim 1"), during which he threatened to kill her, strangled her, slashed her neck and face with a knife, hit her face with his fists and damaged property.   MEDNARD also injured one of Victim 1's friends ("Victim 2"), during the second altercation.

a.    In September 2005, MEDNARD and Victim 1 were dating and living together in Pyeongtaek-si, Korea.

b.    The first altercation took place at approximately 7:00 p.m. on the evening of September 2, 2005.   While in their home, Victim 1 accused MEDNARD of having an affair with another woman.   In response, MEDNARD strangled Victim 1, held a 32-centimeter fruit knife to her neck, and threatened, "I will kill you."

c.    Three days later, on September 5, 2005, at approximately 6:10 p.m., MEDNARD was again violent with Victim 1.   Victim 1had been out with two friends, Victim 2 and another friend ("Witness 1"), and Victim 1 asked them to come back to her home because she feared that MEDNARD may assault her.   At their home, MEDNARD and Victim 1 argued, leading to MEDNARD holding a fruit knife to Victim 1's neck and asking, "Do you wish to die?"   MEDNARD then slashed her neck once and her face five times.   He also strangled her and hit her face with his fist about 10 times.

d.    Victim 2 tried to intervene, but MEDNARD brandished the same knife at her, slashing her hands and abdomen.   MEDNARD also slapped Victim 2 with

3

the palm of his hand.   During the course of the assault, MEDNARD threw a dining table chair that crashed into lamps and flowerpots, and he also broke the front glass of their door with his elbow.

        e.     After the attack, still on September 5, 2005, Victims 1 and 2 sought medical treatment for the injuries that they sustained during the assault.   A doctor issued a medical certificate confirming that Victim 1 suffered whiplash, a wrist injury on both sides, and facial contusion that required about 14 days of medical treatment.   The doctor also issued a medical certificate confirming that Victim 2 suffered an abdominal stab wound and a sprain below her elbow, which also required 14 days of medical treatment.

        f.     Also on September 5, 2005, Victim 1 reported the assault to the police.   The police interviewed her, Victim 2, and Witness 1 that same day.   Victim 1 described how MEDNARD threatened her with a knife on September 2, 2005, and assaulted her and Victim 2 on September 5, 2005.   Victim 2 and Witness 1 similarly described how MEDNARD attacked Victims 1 and 2 on September 5, 2005, although Witness 1 said that she did not see MEDNARD threatening anyone with a knife but only that he took the knife in a wrestle.   Korean authorities also interviewed MEDNARD on September 5, 2005. MEDNARD admitted that he had a verbal dispute with Victim 1 on September 2, 2005, but denied that he threatened her with a knife.   Regarding the events of September 5, 2005, MEDNARD claimed that Victim 2 choked him and that she was the one who intimidated him with a fruit knife, and in his attempt to defend himself he may have caused her injury when he pushed her away once.   MEDNARD claimed that Victim 1 slapped him rather than vice-versa, and that he did not hit her or intimidate her with the fruit knife.

4

g.      Victim 1 replaced the property that MEDNARD had damaged during the course of the second assault at a cost of approximately KRW 345,000. (approximately $312 using current exchange rates).

h.      MEDNARD was indicted in Korea on December 29, 2005.   At that time, MEDNARD was no longer in Korea, having left the country on November 3, 2005.   MEDNARD has remained outside of Korea except for a brief return between April 30, 2006, and May 16, 2006.   In accordance with Korean law, MEDNARD was tried and convicted in absentia pursuant to a Judgment dated May 20, 2016.

5.      MEDNARD's Presence in the United States.   MEDNARD is believed to be residing at a specific address on Henhawk Road in North Baldwin, New York. MEDNARD would be likely to flee if he learned of the existence of a warrant for his arrest.

WHEREFORE, the undersigned requests that a warrant for the arrest of the fugitive Henry Claude MEDNARD be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and the Republic of Korea, and that this complaint and the warrant be placed under seal, except as disclosure is needed for its execution, until such time as the warrant is executed.

*Andrew P. Wenzel*

_____
Andrew P. Wenzel
Assistant United States Attorney

Sworn to before me this  Via Telephone
_____ day of _January_____, 2021
                14, 2021

_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT 1



DISTRICT OF COLUMBIA, ss:

## DECLARATION OF TOM HEINEMANN

I, Tom Heinemann, declare and say as follows:

1.  I am an Assistant Legal Adviser in the Office of the Legal Adviser for the Department of State, Washington, D.C.  This office has responsibility for extradition requests within the Department of State, and I am familiar with the extradition case of Henry Claude Mednard.  I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2.  The relevant and applicable treaty provisions in full force and effect between the United States and Korea are found in the Extradition Treaty Between the Government of the United States of America and the Government of the Republic of Korea, signed on June 9, 1998, and entered into force December 20, 1999 ("the Treaty").  A copy of the Treaty is attached to this declaration.

3.  In accordance with the provisions of the extradition treaty in full force and effect between the United States of America and the Republic of Korea, the Embassy of the Republic of Korea has submitted Diplomatic Note No. KAM 2017-0806, dated August 1, 2017, formally requesting the extradition of Henry Claude Mednard, as supplemented by Diplomatic Note No. KAM 2018-873, dated October 16, 2018, and Diplomatic Note No. KAM 2019-0377, dated May 30, 2019.  Copies of the diplomatic notes are attached to this declaration.

4.  In accordance with Article 18 of the Treaty, the Government of the United States appears in court in the United States on behalf of, and represents the interests of, the Republic of Korea in any proceeding that arises out of a Korean request for extradition.  The Republic of Korea provides the same legal representation in its courts on behalf of the United States with regard to extradition requests made by the United States.

5.  The offenses for which extradition is sought are covered by Article 2 of the Treaty.

19056297-3

# United States of America



## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

That Tom Heinemann, whose name is subscribed to the document hereunto annexed, was
of subscribing the same Attorney Advisor, Office of the Legal Adviser, Department of
d States of America, and that full faith and credit are due to his acts as such.

*This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, Michael R. Pompeo, Secretary of State ,
have hereunto caused the seal of the Department of State to be
affixed and my name subscribed by the Assistant Authentication
Officer, of the said Department, at the city of Washington, in the
District of Columbia, this twenty-first day of August, 2019.

_____ Secretary of State

By _____

Assistant Authentication Officer,
Department of State

*Issued            nt to CHXIV, St*
*Sept. 1         9, 1 Stat. 68-69*
*USC 2           ?USC 2651a; 5 U*
*301; 28         1733 et. seq.; 8 U*
*1443(f);        44 Federal Rules*
*Civil Pr           e.*

EX-MEDNARD-00002

-2-

6. The documents submitted by the Government of the Republic of Korea in support of its extradition request were certified on July 21, 2017, by Timothy Scherer, Acting Consul General of the United States Embassy in Seoul, Korea, in accordance with Title 18, United States Code, Section 3190. Mr. Scherer, at the time of his certification, was the principal consular officer of the United States in Korea. The first supplemental documents submitted by the Government of the Republic of Korea in support of its extradition request were certified on September 14, 2018, by Marc H. Williams, Acting Consul General of the United States Embassy in Seoul, Korea, in accordance with Title 18, United States Code, Section 3190. Mr. Williams, at the time of his certification, was the principal consular officer of the United States in Korea. The second supplemental documents submitted by the Government of the Republic of Korea in support of its extradition request were certified on May 22, 2019, by Kimberly Furnish, Acting Consul General of the United States Embassy in Seoul, Korea, in accordance with Title 18, United States Code, Section 3190. Ms. Furnish, at the time of her certification, was the principal consular officer of the United States in Korea.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 19, 2019.


_____

TOM HEINEMANN

Attachments:

1. Copies of Notes
2. Copy of Treaty

L/LEI

EMBASSY OF THE REPUBLIC OF KOREA   2017 AUG -4  A 11: 18
WASHINGTON, D. C.                  DEPARTMENT OF STATE

KAM     2017 - 0806

The Embassy of the Republic of Korea presents its compliments to the Department of the State of the United States of America and has the honor to deliver the document relevant to the extradition procedure against Mr. Henry Claude MEDNARD pursuant to the Extradition Treaty Between the Republic of Korea and the United States of America.

The Embassy transmits herewith the original copy, being "Request for Extradition" issued by the Ministry of Justice of Korea and Annexes attached thereto.

The Embassy would appreciate the Department of States relaying the enclosed original document to the Department of Justice for the extradition.

The Embassy of the Republic of Korea avails itself of this opportunity to renew to the Department of State of the United States of America the assurance of its highest consideration.

Washington, DC

August 1, 2017

Enclosure

## EMBASSY OF THE REPUBLIC OF KOREA
### WASHINGTON, D. C.

KAM    2018-873

The Embassy of the Republic of Korea presents its compliments to the Department of the State of the United States of America and has the honor to deliver the document relevant to the extradition procedure against Mr. Henry Claude MEDNARD pursuant to the Extradition Treaty Between the Republic of Korea and the United States of America.

The Embassy transmits herewith the original copy, being "Request for Extradition" issued by the Ministry of Justice of Korea and Annexes attached thereto.

The Embassy would appreciate the Department of States relaying the enclosed original document to the Department of Justice for the extradition.

The Embassy of the Republic of Korea avails itself of this opportunity to renew to the Department of State of the United States of America the assurance of its highest consideration.

Washington, DC

October 16, 2018

Enclosure

L/LEI

**2019 JUN -6 P 1: 50**

EMBASSY OF THE REPUBLIC OF KOREA
WASHINGTON, D. C.

DEPARTMENT OF STATE

KAM   2019-0377

The Embassy of the Republic of Korea presents its compliments to the Department of the State of the United States of America and has the honor to deliver the document relevant to the extradition procedure against Mr. MEDNARD, Henry Claude pursuant to the Extradition Treaty Between the Republic of Korea and the United States of America.

The Embassy transmits herewith the original copy, being 'Supplement to Request for Extradition of MEDNARD, Henry Claude' issued by the Ministry of Justice of Korea.

The Embassy would appreciate the Department of States relaying the enclosed original document to the Department of Justice for the extradition.

The Embassy of the Republic of Korea avails itself of this opportunity to renew to the Department of State of the United States of America the assurance of its highest consideration.

Washington, DC

May 30, 2019



Enclosure

TREATIES AND OTHER INTERNATIONAL ACTS SERIES 12962

# EXTRADITION

**Treaty Between the**

**UNITED STATES OF AMERICA**

and **KOREA**

Signed at Washington June 9, 1998



NOTE BY THE DEPARTMENT OF STATE

Pursuant to Public Law 89—497, approved July 8, 1966
(80 Stat. 271; 1 U.S.C. 113)—

". . .the Treaties and Other International Acts Series issued
under the authority of the Secretary of State shall be competent
 evidence . . . of the treaties, international agreements other than
treaties, and proclamations by the President of such treaties and
international agreements other than treaties, as the case may be,
therein contained, in all the courts of law and equity and of maritime
jurisdiction, and in all the tribunals and public offices of the
United States, and of the several States, without any further proof
or authentication thereof."

# KOREA

## Extradition

*Treaty signed at Washington June 9, 1998;*
*Transmitted by the President of the United States of America*
*to the Senate March 2, 1999 (Treaty Doc. 106-2,*
*106th Congress, 1st Session);*
*Reported favorably by the Senate Committee on Foreign Relations*
*November 3, 1999 (Senate Executive Report No. 106-13,*
*106th Congress, 1st Session);*
*Advice and consent to ratification by the Senate*
*November 5, 1999;*
*Ratified by the President December 9, 1999;*
*Ratified by Korea November 25, 1999;*
*Ratifications exchanged at Seoul December 20, 1999;*
*Entered into force December 20, 1999.*

**EXTRADITION TREATY**
**BETWEEN**
**THE GOVERNMENT OF THE UNITED STATES OF AMERICA**
**AND**
**THE GOVERNMENT OF THE REPUBLIC OF KOREA**

EX-MEDNARD-00010

## TABLE OF CONTENTS

Article 1 ................................................................. Obligation to Extradite

Article 2 ................................................................. Extraditable Offenses

Article 3 .................................................................Nationality

Article 4 ................................................................. Political and Military Offenses

Article 5 .................................................................Prior Prosecution

Article 6 .................................................................Lapse of Time

Article 7 .................................................................Capital Punishment

Article 8 ................................................................. Extradition Procedures and Required Documents

Article 9 ................................................................. Admissibility of Documents

Article 10 ............................................................... Provisional Arrest

Article 11 ............................................................... Decision and Surrender

Article 12 ............................................................... Temporary and Deferred Surrender

Article 13 ............................................................... Requests for Extradition Made by Several States

Article 14 ............................................................... Seizure and Surrender of Property

Article 15 ............................................................... Rule of Speciality

Article 16 ............................................................... Simplified Extradition

Article 17 ............................................................... Transit

Article 18 ............................................................... Representation and Expenses

Article 19 ............................................................... Consultation

Article 20 ............................................................... Application

Article 21 ............................................................... Ratification, Entry into Force and Termination

EX-MEDNARD-00011

The Government of the United States of America and the Government of the Republic of Korea,

Desiring to provide for more effective cooperation between the two states in the prevention and suppression of crime, and to facilitate relations between the two States in the area of extradition by concluding a treaty for the extradition of offenders,

Have agreed as follows:

EX-MEDNARD-00012

- 2 -

## ARTICLE 1
## OBLIGATION TO EXTRADITE

The Contracting States agree to extradite to each other, pursuant to the provisions of this Treaty, any person who is wanted in the Requesting State for prosecution, trial, or imposition or execution of punishment for an extraditable offense.

## ARTICLE 2
## EXTRADITABLE OFFENSES

1.　　An offense shall be an extraditable offense if, at the time of the request, it is punishable under the laws in both Contracting States by deprivation of liberty for a period of more than one year, or by a more severe penalty.

2.　　An offense shall also be an extraditable offense if it consists of an attempt or a conspiracy to commit, or participation in the commission of, an offense described in paragraph 1, provided that the requirements of paragraph 1 are fulfilled.

3.　　For the purposes of this Article, the totality of the conduct alleged against the person whose extradition is sought shall be taken into account, and an offense shall be an extraditable offense:

　　　(a)　　whether or not the laws in the Contracting States place the offense within the same category of offenses or describe the offense by the same terminology;

　　　(b)　　whether or not the constituent elements of the offense differ under the laws in the Contracting States, provided that the offenses under the laws of both States are substantially analogous; and

　　　(c)　　whether or not the offense is one for which United States federal law requires the showing of such matters as interstate transportation, or use of the mails or of other facilities affecting interstate or foreign commerce, such matters being merely for the purpose of establishing jurisdiction in a United States federal court.

4.　　If the offense was committed outside of the territory of the Requesting State, extradition shall be granted in accordance with this Treaty if the laws of the Requested State provide for punishment of an offense committed outside of its territory in similar circumstances or if the offense has been committed by a national of the Requesting State. If the laws in the Requested State do not so provide, the executive authority of the Requested State may, in its discretion, grant extradition, provided that the requirements of this Treaty are met. Extradition may be refused when the offense for which extradition is sought is regarded under the law of the Requested State as having been committed in whole or in part in its territory and a prosecution in respect of that offense is pending in the Requested State.

5.　　If extradition has been granted for an extraditable offense, it shall also be granted for any other offense specified in the request even if the latter offense is

- 3 -

punishable by deprivation of liberty for a period of one year or less, provided that all other requirements for extradition are met.

6.      When extradition of a person is sought for an offense against a law relating to taxation, customs duties, foreign exchange control, or other revenue matter, extradition may not be refused on the ground that the law of the Requested State does not contain a tax, duty, customs, or exchange regulation of the same kind as the law of the Requesting State.

7.      Where the request for extradition relates to a person sentenced to deprivation of liberty by a court of the Requesting State for any extraditable offense, extradition may be denied if a period of less than four months remains to be served.

## ARTICLE 3
## NATIONALITY

1.      Neither Contracting State shall be bound to extradite its own nationals, but the Requested State shall have the power to extradite such person if, in its discretion, it be deemed proper to do so.

2.      If extradition is refused solely on the basis of the nationality of the person sought, the Requested State shall, at the request of the Requesting State, submit the case to its authorities for prosecution.

3.      Nationality shall be determined at the time of the commission of the offense for which extradition is requested.

## ARTICLE 4
## POLITICAL AND MILITARY OFFENSES

1.      Extradition shall not be granted if the Requested State determines that the offense for which extradition is requested is a political offense.

2.      For the purposes of this Treaty, the following offenses shall not be considered to be political offenses:

> (a)      a murder or other willful violent crime against the person of a Head of State of one of the Contracting States, or of a member of the Head of State's family;

> (b)      an offense for which both Contracting States have the obligation to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution pursuant to a multilateral international agreement, including but not limited to such agreements relating to genocide, terrorism, or kidnapping; and

- 4 -

(c)    a conspiracy or attempt to commit, or participation in, any of the foregoing offenses.

3.    Surrender shall not be granted if the executive authority of the Requested State determines:

(a)    that the request for surrender, though purporting to be made on account of an offense for which surrender may be granted, was in fact made for the primary purpose of prosecuting or punishing the person sought on account of his race, religion, nationality or political opinion; or

(b)    that extradition has been requested for political purposes.

4.    The executive authority of the Requested State may refuse extradition for offenses under military law which are not offenses under ordinary criminal law.

## ARTICLE 5
## PRIOR PROSECUTION

Extradition shall not be granted when the person sought has been convicted or acquitted in the Requested State for the offense for which extradition is requested.

## ARTICLE 6
## LAPSE OF TIME

Extradition may be denied under this Treaty when the prosecution or the execution of punishment of the offense for which extradition is requested would have been barred because of the statute of limitations of the Requested State had the same offense been committed in the Requested State. The period during which a person for whom extradition is sought fled from justice does not count towards the running of the statute of limitations. Acts or circumstances that would suspend the expiration of the statute of limitations of either State shall be given effect by the Requested State, and in this regard the Requesting State shall provide a written statement of the relevant provisions of its statute of limitations, which shall be conclusive.

Case 1:21-mj-00039-SJB   Document 1   Filed 01/14/21   Page 23 of 193 PageID #: 23

- 5 -

## ARTICLE 7
## CAPITAL PUNISHMENT

1.    When the offense for which extradition is sought is punishable by death under the laws in the Requesting State and is not punishable by death under the laws in the Requested State, the Requested State may refuse extradition unless:

      (a)    the offense constitutes murder under the laws in the Requested State; or

      (b)    the Requesting State provides such assurances as the Requested State considers sufficient that the death penalty will not be imposed or, if imposed, will not be carried out.

2.    In instances in which a Requesting State provides an assurance in accordance with paragraph 1, the death penalty, if imposed by the courts of the Requesting State, shall not be carried out.

## ARTICLE 8
## EXTRADITION PROCEDURES AND REQUIRED DOCUMENTS

1.    All requests for extradition shall be submitted in writing through the diplomatic channel.

2.    All requests shall be supported by:

      (a)    documents, statements, or other types of information which describe the identity, including nationality, and probable location of the person sought;

      (b)    information describing the facts of the offense and the procedural history of the case;

      (c)    the text of the law describing the essential elements of the offense for which extradition is requested;

      (d)    the text of the law prescribing punishment for the offense;

      (e)    the documents, statements, or other types of information specified in paragraph 3 or paragraph 4 of this Article, as applicable; and

      (f)    a statement of the relevant provisions of its statute of limitations on the prosecution or the execution of punishment of the offense.

- 6 -

3.    A request for extradition of a person who is sought for prosecution shall also be supported by:

    (a)    a copy of the warrant or order of arrest issued by a judge or other competent authority;

    (b)    a copy of the charging document, if any; and

    (c)    such information as would provide reasonable grounds to believe that the person sought has committed the offense for which extradition is requested.

4.    A request for extradition relating to a person who has been found guilty of the offense for which extradition is sought shall also be supported by:

    (a)    a copy of the judgment of conviction or, if such copy is not available, a statement by a judicial authority that the person has been found guilty;

    (b)    information establishing that the person sought is the person to whom the finding of guilt refers;

    (c)    a copy of the sentence imposed, if the person sought has been sentenced, and a statement establishing to what extent the sentence has been carried out; and

    (d)    in the case of a person who has been found guilty in absentia, the documents required by paragraph 3.

5.    If the Requested State considers that the information furnished in support of the request is not sufficient to fulfill the requirements of this Treaty, that State may request that additional information be furnished within such reasonable time as it specifies.

6.    All documents submitted by the Requesting State shall be translated into the language of the Requested State.

## ARTICLE 9
## ADMISSIBILITY OF DOCUMENTS

The documents which accompany an extradition request shall be received and admitted as evidence in the extradition proceedings if:

    (a)    they are certified by the principal diplomatic or consular officer of the Requested State resident in the Requesting State; or

    (b)    they are certified or authenticated in any other manner accepted by the law of the Requested State.

- 7 -

## ARTICLE 10
## PROVISIONAL ARREST

1.      In case of urgency, a Contracting State may request the provisional arrest of the person sought pending presentation of the request for extradition.  A request for provisional arrest may be transmitted through the diplomatic channel or directly between the Department of Justice in the United States and the Ministry of Justice in the Republic of Korea.

2.      The application for provisional arrest shall be in writing and contain:

   (a)   a description of the person sought, including information concerning the person's nationality;

   (b)   the location of the person sought, if known;

   (c)   a brief statement of the facts of the case, including, if possible, the time and location of the offense;

   (d)   a description of the laws violated;

   (e)   a statement of the existence of a warrant of arrest or a finding of guilt or judgment of conviction against the person sought; and

   (f)   a statement that a request for extradition for the person sought will follow.

3.      The Requesting State shall be notified without delay of the disposition of its application and the reasons for any denial.

4.      A person who is provisionally arrested may be discharged from custody upon the expiration of two months from the date of provisional arrest pursuant to this Treaty if the executive authority of the Requested State has not received the formal request for extradition and the supporting documents required in Article 8.

5.      The fact that the person sought has been discharged from custody pursuant to paragraph 4 of this Article shall not prejudice the subsequent rearrest and extradition of that person if the extradition request and supporting documents are delivered at a later date.

- 8 -

## ARTICLE 11
## DECISION AND SURRENDER

1.     The Requested State shall promptly notify the Requesting State, in writing through the diplomatic channel, of its decision on the request for extradition.

2.     If the request is denied in whole or in part, the Requested State shall provide an explanation of the reasons for the denial.   In cases in which decisions are made by judicial authorities, the Requested State shall, upon request, provide copies of pertinent judicial decisions.

3.     If the request for extradition is granted, the authorities of the Contracting States shall agree on the time and place for the surrender of the person sought.

4.     If the person sought is not removed from the territory of the Requested State within the time prescribed by the law of that State, that person may be discharged from custody, and the Requested State may subsequently refuse extradition for the same offense.

## ARTICLE 12
## TEMPORARY AND DEFERRED SURRENDER

1.     If the extradition request is granted in the case of a person who is being proceeded against or is serving a sentence in the Requested State for an offense other than that for which extradition is requested, the Requested State may temporarily surrender the person sought to the Requesting State for the purpose of prosecution.  The person so surrendered shall be kept in custody in the Requesting State and shall be returned to the Requested State after the conclusion of the proceedings against that person, in accordance with conditions to be determined by mutual agreement of the Contracting States.

2.     The Requested State may postpone the extradition proceedings against a person who is serving a sentence in that State for an offense other than that for which extradition is requested or who is being prosecuted in that State.  The postponement may continue until the prosecution of the person sought has been concluded or until such person has served any sentence imposed.

## ARTICLE 13
## REQUESTS FOR EXTRADITION MADE BY SEVERAL STATES

If the Requested State receives requests from the other Contracting State and from any other State or States for the extradition of the same person, either for the same offense or for different offenses, the executive authority of the Requested State shall

- 9 -

determine to which State it will surrender the person.   In making its decision, the Requested State shall consider all relevant factors, including but not limited to:

    **(a)**    whether the requests were made pursuant to treaty;

    **(b)**    the time and place where each offense was committed;

    **(c)**    the respective interests of the Requesting States;

    **(d)**    the gravity of the offenses;

    **(e)**    the nationality of the victim;

    **(f)**    the possibility of further extradition between the Requesting States; and

    **(g)**    the respective dates of the requests.

## ARTICLE 14
## SEIZURE AND SURRENDER OF PROPERTY

1.    To the extent permitted under its law, the Requested State may seize and surrender to the Requesting State all articles, documents, and evidence connected with the offense in respect of which extradition is granted.  The items mentioned in this Article may be surrendered even when the extradition cannot be effected due to the death, disappearance, or escape of the person sought.

2.    The Requested State may condition the surrender of the property upon satisfactory assurances from the Requesting State that the property will be returned free of charge to the Requested State as soon as practicable.  The Requested State may also defer the surrender of such property if it is needed as evidence in the Requested State.

3.    The rights of third parties in such property shall be duly respected.

## ARTICLE 15
## RULE OF SPECIALITY

1.    A person extradited under this Treaty may not be detained, tried, or punished in the Requesting State except for:

    **(a)**    the offense for which extradition has been granted or a differently denominated offense based on the same facts on which extradition was granted, provided such offense is extraditable, or is a lesser included offense;

    **(b)**    an offense committed after the extradition of the person; or

- 10 -

     (c)     an offense for which the executive authority of the Requested State consents to the person's detention, trial, or punishment for an offense;

          For the purpose of this subparagraph:

          (i)     the Requested State may require the submission of the documents called for in Article 8;

          (ii)     a legal record of statements made by the extradited person with respect to the offense, if any, shall be submitted to the Requested State; and

          (iii)     the person extradited may be detained by the Requesting State for such period of time as the Requested State may authorize, while the request is being processed.

     2.     A person extradited under this Treaty may not be extradited to a third State for an offense committed prior to his surrender unless the surrendering State consents.

     3.     Paragraphs 1 and 2 of this Article shall not prevent the detention, trial, or punishment of an extradited person, or the extradition of that person to a third State, if:

     (a)     that person leaves the territory of the Requesting State after extradition and voluntarily returns to it; or

     (b)     that person does not leave the territory of the Requesting State within 25 days of the day on which that person is free to leave.

### ARTICLE 16
### SIMPLIFIED EXTRADITION

     If the person sought consents to surrender to the Requesting State, the Requested State may surrender the person as expeditiously as possible without further proceedings, to the extent permitted under its law. In such cases, Article 15 of this Treaty shall not apply.

### ARTICLE 17
### TRANSIT

     1.     Either Contracting State may authorize transportation through its territory of a person surrendered to the other State by a third State. A request for transit shall be transmitted through the diplomatic channel or directly between the Department of Justice in the United States and the Ministry of Justice in the Republic of Korea. It shall contain a description of the person being transported and a brief statement of the facts of the case. A person in transit may be detained in custody during the period of transit.

- 11 -

2.    Authorization to transit shall not be required when air transport is used and no landing is scheduled in the territory of the State of transit.  If an unscheduled landing occurs in the territory of that party, it may require the other party to furnish a request for transit as provided in paragraph 1 of this Article.  The State of transit shall detain the person to be transported until the transportation is continued provided that the request is received within ninety-six (96) hours of the unscheduled landing.

3.    Permission for the transit of a person surrendered shall include authorization for accompanying officials to obtain assistance from authorities in the State of transit in maintaining custody.

4.    Where a person is being held in custody pursuant to paragraph 3 of this Article, the Contracting State in whose territory the person is being held may direct that the person be released if transportation is not continued within a reasonable time.

## ARTICLE 18
## REPRESENTATION AND EXPENSES

1.    The Requested State shall advise, assist, appear in court on behalf of the Requesting State, and represent the interests of the Requesting State, in any proceedings arising out of a request for extradition.

2.    The Requesting State shall bear the expenses related to the translation of documents and the transportation of the person surrendered from the Requested State to the Requesting State.  The Requested State shall pay all other expenses incurred in that State by reason of the extradition proceedings.

3.    Neither State shall make any pecuniary claim against the other State arising out of the arrest, detention, examination, or surrender of persons sought under this Treaty.

## ARTICLE 19
## CONSULTATION

1.    The Contracting States shall consult, at the request of either, concerning the interpretation and the application of this Treaty.

2.    The United States Department of Justice and the Republic of Korea Ministry of Justice may consult with each other directly in connection with the processing of individual cases and in furtherance of maintaining and improving procedures for the implementation of this Treaty.

## ARTICLE 20
## APPLICATION

This Treaty shall apply to offenses committed before as well as after the date it enters into force.

- 12 -

## ARTICLE 21
### RATIFICATION, ENTRY INTO FORCE AND TERMINATION

1.      This Treaty shall be subject to ratification; the instruments of ratification shall be exchanged as soon as possible.

2.      This Treaty shall enter into force upon the exchange of the instruments of ratification.

3.      Either Contracting State may terminate this Treaty at any time by giving written notice to the other Contracting State, and the termination shall be effective six months after the date of such notice.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments have signed this Treaty.

DONE at Washington, in duplicate, this        9 $^{Th}$       day of  June, 1998, in the English and Korean languages, both texts being equally authentic.

FOR THE GOVERNMENT OF THE          FOR THE GOVERNMENT OF THE
UNITED STATES OF AMERICA:           REPUBLIC OF KOREA:



U.S. Department of State

## CERTIFICATE TO BE ATTACHED TO DOCUMENTARY
## EVIDENCE ACCOMPANYING REQUISITIONS IN
## THE UNITED STATES FOR EXTRADITION
## AMERICAN FOREIGN SERVICE

| | 07-21-2017 |
|---|---|
| | Place and Date *(mm-dd-yyyy)* |
| Timothy M. Scherer | Acting Consul General |
| Name | Title |

of the United States of America at _____ Seoul, Korea

hereby certify that the annexed papers, being _____ request for extradition

supposed to be used upon an application for the extradition from the United States of America

Henry Claude MEDNARD

charged with the crime of _____ Special Bodily Injury on other, etc.

alleged to have been committed in _____ Republic of Korea

are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by

the tribunal of _____ Republic of Korea

as required by Title 18, United States Code, Section 3190.

In witness whereof I hereunto sign my name and cause my seal of office to be affixed

this _____ 21st _____ day of _____ July 2017

Month and Year

Signature

Timothy M. Scherer, Acting Consul General

Type Name and Title of Certifying Officer
of the United States of America.

DS-36
04-2007

**Ministry of Justice**
Republic of Korea

Attorney General
United States of America

## Request for Extradition of Criminal MEDNARD Henry Claude

I, Vice Minister LEE Keum-ro, the Acting Korean Minister of Justice,

. on behalf of the Korean government, hereby request for the extradition of MEDNARD Henry Claude who has been convicted of Special Bodily Injury on her, etc under the Extradition Treaty between the Government of the Republic of Korea and the Government of the United States of America, so that the sentence can be executed in accordance with the relevant laws of the Republic of Korea.

2. hereby confirm that the Korean Government certifies this document on the request for the extradition of the criminal by sealing, signing and impressing the official seal of the Korean Minister of Justice on this document.

Seoul, Republic of Korea

July 11, 2017

LEE Keum-ro
Vice Minister, the Acting Minister of Justice
Republic of Korea
(Sealed by Minister of Justice)



Park, Kyoon Taek
Deputy Minister, Ministry of Justice
Head, Criminal Affairs Bureau
(Duly authorized by the Minister)





# STATEMENT OF CONFIRMATION

I, LEE Seong-hwa, Prosecutor of the Pyeongtaek Branch of the Suwon District Prosecutors' Office in Korea hereby certify the following in support of the request for the extradition of MEDNARD, Henry Claude, a fugitive from justice, to serve a prison sentence, from the United States of America to the Republic of Korea pursuant to the Extradition Treaty between the Republic of Korea and the United States of America that came into effect on December 20, 1999.

## 1. QUALIFICATIONS

1.1. I am a public prosecutor of the Pyeongtaek Branch of the Suwon District Prosecutors' Office ("Suwon DPO") under the Korean Ministry of Justice. After passing the National Bar Examination in 2010, I completed the two-year required program at the Judicial Research and Training Institute, an affiliate of the Supreme Court of Korea. In 2013, I obtained the qualifications to work as a judge, prosecutor, or lawyer in Korea. Since February 2013, I have been working as a prosecutor under the appointment of the President of Korea. Based on my training, experience, and duties, I clearly understand the criminal law and the criminal procedures of Korea. As a prosecutor in charge of investigating this fugitive case, I am well aware of the matters of this case through careful review of statements

1

written in the processes of investigation and trial as well as evidence and reports presented.

1.2. Under the Korean law, a prosecutor, who presides over investigation, exclusively decides whether or not to indict a case. After the indictment, the prosecutor supports and maintains the prosecution and executes the final judgment of the court. One of the important duties of a prosecutor is to execute the sentence by putting the judgment into effect by force in order to establish the state punishment power.

## 2. PERSONAL INFORMATION ON MEDNARD, HENRY CLAUDE

2.1. MEDNARD, Henry Claude is a native male citizen of the United States of America, who was born on July 22, 1978. He holds a U.S. passport numbered 711704206, the name written on the passport is MEDNARD, HENRY CLAUDE, and his social security number is 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. His last known address in Korea is 139-9 Sinjang-dong, Pyeongtaek-si, Gyeonggi-do; however, it is confirmed that such address is inaccurate.

2.2. MEDNARD, Henry Claude departed for the United States on May 16, 2006 and remains in the U.S., not returning to Korea. Attachment 1 is a genuine and exact copy of notification from INTERPOL Washington, which confirmed that MEDNARD, Henry Claude is currently residing in the U.S.

2.3. Attachment 2 is a genuine and exact copy of MEDNARD, Henry Claude's photograph which was taken about 13 years ago.

2

## 3. PROGRESS OF THE CASE

### 3.1. BACKGROUND OF THE CASE INVESTIGATION

3.1.1. On September 5, 2005, complainant ███████████ (female, 37 year-old then) filed a 112 police report asking for MEDNARD, Henry Claude's punishment that he slashed her neck and face with a deadly weapon of a fruit knife and punched her face several times; while brandishing the knife he slashed the hands and abdomen of ███████ (female, 29 year-old then) who was trying to stop him; he broke flowerpots and other items by throwing a chair nearby.

### 3.2. PROGRESS OF THE INVESTIGATION

3.2.1. On September 5, 2005, after receiving such report, the Chief of the Pyeongtaek Police Station assigned this case to police officer BAEK Wu-hyeon at the station to investigate. Officer BAEK Wu-hyeon conducted an investigation on this case under the direction of Prosecutor LEE Yeong-sang at the Pyeongtaek Branch of the Suwon DPO.

3.2.2. On September 5, 2005, Officer BAEK Wu-hyeon investigated the complainant YOON Yeong-suk and found out the following facts.

- YOON Yeong-suk lived with MEDNARD, Henry Claude at her residence located at 139-9 Sinjang-dong, Pyeongtaek-si.
- Around 06:10 on September 5, 2005, at the aforementioned residence, a fight broke out because MEDNARD, Henry Claude came home late every day. While fighting, MEDNARD, Henry

3

Claude held a kitchen knife unto ███████████ neck and slashed her neck one time; he slashed the left side of her face about five times; he went on to strangle her and hit her face about ten times.

- While MEDNARD, Henry Claude was assaulting ███████████ ██, he broke lamps and flowerpots by throwing a dining table chair and also the front door glass with his elbow.

- Around 07:00 on September 2, 2005, MEDNARD, Henry Claude threatened ███████████ to kill her with a fruit knife during verbal quarrels at the same residence.

3.2.3. On September 5, 2005, Officer BAEK Wu-hyeon investigated ███████████ and found out the following facts.

- At the same residence, MEDNARD, Henry Claude cursed in English; threw a chair unto ███████████ at about her waist; broke the front door glass by striking the door with his elbow; injured ███████████ to her hands and abdomen by brandishing the knife; slapped ███████████ on the left side of her face by hand.

3.2.4. On September 5, 2005, Police Officer AN Song-gyu investigated ███████████ and found out the following facts.

- At the same residence, MEDNARD, Henry Claude wrangled something in English to ███████████ broke the living room door near the entrance with his fist out of anger; hit ███████████ at her side by throwing a dining table chair; broke lamps and flowerpots by throwing the chair again.

- ███████████ saw MEDNARD, Henry Claude striking ███████

4

███████ by hand one time but did not see him threatening with a knife although he did take the knife in a wrestle.

3.2.5. On September 5, 2005, Police Officer KIM Dong-jin investigated MEDNARD, Henry Claude with interpreter KIM Yong-mi accompanied and conducted face-to-face interrogation and interviews with ██████████ and ██████ ████████ sat in together with the suspect; by doing so, he found out the following facts.

- MEDNARD, Henry Claude was a member of U.S. Armed Forces until 2003.

- MEDNARD, Henry Claude claimed that around 07:00 on September 2, 2005 he had a verbal quarrel with ██████████ ████, with whom he had a live-in relationship, at a bar located in Osan, Gyeonggi-do, and after coming back to their residence he did not intimidate ██████████ with a knife.

- MEDNARD, Henry Claude claimed that around 06:10 on September 5, 2005, ████████████ choked him and intimidated him with a fruit knife, and in his attempt to defend himself he might have caused her injury when he pushed her away once; at that time he was slapped by ████████████ and he did not hit her nor intimidated her with the fruit knife.

- In response to the above claim made by MEDNARD, Henry Claude, ████████████ asserted that on September 2, 2005, at their residence, MEDNARD, Henry Claude strangled her with his hands and threatened by saying "I will kill you" with a knife unto her neck.

5

- In response to the above claim made by MEDNARD, Henry Claude, ▮▮▮▮▮▮ asserted that she never held a knife; Rather, MEDNARD, Henry Claude threw a chair, broke the entrance glass, and injured her by brandishing a knife at her; MEDNARD, Henry Claude slapped her face.

- MEDNARD, Henry Claude stated that he did not want ▮▮▮ ▮▮▮▮ and ▮▮▮▮▮▮▮ to be punished for their violence.

3.2.6. On September 14, 2005, MEDNARD, Henry Claude did not request to notify his arrest to a U.S. consular officer.

3.2.7. Officer KIM Dong-jin transferred this case of MEDNARD, Henry Claude to the Pyeongtaek Branch of the Suwon DPO on charges of intimidating with a knife and assaulting ▮▮▮ ▮▮▮▮▮ and destroying her property.

3.2.8. On November 7, 2005 Prosecutor LEE Yeong-sang at the Pyeongtaek Branch of the Suwon DPO took over this case and found out the following in his telephone conversation with ▮▮▮▮▮▮▮

- MEDNARD, Henry Claude took to flight; ▮▮▮▮▮▮ cannot be reached; ▮▮▮▮▮▮ together with ▮▮▮▮▮▮ would voluntarily make their appearances for investigation.

- However, on November 9, 2005, ▮▮▮▮▮▮ did not show up.

3.2.9. In order to investigate MEDNARD, Henry Claude, on November 11, 2005, Prosecutor LEE Yeong-sang served an investigation command for locating the suspect and a request for attendance; however, the whereabouts of the suspect could not be confirmed and the suspect did not

6

make an appearance.

\- According to the records of departures and arrivals that were confirmed in the trial later on, MEDNARD, Henry Claude left the Republic of Korea on November 3, 2005. On April 30, 2006, he entered into Korea after indictment, and left Korea again on May 16, 2006. Since then, he has not come back to Korea to date.

3.2.10. Prosecutor LEE Yeong-sang found out the following facts in his telephone conversation with ███████ on December 8, 2005.

\- What ███████ stated during the police investigation is true. However, ███████ does not want to make an appearance, afraid that MEDNARD, Henry Claude would take revenge, and she does not know the exact whereabouts of ███████ and ███████.

3.2.11. Prosecutor LEE Yeong-sang confirmed the facts of the crimes committed by MEDNARD, Henry Claude, same as in the police investigation, and indicted him on December 29, 2005 to the Pyeongtaek Branch of the Suwon DPO for violating the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon, etc.) and the *Punishment of Violences, etc. Act* (Intimidating in Group or by Deadly Weapon, etc.) and for Destruction and Damage, etc. of Property.

**3.3. PROGRESS OF TRIAL**

3.3.1. On January 2, 2006, the presiding judge decided the date for public trial as January 14, 2006 and served MEDNARD, Henry Claude with the prosecutor's indictment as well as a

7

writ of summons to his residential address; however, the documents were returned due to unknown address that on January 14, 2006 the Chief Prosecutor of the Pyeongtaek Branch, Suwon DPO submitted an address amendment form. On April 3, 2006, the indictment, etc. were delivered again, but MEDNARD, Henry Claude did not appear at 10:30 on the trial date of April 19, 2006 as notified. The presiding judge ordered Prosecutor JO Su-yeon to find out the address of MEDNARD, Henry Claude. Prosecutor JO Su-yeon did find such, but it was where the documents were sent at the very first time.

3.3.2. On April 21, 2006, the presiding judge decided the trial date as May 10, 2006 at 11:00 and had the indictment and the writ of summons re-served; however, such documents were returned due to unknown address (meaning such address did not exist). On the designated date, MEDNARD, Henry Claude was not present.

3.3.3. On May 11, 2006, the presiding judge decided the trial date as June 14, 2006 at 11:00 and had the indictment and the writ of summons re-served; however, they were returned due to unknown address. The judge sent the Chief of the Pyeongtaek Police Station a request for locating the suspect, but the police Chief reported back that such address did not exist and failed to locate MEDNARD, Henry Claude.

3.3.4. The presiding judge issued an arrest warrant against MEDNARD, Henry Claude and ordered Prosecutor JO Su-yeon to execute the warrant and put him on the wanted list.

8

Attachment 3 is a genuine and exact copy of the arrest warrant issued by Judge KIM Deok-gyu. The presiding judge suspended the trial proceedings to follow through the results of the arrest warrant execution and his being listed as a fugitive criminal.

3.3.5. On June 15, 2007, the Pyeongtaek Branch of the Suwon DPO as the executing agency of the arrest warrant returned the warrant as its effective date expired.

3.3.6. As MEDNARD, Henry Claude was not apprehended until June 14, 2007, the presiding judge requested the Korea Immigration Service in Suwon to report on the status of departures and arrivals of MEDNARD, Henry Claude. Accordingly, the Chief of the Korea Immigration Service in Suwon replied that MEDNARD, Henry Claude did not enter Korea after his departure on May 16, 2006.

3.3.7. On June 29, 2007, the presiding judge re-issued a warrant of arrest against MEDNARD, Henry Claude; however, on June 30, 2008 the Pyeongtaek Branch of the Suwon DPO as the executing agency of the warrant returned it as its effective date expired. Attachment 4 is a genuine and exact copy of the arrest warrant issued by Judge JEONG Gyeong-geun.

3.3.8. On July 10, 2008, the presiding judge issued another arrest warrant against MEDNARD, Henry Claude; however, on July 10, 2009 the Pyeongtaek Branch, Suwon DPO as the executing agency of the warrant returned it as its effective date lapsed. Attachment 5 is a genuine and exact copy of the arrest warrant issued by Judge JEONG Wu-yeong.

EX-MEDNARD-00034

3.3.9. As MEDNARD, Henry Claude was not caught until April 9, 2009, the presiding judge requested the Korea Immigration Service in Suwon to report on the status of departures and arrivals of MEDNARD, Henry Claude. Accordingly, the Chief of the Korea Immigration Service in Suwon replied that MEDNARD, Henry Claude did not enter Korea after his departure on May 16, 2006.

3.3.10. On July 16, 2009, the presiding judge issued another warrant of arrest against MEDNARD, Henry Claude; however, on July 16, 2010 the Pyeongtaek Branch, Suwon DPO as the executing agency of the warrant returned it as its effective date passed. Attachment 6 is a genuine and exact copy of the arrest warrant issued by Judge JEONG Wu-yeong.

3.3.11. As MEDNARD, Henry Claude was not arrested up until September 3, 2010, the presiding judge requested the Korea Immigration Service in Suwon to report on the status of departures and arrivals of MEDNARD, Henry Claude. Accordingly, the Chief of the Korea Immigration Service in Suwon replied that MEDNARD, Henry Claude did not enter Korea after his departure on May 16, 2006.

3.3.12. On September 3, 2010, the presiding judge ordered address update on MEDNARD, Henry Claude, but Prosecutor JEONG Yeong-seo submitted the address which was already known to be incorrect. On September 6, 2010, the presiding judge re-issued an arrest warrant for MEDNARD, Henry Claude; however, on September 5, 2011, the Pyeongtaek Branch of the Suwon DPO as the executing agency of the warrant returned it as its effective date expired. Attachment 7 is

10

a genuine and exact copy of the arrest warrant issued by Judge JEONG Jae-hwi.

3.3.13. On September 6, 2011, the presiding judge issued another warrant of arrest against MEDNARD, Henry Claude; however, on September 5, 2012 the Pyeongtaek Branch, Suwon DPO as the executing agency of the warrant returned it as its effective date passed. Attachment 8 is a genuine and exact copy of the arrest warrant issued by Judge KIM Hyeong-won.

3.3.14. On September 6, 2012, the judge in charge re-issued a warrant of arrest against MEDNARD, Henry Claude; however, on September 5, 2013 the Pyeongtaek Branch, Suwon DPO as the executing agency of the warrant returned it as its effective date expired. Attachment 9 is a genuine and exact copy of the arrest warrant issued by Judge KIM Hyeong-won.

3.3.15. As MEDNARD, Henry Claude was not apprehended until September 10, 2013, the presiding judge requested locating MEDNARD, Henry Claude. On October 10, 2013, Prosecutor LEE Geon-wung replied that MEDNARD, Henry Claude left Korea on May 16, 2006.

3.3.16. On September 9, 2013, the presiding judge re-issued an arrest warrant against MEDNARD, Henry Claude; however, on September 5, 2014 the Pyeongtaek Branch of the Suwon DPO as the executing agency of the warrant returned it as it was not possible to carry out its execution. Attachment 10 is a genuine and exact copy of the arrest warrant issued by Judge LEE Se-jin.

3.3.17. On October 13, 2015, the presiding judge re-issued a

11

warrant of arrest against MEDNARD, Henry Claude. Attachment 11 is a genuine and exact copy of the arrest warrant issued by Judge HEO Yang-woon.

3.3.18. On March 25, 2016, Prosecutor BYEON Jae-eun requested modification of the indictment against MEDNARD, Henry Claude to be granted on its charges and applicable law— from charges of violating the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon, etc.) and the *Punishment of Violences, etc. Act* (Intimidating in Group or by Deadly Weapon, etc.) to special bodily injury on another and special intimidation under the *Criminal Act*.

- Concerning the reasons for modifying the indictment, the Constitutional Court of Korea ruled unconstitutional the clauses of the *Punishment of Violences, etc. Act* regarding Intimidating in Group or by Deadly Weapon, etc., and on January 16, 2016, the clauses regarding Inflicting Bodily Injury in Group or by Deadly weapon, etc. in the same act were deleted due to its amendment and therefore, it is no longer possible to base any punishment on these clauses. Hence, modifications were made to cover MEDNARD, Henry Claude's unlawful acts under the *Criminal Act* which stipulates the elements of his crimes.

3.3.19. On March 18, 2016, a writ of summons was again delivered to MEDNARD, Henry Claude; however, due to unknown address, the writ was not served. The suspect had not entered Korea after his departure on May 16, 2006 that he did not make an appearance at the notified trial date at 10:10 on March

EX-MEDNARD-00037

30, 2016.

3.3.20. On March 30, 2016 the presiding judge decided to serve MEDNARD, Henry Claude via service by public notice and set the trial date on April 20, 2016 to summon the suspect. The summons was publicly announced through the bulletin board of the above court.

3.3.21. On April 20, 2016, MEDNARD, Henry Claude did not attend the trial on the designated date, and the presiding judge set another trial date on May 11, 2016 to summon the suspect and ordered the summons for public announcement. The judge notified that if MEDNARD, Henry Claude did not make his appearance at the next trial date, in pursuant to Article 23 of the *Act on Special Cases Concerning Expedition, etc. of Legal Proceedings*, the trial proceedings would take place without his presence.

3.3.22. On May 11, 2016, MEDNARD, Henry Claude did not appear as expected, and the presiding judge proceeded with a trial without his presence as already notified. The judge granted the indictment modification as requested by Prosecutor BYEON Jae-eun; Prosecutor BYEON Jae-eun stated the contents of the indictment; the judge and the prosecutor examined the evidence; Prosecutor BYEON Jae-eun recommended the presiding judge imprisonment for three years and confiscation of the seized articles against MEDNARD, Henry Claude. Subsequently, the judge decided on the trial date as 14:00 on May 20, 2016 and ordered the summons to be publicly announced through the court bulletin board.

13

3.3.23. MEDNARD, Henry Claude did not attend the public trial held at 14:00 on May 20, 2016, and the presiding judge decided to proceeded with the trial without his attendance in accordance with the relevant law. Following the procedure related to examining the evidence submitted by the prosecutor, via judgment document, the judge pronounced an adjudication of imprisonment for two years as well as confiscation of one kitchen knife and one fruit knife that were seized. Attachment 12 is a genuine and exact copy of the judgment document sentenced by Judge AN Dong-cheol.

**3.4. LOCATING SUSPECT FOR EXECUTION OF PRISON SENTENCE**

MEDNARD, Henry Claude became subject to execution of the sentence after his punishment was final and conclusive as the sentence of two-year imprisonment was pronounced by the justice with the period of appeal lapsed. Prosecutor KWON Geun-han made a request to the Korean National Police Agency to confirm the domicile of MEDNARD, Henry Claude in the course of finding his whereabouts for execution of his sentence, and the Police Agency made the same request to the U.S. INTERPOL. On September 7, 2016, the INTERPOL Washington notified the Korean Police that MEDNARD, Henry Claude was residing in the U.S., and the Police relayed the fact to me.

# 4. EXTRADITABLE CRIME AND RELEVANT EVIDENCE

**4.1. FACTS OF EXTRADITABLE CRIME**

Criminal acts committed by MEDNARD, Henry Claude correspond to Article 284, Article 283(1), Article 258-

14

2(1), Article 257(1), and Article 366 of the *Criminal Act* of Korea. The specifics of MEDNARD, Henry Claude's criminal acts are as follows.

4.1.1. Around 07:00 on September 2, 2005, at the residence of victim ▮▮▮▮▮▮▮ (female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor about to cause the victim bodily injuries.

4.1.2. Around 06:10 on the 5th of the same month at the same above place, when victim ▮▮▮▮▮▮ blamed the accused for his coming home late, the accused held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the accused slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When ▮▮▮▮▮▮ (female, 29 year-old) stopped him from doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the accused caused ▮▮▮▮▮▮ facial contusion, etc. which requires about two weeks of medical treatment and above ▮▮▮▮▮ abdominal stab wound, etc. which requires about two weeks of medical treatment.

15

4.1.3. Around 06:10 on September 5, 2005, in the fight with victim ▮▮▮▮▮▮▮▮▮, the accused broke glass of the front door with his elbow and light lamps and flowerpots by throwing a chair; by doing so, the accused damaged property such as the front door glass, etc. in possession of the victim, equivalent in the value of KRW 345,000.

## 4.2. RELEVANT EVIDENCE ON THE FACTS OF CRIME

I have enough evidence to indict MEDNARD, Henry Claude on charges of special intimidation, special bodily injury on another, and destruction and damage of property under the *Criminal Act* of Korea, and the court announced a sentence on MEDNARD, Henry Claude through thorough hearings on the evidence.

4.2.1. On September 5, 2005, victim ▮▮▮▮▮▮▮▮ stated the following to Police Officer BAEK Yu-hyeon.

- I live with MEDNARD, Henry Claude at my residence located at 139-9 Sinjang-dong, Pyeongtaek-si.

- Around 06:10 on September 5, 2005, we were arguing at home because MEDNARD, Henry Claude came home late every day. During the argument, MEDNARD, Henry Claude held a kitchen knife unto my neck and slashed my neck one time; he slashed the left side of my face about five times; he went on to strangled me and hit my face about ten times.

- After being assaulted as mentioned, I have scars from knife on my neck and face, and my jaw does not open well.

- In addition, MEDNARD, Henry Claude broke lamps and flowerpots by throwing a dining table chair and also broke the front door glass with his elbow.

16

- Around 07:00 on September 2, 2005, MEDNARD, Henry Claude threatened to kill me with a fruit knife in a verbal quarrel at home.

4.2.2. On September 5, 2005, ▮▮▮▮▮▮▮▮ stated the following to Police Officer BAEK Yu-hyeon.

- I am a younger friend of ▮▮▮▮▮▮▮▮, and around 05:40 on September 5, 2005 I was at her house because she asked me to go into her house with her just in case MEDNARD, Henry Claude might assault her.

- As we went into the house, MEDNARD, Henry Claude cursed in English; threw a chair unto ▮▮▮▮▮▮▮▮ at about her waist; broke the front door glass by striking the door with his elbow. He brandished a knife, and I grabbed it wounding my hands and abdomen. He also slapped me on my left cheek.

4.2.3. On September 5, 2005, M▮▮▮▮▮▮ stated the following to Police Officer AN Song-gyu.

- On September 5, 2005, I drank with ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ at a bar called 'Jumadeung' located in Singjang-dong, Pyeongtaek-si and went to ▮▮▮▮▮▮▮▮ place as she asked to go into her house with her just in case MEDNARD, Henry Claude might assault her.

- I saw MEDNARD, Henry Claude watching TV in the living room alone as I went into the house. As I, ▮▮▮▮▮▮▮▮, and ▮▮▮▮▮▮▮▮ entered the house, he went into another room. As we were drinking Korean distilled liquor Soju, MEDNARD, Henry Claude came out of the room and wrangled something in English to ▮▮▮▮▮▮▮▮. Afterwards, he got

17

mad that he broke the living room door near the entrance with his fist; he took into the room hard liquor and Coke that were on the dining table; he came back out again and threw a dining table chair at ▮▮▮▮▮▮▮▮ at her side; he picked up the chair and threw again breaking lamps and flowerpots.

- I saw MEDNARD, Henry Claude strike ▮▮▮▮▮▮▮▮ by hand one time; he assaulted ▮▮▮▮▮▮▮▮ by picking and throwing the chair and pushing her away. I also saw him tussle wrestling holding a knife that I took the knife away from him, but I did not see him threaten with the knife.

4.2.4. On September 5, 2005, MEDNARD, Henry Claude stated the following to Police Officer KIM Dong-jin in his face-to-face interrogation and interviews with YOON Yeong-suk and ▮▮▮▮▮▮▮▮.

- Around 06:10 on September 5, 2005, the only thing I did was pushing ▮▮▮▮▮▮▮▮ one time.

4.2.5. On September 5, 2005, ▮▮▮▮▮▮▮▮ stated the following to Police Officer KIM Dong-jin in her face-to-face interrogation and interview with MEDNARD, Henry Claude.

- On September 2, 2005, MEDNARD, Henry Claude pulled my foot at the staircases in a bar in Osan that I fell to the ground, and after we went back home he choked me and said "I will kill you" with a knife unto my neck.

4.2.6. On September 5, 2005, ▮▮▮▮▮▮▮▮ stated the following to Police Officer KIM Dong-jin in her face-to-face interrogation and interview with MEDNARD, Henry Claude.

18

- I saw MEDNARD, Henry Claude throw a chair and break the front door glass with his elbow. He brandished a knife at me that I was injured as I tried to stop him, and he slapped my face.

4.2.7. On December 8, 2005, ▮▮▮▮▮▮▮▮ stated to Prosecutor LEE Yeong-sang on the telephone same as she stated at the police station.

4.2.8. On September 5, 2005, M.D. NO Jeong-ho issued a medical certificate confirming ▮▮▮▮▮▮▮▮ suffered whiplash injury, wrist injury on both sides, and facial contusion which required about 14 days of medical treatment. Attachment 13 is a genuine and exact copy of the medical certificate issued by ▮▮▮▮▮▮▮▮.

4.2.9. On September 5, 2005, ▮▮▮▮▮▮▮▮ issued a medical certificate confirming ▮▮▮▮▮▮▮▮ suffered below elbow sprain and abdominal stab wound which required about 14 days of medical treatment. Attachment 14 is a genuine and exact copy of the medical certificate issued by ▮▮▮▮ ▮▮▮▮▮▮.

4.2.10. On September 5, 2005, ▮▮▮▮▮▮▮▮ repaired six items including living room lamps at Taegwang Electricity for the amount of KRW 275,000. On September 5, 2005, ▮▮▮ ▮▮▮▮▮▮ repaired the front door glass and security screen at Yeongjin Angle for KRW 70,000. Attachment 15 is genuine and exact copies of the receipts issued by Taegwang Electricity and Yeongjin Angle.

4.2.11. In December 2005, Prosecutor LEE Yeong-sang photographed one kitchen knife and one fruit knife seized which were

19

used by the accused in his crime. Attachment 16 is a genuine and exact copy of one kitchen knife and one fruit knife photographed by Prosecutor LEE Yeong-sang.

4.2.12. The statements from ███████████, ██████████, ███
███████, and MEDNARD, Henry Claude were lawfully obtained observing the due process as prescribed in the *Criminal Procedure Act* of the Republic of Korea, and such statements were documented and securely stored at the Pyeongtaek Branch of the Suwon DPO. The medical certificates as well as the receipts are also securely stored together with the above statements documents.

## 5. RELEVANT LAW

### 5.1. APPLICABLE LAW TO THE OFFENSES COMMITTED BY MEDNARD, HENRY CLAUDE

5.1.1. Article 284 of the *Criminal Act* (Special Intimidation)
- When the crime of paragraph (1) or (2) of the preceding Article is committed through the threat of elective force or by carrying a dangerous weapon, the offender shall be punished by imprisonment for not more than seven years or by a fine not exceeding ten million won.

5.1.2. Article 283 of the *Criminal Act* (Intimidation)
- (1) A person who intimidates another shall be punished by imprisonment for not more than three years, a fine of not more than five million won, detention or a minor fine.

5.1.3. Article 258-2 of the *Criminal Act* (Special Bodily Injury on Another)
- (1) A person who commits the crime of Article 257(1) or

20

(2) by the threat of collective force or by carrying a dangerous weapon shall be punished by imprisonment for at least one year up to ten years.

5.1.4. Article 257 of the *Criminal Act* (Inflicting Bodily Injury on Other)

- (1) A person who inflicts a bodily injury upon another shall be punished by imprisonment for not more than seven years or suspension of qualifications for not more than ten years or by a fine not exceeding ten million won.

5.1.5. Article 366 of the *Criminal Act* (Destruction and Damage, etc. of Property)

- A person who, by destroying, damaging, or concealing another's property document or special media records, such as electromagnetic records, etc., or by any other means, reduces their utility, shall be punished by imprisonment for not more than three years or by a fine not exceeding seven million won.

**5.2. PRESCRIPTION OF PUNISHMENT**

5.2.1. EXPLANATION

A judgment was pronounced against MEDNARD, Henry Claude, and a sentence of imprisonment for two years was finalized on May 20, 2016 in a trial in absentia. Pursuant to Article 78-(5) of the *Criminal Act*, the prescription on the above two-year imprisonment sentence is for five years starting on the day of the court decision; however, MEDNARD, Henry Claude departed the Republic of Korea on May 16, 2006 when it is reasonable to assume that he would have known he could have been subject to criminal

21

investigation as well as punishment for this case that, pursuant to Article 79(2), the period of prescription does not elapse for the time period MEDNARD, Henry Claude stays in the United States.

5.2.2. CLAUSES ON PRESCRIPTION OF PUNISHMENT

- Article 78 of the *Criminal Act* (Period of Prescription)

A period of prescription is completed when judgment of guilt has not been executed for the following periods after the judgment has become final:

1. Thirty years, in the event of death penalty;

2. Twenty years, in the event of imprisonment for life or imprisonment without prison labor for life;

3. Fifteen years, in the event of imprisonment or imprisonment without prison labor for at least ten years;

4. Ten years, in the event of imprisonment or imprisonment without prison labor for at least three years, or in the event of suspension of qualifications for at least ten years;

5. Five years, in the event of imprisonment or imprisonment without prison labor for less than three years, or in the event of suspension of qualifications for at least five years;

6. Three years, in the event of suspension of qualifications for less than five years, fine, confiscation, or collection;

7. One year, in the event of detention or minor fine

- Article 79 of the *Criminal Act* (Suspension of Prescription)

22

(2) A period of prescription shall not elapse during a period in which a person stays abroad with intent to avoid the execution of a final and conclusive sentence imposed upon him/her but not executed.

## 5.3. TRIAL IN ABSENTIA AND RETRIAL

### 5.3.1. EXPLANAITON

When a case that cannot confirm the whereabouts of the accused meets the conditions stipulated under Article 23 of the *Act on Special Cases Concerning Expedition, etc. of Legal Proceedings*, a court can proceed with the trial without the accused's attendance. However, when the accused failed to appear at the trial for reasons not attributable to the accused and a court decision is made, pursuant to Article 23(2) of the *Act on Special Cases Concerning Expedition, etc. of Legal Proceedings*, the accused may request a re-trial. If the accused's absence to the trial is deemed not attributable to the accused in the requested re-trial, the trial proceedings shall repeat from the first instance; however, if the reasons are found to be attributable to the accused, the final judgment shall be executed.

### 5.3.2. CLAUSES ON DEFAULT JUDGEMENT

Article 23 of the *Act on Special Cases Concerning Expedition, etc. of Legal Proceedings*

「When it is impossible to confirm the whereabouts of the accused, in the trial proceedings at the court of first instance, even after six months from the time a report on the failure to serve on the accused was received, trials

23

may be held without hearing a statement of the accused, as determined by Supreme Court Regulations: Provided, That this shall not apply to cases where a case constitutes death penalty, life imprisonment, or long-term imprisonment with or without labor exceeding ten years. ⌟

Article 18(2) of the *Enforcement Rules of the Act on Special Cases Concerning Expedition, etc. of Legal Proceedings*

⌜When it is impossible to serve on the accused, the presiding judge shall take necessary measures to confirm the accused's whereabouts via request for locating the accused, issuance of an arrest warrant, etc.⌟

Article 19(1) of the *Enforcement Rules of the Act on Special Cases Concerning Expedition, etc. of Legal Proceedings*

⌜When the whereabouts of the accused cannot be confirmed despite the measures taken pursuant to paragraph (2) of the preceding Article 18, after six months from the date of the report of failure of service delivery received, such service shall be delivered via service by public notice. ⌟

Article 19(2) of the *Enforcement Rules of the Act on*

24

*Special Cases Concerning Expedition, etc. of Legal Proceedings*

「When the accused fails to attend the trial proceedings after receiving summons for trial date two times or more in compliance with paragraph (1), pursuant to Article 23 of the *Act on Special Cases Concerning Expedition, etc. of Legal Proceedings*, the presiding judge may proceed without the accused's statement heard in the trial.」

## 5.3.3. CLAUSES ON RETRIAL OF FINAL RULING

Article 23-2 of the *Act on Special Cases Concerning Expedition, etc. of Legal Proceedings*

「(1) Where any person, who has been found guilty in an adjudication pursuant to the main sentence of Article 23 and such adjudication has been made definite, has been unable to attend the trial proceedings due to reasons unattributable to him/her, such person stipulated in Article 424 of the Criminal Procedure Act may file a request for a retrial with the court of the first instance within 14 days from the day on which he/she learned the fact that such adjudication had been rendered (when the applicant for a retrial fails to apply for a retrial within the abovementioned period due to reasons unattributable to him/her, within 14 days from the day on which such reasons to exist).」

\* Article 424 of the *Criminal Procedure Act* stipulates

25

persons entitled to request reopening procedure as a person who has been pronounced guilty, etc.

「(2)When a request under paragraph (1) is filed, the court shall render a decision to suspend the execution of judgment.

(3) Where a decision to suspend execution under paragraph (2) has been rendered, and if the accused needs to be detained, the court shall issue a warrant of arrest: Provided, That the same shall be limited to cases to satisfying the requirements under Article 70 of the Criminal Procedure Act.」

## 6. EXECUTION OF THE FINAL JUDGMENT

6.1.   FINALIZING THE JUDGMENT OF GUILTY

6.1.1. The presiding judge of this case exhausted all legal means to guarantee MEDNARD, Henry Claude defendant's right to be present at trial by summoning MEDNARD, Henry Claude multiple times via postal delivery of service or service by public notice over the period of ten years and five months to give him the chance to attend his criminal trial. However, MEDNARD, Henry Claude had an unknown address in the Republic of Korea and did not come back to Korea after his departure on May 16, 2006. In such situation, the presiding judge could not delay his trial indefinitely until his whereabouts are ascertained, and therefore the judge proceeded with a trial in absentia in accordance with the relevant law.

26

EX-MEDNARD-00051

6.1.2. Although the trial proceeded without MEDNARD, Henry Claude's presence, as Article 307 of the *Criminal Procedure Act* of Korea stipulates that 「fact finding shall be based on evidence」, the presiding judge was obliged to hold the trial based on the stringent rules of evidence in judging whether the criminal facts charged by the prosecutor were admissible. Even without MEDNARD, Henry Claude's presence, the evidence submitted by the prosecutor sufficiently proved the facts about the accused constituted a crime beyond reasonable doubt that the presiding judge pronounced guilty against MEDNARD, Henry Claude.

6.1.3. On May 20, 2016, Judge AN Dong-cheol at the above court sentenced MEDNARD, Henry Claude to imprisonment for two years, and as seven days from the decision day for MEDNARD, Henry Claude to lodge an appeal elapsed on May 28, 2016, the judgment became final and conclusive.

6.1.4. The final written judgment on the convicted is a legal document that grants the authority to execute two years of imprisonment against MEDNARD, Henry Claude.

6.2. EXECUTION OF THE FINAL JUDGMENT

6.2.1. Article 460(1) of the *Criminal Procedure Act* stipulates that 「the execution of decision shall be directed by a prosecutor of the prosecutors' office corresponding to the court which rendered such decision」. Therefore, as the corresponding prosecutor at the Pyeongtaek Branch of the Suwon District Prosecutors' Office to the decision-rendering Pyeongtaek Branch of the Suwon District Court, I

27

am authorized to execute the above final judgment in accordance with the relevant Korean law.

6.2.2. Article 461 of the *Criminal Procedure Act* stipulates that 「the execution of decision shall be directed in writing accompanied by a copy of, or an extract from, the document of decision or the protocol containing the decision」. Also, Article 473 of the *Criminal Procedure Act* stipulates that 「(1) If a person condemned to death penalty, imprisonment with or without labor, or misdemeanor imprisonment is not under confinement, a prosecutor shall summon him/her for the purpose of the execution of penalty. (2) If the person fails to appear in response to the summons, a prosecutor shall take him/her into custody by issuing a warrant of execution of punishment. (3) In the case of paragraph (1), if any person who has been sentenced to punishment flees or is likely to flee or his/her whereabouts is unknown, a prosecutor may take him/her into custody by issuing a warrant of execution of punishment, without summoning him/her」. In line with the relevant law, I issued a warrant of execution of penalty against MEDNARD, Henry Claude, and Attachment 17 is a genuine and exact copy of the warrant of execution of penalty.

6.2.3. If MEDNARD, Henry Claude is extradited from the United States of America to the Republic of Korea and he requests a retrial in accordance with Article 23(2) of the *Act on Special Cases Concerning Expedition, etc. of Legal Proceedings,* a court will judge the reasons of his absence

28

in trials. When the courts determines that MEDNARD, Henry Claude did not make appearance at the trials for reasons unattributable to him, this case will be subject to a retrial.

7. I hereby certify that the aforementioned are all true and correct to the best of my knowledge. I am submitting this statement of confirmation, being well-aware that I may be punished for falsely producing official documents pursuant to Article 227 of the *Criminal Act* of Korea.

2016. 9. 23.

Respectfully submitted by

Prosecutor LEE Seong-hwa

Pyeongtaek Branch of the Suwon District Prosecutors' Office

EX-MEDNARD-00054

**ATTACHMENTS**

1. A genuine and exact copy of notification from INTERPOL Washington

2. A genuine and exact copy of MEDNARD, Henry Claude's photograph

3. A genuine and exact copy of the arrest warrant issued by Judge KIM Deok-gyu

4. A genuine and exact copy of the arrest warrant issued by Judge JEONG Gyeong-geun

5. A genuine and exact copy of the arrest warrant issued by Judge JEONG Wu-yeong

6. A genuine and exact copy of the arrest warrant issued by Judge JEONG Wu-yeong

7. A genuine and exact copy of the arrest warrant issued by Judge JEONG Jae-hwi

8. A genuine and exact copy of the arrest warrant issued by Judge KIM Hyeong-won

9. A genuine and exact copy of the arrest warrant issued by Judge KIM Hyeong-won

10. A genuine and exact copy of the arrest warrant issued by Judge LEE Se-jin

11. A genuine and exact copy of the arrest warrant issued by Judge HEO Yang-woon

12. A genuine and exact copy of the judgment document sentenced by Judge AN Dong-cheol

13. A genuine and exact copy of the medical certificate issued by M.D. NO Jeong-ho on YOON Yeong-suk

30

14. A genuine and exact copy of the medical certificate issued by M.D. NO Jeong-ho on JEONG Mi-sun

15. Genuine and exact copies of the receipts issued by Taegwang Electricity and Yeongjin Angle

16. A genuine and exact copy of one kitchen knife and one fruit knife photographed by Prosecutor LEE Yeong-sang

17. A genuine and exact copy of the warrant of execution of penalty

31

EX-MEDNARD-00056

# KOREAN NATIONAL POLICE AGENCY

Recipient      Refer to the recipient as below

(via)

Subject      Notification about international mutual assistance in criminal investigation of an
international fugitive criminal (fugitive from justice to serve a prison sentence)
(United States, MEDNARD, Henry Claude)

---

1. **Relevant Grounds**
   A. Administration Division, Pyeongtaek Branch of the Suwon District Prosecutors' Office-
      8592('16.8.16.) Request for international mutual assistance in criminal investigation (Request
      to Interpol for issuance of Red Notice)
   B. Foreign Affairs Investigation Division, Korea National Police Agnecy-8710 ('16.8.24)
      Request to Interpol for issuance of Red Notice on an international fugitive criminal(fugitive
      from justice to serve a prison sentence) and international mutual assistance in criminal
      investigation (United States, MEDNARD, Henry Claude)

   C. Interpol Washington ('16.8.31.)    MEDNARD f/n Henry Claude; dob 22 July 1978


2. **With regard to the above,** as it concerns MEDNARD, Henry Claude wanted by the prosecution
   and subject to Red Notice issued by Interpol ('16.6.9. Pyeongtaek Branch of the Suwon District
   Prosecutors' Office; special intimidation, aggravated bodily injury on other or on lineal ascendant,
   destruction and damage, etc. of property; two years of imprisonment; wanted list B ), Interpol
   Washington notified as attached hereto that he is located in the United States. This is to inform of
   the aforementioned for future proceedings against MEDNARD, Henry Claude, such as request
   for extradition, etc. Meanwhile, Interpol Washington asked for immediate notification in case
   provisional arrest is requested against MEDNARD, Henry Claude. Please notify Foreign Affairs
   Investigation Division if an extradition request will be made.


※ Attachment: 1 copy of written communication by Interpol Washington.

     1 copy of Red Notice.    End.

# COMMISSIONER GENERAL, KOREAN NATIONAL POLICE AGENCY (*sealed*)

Recipient: Minister of Justice (Director, International Criminal Affairs Division); Chief Prosecutor, Suwon District Prosecutors' Office (Director, Administration Division)

Approved on August 31, 2016

Inspector CHOI Jae-hun          Superintendent KIM Byeong-ju          Director of Foreign Affairs Investigation Division CHOI Ho-yeol

Investigation Support

Enforced by Foreign Affairs Investigation Division-8986   (2016-08-31)      Received by International Criminal Affairs Division-6068   (2016-09-01)

Zip 03739   97 Tongil-ro (Migeun-dong, Korean National Police Agency), Seodaemun-gu, Seoul          / http://www.police.go.kr

Phone   02-3150-0396          Fax   02-3150-3877          /          kingruud@police.go.kr          /          Non-disclosure (4,6)

EX-MEDNARD-00058

**MEDNARD f/n Henry Claude; dob 22 July 1978**
USNCB Interpol Washington [dispatch@us.igcs.int]
보낸 날짜: 2016년 8월 31일 수요일 오전 2:16
받는 사람: NCB.Seoul
첨부 파일: Mednard.pdf (94 KB)


PRIORITY:    Non-Urgent
DATE:        30 August 2016
FROM:        Interpol Washington
TO:          NCB Interpol Seoul
OUR REF:     20160828111/DH
SUBJECT:     MEDNARD f/n Henry Claude; dob 22 July 1978

(NCB reference: K-NCB/NA-S037/2016/CJH of 24 August 2016)

Dear Colleagues,

INTERPOL Washington, U.S. National Central Bureau (USNCB) has investigated the location of MEDNARD f/n Henry Claude and has determined the location of a subject matching that name as well as other identifiers. Additionally, an electronic records search also suggests his presence in the U.S..

MEDNARD appears to be a United States citizen.

Please note that under United States law, the existence of charges in a Wanted Person Diffusion Notice, Red Notice or Wanted Person Inquiry alone does not authorize the subject's arrest in the United States. Therefore, this subject is not in our custody at this time. Please immediately notify us if the subject's provisional arrest/extradition will be sought so that we may advise the appropriate United States authorities. If extradition will be sought, please immediately submit a provisional arrest request, if appropriate, via the channel required by the Extradition Treaty between South Korea and the United States.

In any reply, please quote our case reference number of 20160828111. As always, USNCB reiterates its commitment to promote law enforcement cooperation efforts between the United States and South Korea.

Regards,
USNCB

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
This message and any attachments contain sensitive law enforcement information that
should be protected from unauthorized access and used only for law enforcement
purposes. Any further dissemination of this message and any attachments is
restricted to official law enforcement authorities for legitimate law
enforcement purposes. Any other distribution of this information without the
consent of the U.S.N.C.B. is prohibited.
••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

EX-MEDNARD-00059



Mednard,
Henry Claude

Pay Grade
E5

Rank
SGT

Issue Date
2003 JUL 8
Expires
2006 OCT 22

Geneva Conventions Identification Card

Armed Forces of
the United States

Army



Date of Birth
1976JUL22

Social Security Number
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

Geneva Conventions
Category II

DoDCIO/OUSD(P&R)    OCT 2003    Property of the U.S. Government

# Warrant of Detention

| [To Detain Defendant] | Pyeongtaek Branch of Suwon District Court | Exclusively Criminal Division II |
|---|---|---|

| Warrant No. | **1427** | Case No. Offense | 2005GODAN1277 Violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon), etc. |
|---|---|---|---|

| Defendant | Name | **MEDNARD, Henry Claude** | Occupation | Computer programmer |
|---|---|---|---|---|
| | Resident Registration # | 780722-1000000 | | |
| | Address | 139-9 Sinjang-dong, Pyeongtaek-si | | |

| Defense Attorney | |
|---|---|

| Facts of Crime | See Enclosure | Expiry Date | 2007. 6. 14. |
|---|---|---|---|

| Location of Detention | ☐ [Pyeongtaek] Detention Center        ☐ [          ] Correctional Institution |
|---|---|

| ☐ The suspect may destroy evidence. [                    ] ☐ The suspect fled. ■ The suspect may flee. [                    ] ☐ As a juvenile, there are inevitable reasons to detain the defendant. | As there are enough reasons to believe that the defendant committed the offense(s) as in the criminal facts attached herewith and there are needs and reasons for his/her detention, the defendant shall be detained. When this warrant expires, the defendant cannot be detained and this warrant shall be returned. 2006. 6. 15. Judge   KIM Deok-gyu (*sealed*) |
|---|---|

| Date of Execution | | Location of Execution | |
|---|---|---|---|
| Date of Detention | | Location of Detention | |
| Reason(s) for Failed Execution | The expiry date has elapsed. | | |
| Office/Title of Person in Charge | | Signature of Person in Charge | |

Criminal Procedure Act 73, 75,    Regulation on Criminal Procedure 46, 49
Note: When resident registration number is not known in its entirety, the first digits (birth year, month, and day) should be written.

EX-MEDNARD-00061

## FACTS OF CRIME

The suspect is a citizen of the United States of America and a computer programmer.



1. Around 07:00 on September 2, 2005, at the residence of victim          (female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim        blamed the accused for his coming home late, the accused held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the accused slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When        (female, 29 year-old) stopped him from doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the accused caused        facial contusion, etc. which requires about two weeks of medical treatment and        abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim        , the accused broke glass of the front door with his elbow and light lamps and flowerpots by throwing a chair; by doing so, the accused damaged property such as the front door glass, etc. in possession of the victim equivalent in the value of KRW 345,000.

# Warrant of Detention

[To Detain Defendant]        Pyeongtaek Branch of Suwon District Court        Exclusively Criminal Division II

| Warrant No. | **2007-2010** | Case No.<br>Offense | 2005GODAN1277<br>Violation of the *Punishment of Violences, etc.*<br>*Act* (Inflicting Bodily Injury in Group or by<br>Deadly Weapon), etc. |
|---|---|---|---|
| Defendant | Name | **MEDNARD,<br>Henry Claude** | Occupation | Computer programmer |

| Defendant | Name | **MEDNARD, Henry Claude** | Occupation | Computer programmer |
|---|---|---|---|---|
| | Resident Registration # | 780722-1000000 | Nationality | United States of America |
| | Address | 139-9 Sinjang-dong, Pyeongtaek-si | | |

| Defense Attorney | |
|---|---|

| Facts of Crime | See Enclosure | Expiry Date | 2008. 6. 28. |
|---|---|---|---|

| Location of Detention | Pyeongtaek Branch of the Suwon Detention Center |
|---|---|

| | |
|---|---|
| ☐ The suspect may destroy evidence.<br><br>[                              ]<br><br>☐ The suspect fled.<br><br>■ The suspect may flee.<br><br>[                              ]<br><br>☐ As a juvenile, there are inevitable reasons<br><br>to detain the defendant. |     As there are enough reasons to believe that the defendant committed the offense(s) as in the criminal facts attached herewith and there are needs and reasons for his/her detention, the defendant shall be detained.<br>    When this warrant expires, the defendant cannot be detained and this warrant shall be returned.<br><br>            2007. 6. 29.<br><br>    Judge   JEONG Gyeong-geun (*sealed*) |

| Date of Execution | | Location of Execution | |
|---|---|---|---|
| Date of Detention | | Location of Detention | |
| Reason(s) for Failed Execution | The expiry date has elapsed. | | |
| Office/Title of Person in Charge | Clerk of the Prosecution, Pyeongtaek Branch | Signature of Person in Charge | PARK Choi-yoo (*sealed*) |

Criminal Procedure Act 73, 75,    Regulation on Criminal Procedure 46, 49
Note: When resident registration number is not known in its entirety, the first digits (birth year, month, and day) should be written.

## FACTS OF CRIME

The suspect is a citizen of the United States of America and a computer programmer.

1. Around 07:00 on September 2, 2005, at the residence of victim       (female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim blamed the accused for his coming home late, the accused held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the accused slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When      (female, 29 year-old) stopped him from doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the accused caused facial contusion, etc. which requires about two weeks of medical treatment and abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim the accused broke glass of the front door with his elbow and light lamps and flowerpots by throwing a chair; by doing so, the accused damaged property such as the front door glass, etc. in possession of the victim equivalent in the value of KRW 345,000.

# Warrant of Detention

[To Detain Defendant]     Pyeongtaek Branch of Suwon District Court     Exclusively Criminal Division II

| Warrant No. | **2008GONGYEONG290** | Case No. Offense | 2005GODAN1277<br>Violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon), etc. | | |
|---|---|---|---|---|---|
| Defendant | Name | **MEDNARD, Henry Claude** | | Occupation | Computer programmer |
| | Resident Registration # | 780722-1000000 | | Nationality | |
| | Address | 139-9 Sinjang-dong, Pyeongtaek-si | | | |
| Defense Attorney | | | | | |
| Facts of Crime | See Enclosure | | Expiry Date | 2009. 7. 9. | |
| Location of Detention | ■ [Pyeongtaek] Detention Center       □ [          ] Correctional Institution | | | | |

| | |
|---|---|
| □  The suspect may destroy evidence.<br><br>[                              ]<br><br>□  The suspect fled.<br><br>■  The suspect may flee.<br><br>[                              ].<br><br>□  As a juvenile, there are inevitable reasons<br>to detain the defendant. | As there are enough reasons to believe that the defendant committed the offense(s) as in the criminal facts attached herewith and there are needs and reasons for his/her detention, the defendant shall be detained.<br>    When this warrant expires, the defendant cannot be detained and this warrant shall be returned.<br><br>2008. 7. 10.<br><br>Judge    JEONG Wu-yeong (*sealed*) |

| Date of Execution | | Location of Execution | |
|---|---|---|---|
| Date of Detention | | Location of Detention | |
| Reason(s) for Failed Execution | | | |
| Office/Title of Person in Charge | | Signature of Person in Charge | SEO Hyeon-ju (*sealed*) |

Criminal Procedure Act 73, 75,    Regulation on Criminal Procedure 46, 49
Note: When resident registration number is not known in its entirety, the first digits (birth year, month, and day) should be written.

## FACTS OF CRIME

The suspect is a citizen of the United States of America and a computer programmer.

1. Around 07:00 on September 2, 2005, at the residence of victim           (female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim       
        blamed the accused for his coming home late, the accused held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the accused slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When           (female, 29 year-old) stopped him from doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the accused caused         
   facial contusion, etc. which requires about two weeks of medical treatment and       
      i abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim           , the accused broke glass of the front door with his elbow and light lamps and flowerpots by throwing a chair; by doing so, the accused damaged property such as the front door glass, etc. in possession of the victim equivalent in the value of KRW 345,000.

# **Warrant of Detention**

[To Detain Defendant]     Pyeongtaek Branch of Suwon District Court     Exclusively Criminal Division II

| Warrant No. | **2009GONGYEONG 265** | Case No. Offense | 2005GODAN1277 Violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon), etc. | | |
|---|---|---|---|---|---|
| Defendant | Name | **MEDNARD, Henry Claude** | | Occupation | Computer programmer |
| | Resident Registration # | 780722-1000000 | | Nationality | |
| | Address | 139-9 Sinjang-dong, Pyeongtaek-si | | | |
| Defense Attorney | | | | | |
| Facts of Crime | See Enclosure | | Expiry Date | 2010. 7. 15. | |
| Location of Detention | ■ Pyeongtaek Branch of Suwon Detention Center     □ [     ] Correctional Institution | | | | |

| | |
|---|---|
| ☐ The suspect may destroy evidence.<br><br>[                    ]<br><br>☐ The suspect fled.<br><br>■ The suspect may flee.<br><br>[                    ]<br><br>☐ As a juvenile, there are inevitable reasons to detain the defendant. | As there are enough reasons to believe that the defendant committed the offense(s) as in the criminal facts attached herewith and there are needs and reasons for his/her detention, the defendant shall be detained.<br>When this warrant expires, the defendant cannot be detained and this warrant shall be returned.<br><br>2009. 7. 16.<br><br>Judge   JEONG Wu-yeong (*sealed*) |

| Date of Execution | | Location of Execution | |
|---|---|---|---|
| Date of Detention | | Location of Detention | |
| Reason(s) for Failed Execution | The expiry date has elapsed. | | |
| Office/Title of Person in Charge | Clerk of the Prosecution, Pyeongtaek Branch of the Suwon District Prosecutors' Office | Signature of Person in Charge | JEONG Gyeong-hun (*sealed*) |

Criminal Procedure Act 73, 75,    Regulation on Criminal Procedure 46, 49
Note: When resident registration number is not known in its entirety, the first digits (birth year, month, and day) should be written.

EX-MEDNARD-00067

## FACTS OF CRIME

The suspect is a citizen of the United States of America and a computer programmer.

1. Around 07:00 on September 2, 2005, at the residence of victim ████████ (female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim ████ ████████ the accused for his coming home late, the accused held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the accused slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When ████████ (female, 29 year-old) stopped him from doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the accused caused ████████ ██ facial contusion, etc. which requires about two weeks of medical treatment and ████ ██ i abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim ████████ the accused broke glass of the front door with his elbow and light lamps and flowerpots by throwing a chair; by doing so, the accused damaged property such as the front door glass, etc. in possession of the victim equivalent in the value of KRW 345,000.

# Warrant of Detention

[To Detain Defendant]     Pyeongtaek Branch of Suwon District Court     Exclusively Criminal Division II

| Warrant No. | 10GONGYEONG196 | Case No. Offense | 2005GODAN1277 Violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon), etc. | |
|---|---|---|---|---|
| **Defendant** | Name | **MEDNARD, Henry Claude** | Occupation | Computer programmer |
| | Resident Registration # | 780722-1000000 | Nationality | United States of America |
| | Address | 139-9 Sinjang-dong, Pyeongtaek-si | | |

| Defense Attorney | |
|---|---|
| Facts of Crime | See Enclosure |

| | Expiry Date | 2011. 9. 5. |
|---|---|---|

| Location of Detention | Pyeongtaek Branch Detention Center |
|---|---|

| ☐ The suspect may destroy evidence.<br><br>[                    ]<br><br>☐ The suspect fled.<br><br>■ The suspect may flee.<br><br>[                    ]<br><br>☐ As a juvenile, there are inevitable reasons to detain the defendant. | As there are enough reasons to believe that the defendant committed the offense(s) as in the criminal facts attached herewith and there are needs and reasons for his/her detention, the defendant shall be detained.<br>   When this warrant expires, the defendant cannot be detained and this warrant shall be returned.<br><br>2010. 9. 6.<br><br>Judge   JEONG Jae-hwi (*sealed*) |
|---|---|

| Date of Execution | | Location of Execution | |
|---|---|---|---|
| Date of Detention | | Location of Detention | |
| Reason(s) for Failed Execution | The expiry date has elapsed. | | |
| Office/Title of Person in Charge | Clerk of the Prosecution, Pyeongtaek Branch | Signature of Person in Charge | AN Jae-seok (*sealed*) |

EX-MEDNARD-00069

## FACTS OF CRIME

The suspect is a citizen of the United States of America and a computer programmer.

1. Around 07:00 on September 2, 2005, at the residence of victim ▮▮▮▮▮▮ (female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim ▮▮▮▮ blamed the accused for his coming home late, the accused held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the accused slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When ▮▮▮▮▮▮ (female, 29 year-old) stopped him from doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the accused caused ▮▮▮▮▮ facial contusion, etc. which requires about two weeks of medical treatment and ▮▮▮▮ abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim ▮▮▮▮▮▮ the accused broke glass of the front door with his elbow and light lamps and flowerpots by throwing a chair; by doing so, the accused damaged property such as the front door glass, etc. in possession of the victim equivalent in the value of KRW 345,000.

# Warrant of Detention

[To Detain Defendant]          Pyeongtaek Branch of Suwon District Court          Exclusively Criminal Division II

| Warrant No. | **11GONGYEONG190** | Case No. Offense | 2005GODAN1277<br>Violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon), etc. | |
|---|---|---|---|---|
| Defendant | Name | **MEDNARD, Henry Claude** | Occupation | Computer programmer |
| | Resident Registration # | 780722-1000000 | Nationality | United States of America |
| | Address | 139-9 Sinjang-dong, Pyeongtaek-si | | |
| Defense Attorney | | | | |
| Facts of Crime | See Enclosure | Expiry Date | 2012. 9. 5. | |
| Location of Detention | Pyeongtaek Detention Center | | | |

| | |
|---|---|
| ☐ The suspect may destroy evidence.<br>[                              ]<br>☐ The suspect fled.<br>■ The suspect may flee.<br>[                              ]<br>☐ As a juvenile, there are inevitable reasons to detain the defendant. | As there are enough reasons to believe that the defendant committed the offense(s) as in the criminal facts attached herewith and there are needs and reasons for his/her detention, the defendant shall be detained.<br>  When this warrant expires, the defendant cannot be detained and this warrant shall be returned.<br><br>2011. 9. 6.<br><br>Judge   KIM Hyeong-won (*sealed*) |

| Date of Execution | | Location of Execution | |
|---|---|---|---|
| Date of Detention | | Location of Detention | |
| Reason(s) for Failed Execution | | | |
| Office/Title of Person in Charge | | Signature of Person in Charge | |

## FACTS OF CRIME

The suspect is a citizen of the United States of America and a computer programmer.

1. Around 07:00 on September 2, 2005, at the residence of victim            (female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim            blamed the accused for his coming home late, the accused held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the accused slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When            female, 29 year-old) stopped him from doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the accused caused            facial contusion, etc. which requires about two weeks of medical treatment and            abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim            , the accused broke glass of the front door with his elbow and light lamps and flowerpots by throwing a chair; by doing so, the accused damaged property such as the front door glass, etc. in possession of the victim equivalent in the value of KRW 345,000.

EX-MEDNARD-00072

# **Warrant of Detention**

[To Detain Defendant]    Pyeongtaek Branch of Suwon District Court    Exclusively Criminal Division II

| Warrant No. | **12GONGYEONG224** | Case No. Offense | 2005GODAN1277 Violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon), etc. | | |
|---|---|---|---|---|---|
| Defendant | Name | **MEDNARD, Henry Claude** | | Occupation | Computer programmer |
| | Resident Registration # | 780722-1000000 | | Nationality | |
| | Address | 139-9 Sinjang-dong, Pyeongtaek-si 30 Tanhyeon-ro 381beon-gil | | | |
| Defense Attorney | | | | | |
| Facts of Crime | See Enclosure | | Expiry Date | 2013. 9. 5. | |
| Location of Detention | Pyeongtaek Detention Center | | | | |

| | |
|---|---|
| ☐ The suspect may destroy evidence.<br><br>[                                    ]<br><br>☐ The suspect fled.<br><br>■ The suspect may flee.<br><br>[                                    ]<br><br>☐ As a juvenile, there are inevitable reasons to detain the defendant. | As there are enough reasons to believe that the defendant committed the offense(s) as in the criminal facts attached herewith and there are needs and reasons for his/her detention, the defendant shall be detained.<br><br>When this warrant expires, the defendant cannot be detained and this warrant shall be returned.<br><br>2012. 9. 6.<br><br>Judge    KIM Hyeong-won (*sealed*) |

| Date of Execution | | Location of Execution | |
|---|---|---|---|
| Date of Detention | | Location of Detention | |
| Reason(s) for Failed Execution | The expiry date has elapsed. | | |
| Office/Title of Person in Charge | Assistant Investigator, Pyeongtaek Branch | Signature of Person in Charge | JEONG Gi-su (*sealed*) |

EX-MEDNARD-00073

## FACTS OF CRIME

The suspect is a citizen of the United States of America and a computer programmer.

1. Around 07:00 on September 2, 2005, at the residence of victim                    (female,
36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the
accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a
deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim
and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor
about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim
                blamed the accused for his coming home late, the accused held a deadly weapon
of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do
you wish to die?" At the same while, the accused slashed the victim's face and neck about six
times; strangled the victim; hit the victim's face multiple times with his fist; stroke the
victim's side with a chair. When                    (female, 29 year-old) stopped him from
doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen;
slapped her face with the palm of his hand. By doing so, the accused caused
    facial contusion, etc. which requires about two weeks of medical treatment and
        abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim
the accused broke glass of the front door with his elbow and light lamps and flowerpots by
throwing a chair; by doing so, the accused damaged property such as the front door glass, etc.
in possession of the victim equivalent in the value of KRW 345,000.

# Warrant of Detention

[To Detain Defendant]          Pyeongtaek Branch of Suwon District Court          Exclusively Criminal Division II

| Warrant No. | **13GONGYEONG222** | Case No. Offense | 2005GODAN1277 Violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon), etc. | | |
|---|---|---|---|---|---|
| Defendant | Name | **MEDNARD, Henry Claude** | Occupation | Computer programmer | |
| | Resident Registration # | 780722-1000000 | Nationality | United States of America | |
| | Address | 139-9 Sinjang-dong, Pyeongtaek-si | | | |
| Defense Attorney | | | | | |
| Facts of Crime | See Enclosure | | Expiry Date | 2014. 9. 8. | |
| Location of Detention | Pyeongtaek Detention Center | | | | |

| | |
|---|---|
| ☐  The suspect may destroy evidence.<br><br>      [                          ]<br><br>☐  The suspect fled.<br><br>■  The suspect may flee.<br><br>      [                          ]<br><br>☐  As a juvenile, there are inevitable reasons<br><br>      to detain the defendant. | As there are enough reasons to believe that the defendant committed the offense(s) as in the criminal facts attached herewith and there are needs and reasons for his/her detention, the defendant shall be detained.<br><br>When this warrant expires, the defendant cannot be detained and this warrant shall be returned.<br><br>2013. 9. 9.<br><br>Judge   LEE Se-jin (*sealed*) |

| Date of Execution | | Location of Execution | |
|---|---|---|---|
| Date of Detention | | Location of Detention | |
| Reason(s) for Failed Execution | The expiry date has elapsed. | | |
| Office/Title of Person in Charge | Assistant Investigator, Pyeongtaek Branch | Signature of Person in Charge | OH Jun-seok (*sealed*) |

## FACTS OF CRIME

The suspect is a citizen of the United States of America and a computer programmer.

1. Around 07:00 on September 2, 2005, at the residence of victim                    (female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim
          blamed the accused for his coming home late, the accused held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the accused slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When                    (female, 29 year-old) stopped him from doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the accused caused
    facial contusion, etc. which requires about two weeks of medical treatment and
          abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim                    , the accused broke glass of the front door with his elbow and light lamps and flowerpots by throwing a chair; by doing so, the accused damaged property such as the front door glass, etc. in possession of the victim equivalent in the value of KRW 345,000.

# Warrant of Detention

[To Detain Defendant]　　　Pyeongtaek Branch of Suwon District Court　　　Exclusively Criminal Division II

| Warrant No. | **15GONGYEONG348** | Case No. Offense | 2005GODAN1277 Violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon), etc. | | |
|---|---|---|---|---|---|
| Defendant | Name | **MEDNARD, Henry Claude** | Occupation | Computer programmer | |
| | Resident Registration # | 780722-1000000 | Nationality | United States of America | |
| | Address | 139-9 Sinjang-dong, Pyeongtaek-si | | | |
| Defense Attorney | | | | | |
| Facts of Crime | See Enclosure | | Expiry Date | 2016. 10. 12. | |
| Location of Detention | Pyeongtaek Detention Center | | | | |

| | |
|---|---|
| ☐ The suspect may destroy evidence. [　　　　　　　　　　] ■ The suspect fled. ■ The suspect may flee. [　　　　　　　　　　] ☐ As a juvenile, there are inevitable reasons to detain the defendant. | As there are enough reasons to believe that the defendant committed the offense(s) as in the criminal facts attached herewith and there are needs and reasons for his/her detention, the defendant shall be detained. When this warrant expires, the defendant cannot be detained and this warrant shall be returned. 2015. 10. 13. Judge　HEO Yang-woon (*sealed*) |

| Date of Execution | | Location of Execution | |
|---|---|---|---|
| Date of Detention | | Location of Detention | |
| Reason(s) for Failed Execution | | | |
| Office/Title of Person in Charge | | Signature of Person in Charge | |

EX-MEDNARD-00077

## FACTS OF CRIME

The suspect is a citizen of the United States of America and a computer programmer.

1. Around 07:00 on September 2, 2005, at the residence of victim         (female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim blamed the accused for his coming home late, the accused held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the accused slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When         (female, 29 year-old) stopped him from doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the accused caused facial contusion, etc. which requires about two weeks of medical treatment and abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim the accused broke glass of the front door with his elbow and light lamps and flowerpots by throwing a chair; by doing so, the accused damaged property such as the front door glass, etc. in possession of the victim equivalent in the value of KRW 345,000.

# PYEONGTAEK BRANCH, SUWON DISCTRICT COURT

# JUDGMENT

| | |
|---|---|
| **CASE** | 2005GODAN1277    Special intimidation, special bodily injury on another, destruction and damage, etc. of property |
| **DEFENDANT** | MEDNARD Henry Claude (DOB: July 22, 1978, male) |
| | Occupation: Computer programmer |
| | Last Known Address: 139-9 Singjang-dong, Pyeongtaek-si |
| | Registered Address: United States of America |
| **PROSECUTOR** | LEE Yeong-sang (Indictment), |
| | BYEON Jae-eun (Public Trial) |
| **DATE OF JUDGEMENT** | May 20, 2016 |

## DISPOSITION

The defendant shall be sentenced to imprisonment for two years.

One kitchen knife and one fruit knife seized from the defendant shall be confiscated.

## REASONING

**FACTS OF CRIME**

The suspect is a citizen of the United States of America and a computer programmer.

1. Around 07:00 on September 2, 2005, at the residence of victim ▮▮▮▮▮▮▮

1

(female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the accused's cohabiting girlfriend, questioned his affair with other woman, the accused held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the accused intimidated the victim with demeanor about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim

blamed the accused for his coming home late, the accused held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the accused slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When (female, 29 year-old) stopped him from doing so, the accused brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the accused caused facial contusion, etc. which requires about two weeks of medical treatment and abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim

2

██████████, the accused broke glass of the front door with his elbow and light lamps and

flowerpots by throwing a chair; by doing so, the accused damaged property such as the

front door glass, etc. in possession of the victim equivalent in the value of KRW

345,000.

## SUMMARY OF EVIDENCE

1. Each police record of statement on ██████████████, █████████████, and ████

████████

1. Police record of seizure

1. Each medical certificate

1. Receipt and statement of account

1. Photograph of seized articles

## APPLICABLE LAW

1. Applicable law for the facts of crime and sentencing choice

Article 284, Article 283(1) of the *Criminal Act* (special intimidation, imprisonment

decided); Article 258-2(1), Article 257(1) of the *Criminal Act* (special bodily injury on

another) for each victim; Article 366 the *Criminal Act* (destruction and damage, etc. of

property, imprisonment decided)

1. Aggravation for concurrent crimes

The formal part of Article 37, Article 38(1)2, and Article 50 of the *Criminal Act*

1. Confiscation

Article 48(1)1 of the *Criminal Act* for each confiscated article

## SENTENCING REASON

3

- Sentencing factors such as the extent of the damage, disagreement between the parties, motive and progress of the crime, the circumstances after the crime, the criminal history, the age, the personality, the intelligence level, the surroundings, etc., are collectively considered.

By reasons above, this court shall make a judgment in accordance with the disposition.


Presiding Judge          AN Dong-cheol          _____

4

# Injury Certificate

| Same as original |
|------------------|
|                  |

Registration No.    : 00036827
Serial No.: 20050196    Resident registration No.: 681201-2226216

| Address of injured person | | 1F, 139-3 Sinjang-dong, Pyeongtaek-si, Gyeonggi-do | | | | | |
|---|---|---|---|---|---|---|---|
| Name of injured person | | Gender | Female | Date of birth | December 1, 1968 | Age | 36 |
| Name of injury and disease | ■ Clinical presumption<br><br>☐ Final diagnosis | Details | | | International Disease Classification No. | | |
| | | 1. Whiplash sprain<br>2. Wrist sprain on both sides<br>3. Facial contusion | | | | | |
| Date of injury | | September 2, 2005 | | Date of first medical examination | September 5, 2005 | | |
| Reason of injury | | Battered (according to the personal statement) | | | | | |
| Symptom | Part of injury | See the above mentioned name of disease | | | | | |
| | Severity of injury | | | | | | |
| Opinion on injury | Opinion on treatment progress | Satisfactory prognosis is expected. | | | | | |
| | Surgical operation | Not needed | | | | | |
| | Hospitalization | Outpatient treatment | | | | | |
| | Ordinary activity | Possible | | | | | |
| | Taking a meal | Possible | | | | | |
| Opinion on future treatment | Expected treatment duration | From September 2, 2005 to September 15, 2005<br>14 days from the date of injury | | | | | |
| | Opinion on future treatment | Conservative treatment | | | | | |
| | Complications | Not expected | | | | | |
| Remarks | | | | | | | |

## Diagnosed as above.

Date of issuance          September 5, 2005
Medical institutions          Medical Corporation Cham Hospital
Address          867 Seojeong-dong, Pyeongtaek-si, Gyeonggi-do
Phone number:          031) 668-2550~1      Fax:      031) 668-2558
License No.      64295          Name of doctor   NO Jeong-ho    (sealed and signed)

# Injury Certificate

| Same as original |
|---|
| (sealed) |

Registration No. : 00017182
Serial No.: 20050197    Resident registration No.: 760425-2227145

| Address of injured person | | 16-3 1027 Seojeong-dong, Pyeongtaek-si, Gyeonggi-do | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Name of injured person | | Gender | Female | Date of birth | April 1976 | 25, | Age | 29 |
| Name of injury and disease | ■ Clinical presumption □ Final diagnosis | Details | | | | International Disease Classification No. | | |
| | | 1. Below elbow sprain on both sides 2. Abdominal stab wound | | | | | | |
| Date of injury | | September 2, 2005 | | Date of first medical examination | | September 5, 2005 | | |
| Reason of injury | | Battered (according to the personal statement) | | | | | | |
| Symptom | Part of injury | See the above mentioned name of disease | | | | | | |
| | Severity of injury | | | | | | | |
| Opinion on injury | Opinion on treatment progress | Satisfactory prognosis is expected. | | | | | | |
| | Surgical operation | Not needed | | | | | | |
| | Hospitalization | Outpatient treatment | | | | | | |
| | Ordinary activity | Possible | | | | | | |
| | Taking a meal | Possible | | | | | | |
| Opinion on future treatment | Expected treatment duration | From September 2, 2005 to September 15, 2005 14 days from the date of injury | | | | | | |
| | Opinion on future treatment | Conservative treatment | | | | | | |
| | Complications | Not expected | | | | | | |
| Remarks | | | | | | | | |

Diagnosed as above.

Date of issuance          September 5, 2005
Medical institutions      Medical Corporation Cham Hospital
Address                   867 Seojeong-dong, Pyeongtaek-si, Gyeonggi-do
Phone number:    031) 668-2550~1    Fax:    031) 668-2558
License No.    64295    Name of doctor   NO Jeong-ho    (sealed and signed)

| No. | | RECEIPT (for consumers) | | | |
|---|---|---|---|---|---|
| | | | | Dear | ██████ |
| Supplier | Business registration number | 125-06-13524 | | | |
| | Name of business | Taegwang Electricity | Name | | (*sealed*) |
| | Address of business | Singjang, Pyeongtaek, Gyeonggi | | | |
| | Type of business | retailing | Category | | electricity •lighting |
| Date of issuance (YND) | | Amount | | | Note |
| 2005.9.5. | | W 275,000 | | | |
| Providing a receipt for the above amount | | | | | |
| Date | Item | | Unit | Price | Amount |
| 9/5 | Living 6 lamps | | 1 | | 275,000 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Vol. | No. | **SPECIFICATIONS ON TRANSACTION** | | | |
|---|---|---|---|---|---|
| September 5, 2005 | *Supplier* | Registration number | 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 | | |
| Dear. | | Name of business | Yeongjin Angle | Name | (*sealed*) |
| Specifics of our business transaction are as follow. | | Address of business | Ji-san, Pyeongtaek, Gyeonggi | | |
| | | Type of business | Retailing | Category | Angle• Keys |
| TOTAL AMOUNT | | | | WON   (W 70,000   ) | |

| Date | Item | Size | Unit | Price | Supply value | Tax amount |
|---|---|---|---|---|---|---|
| | Glass 90x90 | 5t | | | 30,000 | |
| | | | | | | |
| | Window screen 90x90 | | | | 40,000 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| TOTAL | | | | | | |

| PAID AMOUNT | | UNPAID AMOUNT | | BUYER | |
|---|---|---|---|---|---|

# Pyeongtaek Branch, Suwon District Prosecutors' Office

| Prosecutor in Charge |
| --- |
| *(Sealed)* |

Recipient    Prosecutor LEE Yeong-sang

Subject    **Investigation Report (Additional Report of Photograph Taken of the Seized Articles)**


With regards to the seized articles of one kitchen knife (handle: 13 cm, length of blade: 19 cm) and one fruit knife (handle: 10 cm, length of blade: 8 cm) that were used in the commission of the crime were photographed; so I hereby attach and report the photograph.

One photograph attached.    End.


December 28, 2005

Reported by

Assistant Investigator    PARK Bo-seong *(sealed)*



| EXECUTION NO. | **WARRANT OF EXECUTION** | 2016MIJIP20 |
|---|---|---|
| 2016 - 30 | | |
| NAME | MEDNARD Henry Claude | |
| RESIDENT REGISTRATION NUMBER | 780722-1000000 | |
| AGE | | |
| ADDRESS | (459-120) 139-9 Sinjang-dong, Pyeongtaek-si, Gyeonggi-do | |
| TELEPHONE NUMBER | | |
| OCCUPATION | Computer programmer | |
| COURT OF JUDGEMENT | Pyeongtaek Branch of the Suwon District Court | |
| DATE OF JUDGEMENT | 2016. 5. 20. | |
| DATE OF FINAL JUDGEMENT | 2016. 5. 28. | |
| NATURE OF OFFENSE | Special intimidation, special bodily injury on other, destruction and damage, etc. of property | |
| SENTENCE TYPE AND TERM | Imprisonment for two years | |

This warrant of execution has the same legal effect as a warrant of arrest (Article 474(2) of the *Criminal Procedure Act*)

The above person shall be apprehended at the Pyeongtaek Branch of the Suwon District Prosecutors' Office to execute the imposed penalty.
(Expiry Date: May 27, 2021)

September 19, 2016

Pyeongtaek Branch of the Suwon District Prosecutors' Office
Prosecutor LEE Seong-hwa ( *sealed)*



**Ministry of Justice**
**Republic of Korea**

미합중국 법무부장관 귀하


### 메드나드 헨리 클라우드에 대한 범죄인인도청구


대한민국 법무부장관 직무대행 차관 이금로는,

1. 대한민국을 대표하여 대한민국정부와 미합중국정부간 범죄인인도조약에 따라, 특수상해 등으로 형이 확정된 범죄인 메드나드 헨리 클라우드를 대한민국의 법률에 따라 형이 집행될 수 있도록 대한민국에 인도하여 줄 것을 청구합니다.

2. 범죄인에 대한 범죄인인도청구를 위한 서류로서 본 문서를 봉인한 후 서명하고 대한민국 법무부장관의 관인을 날인함으로써 대한민국정부에 의하여 인증된 서류임을 확인합니다.


대한민국 서울

2017년 7월 11일

대한민국 법무부장관 직무대행 차관

대리 검찰국장 박균택

EX-MEDNARD-00090

# 확    인    서

대한민국 수원지방검찰청 평택지청 검사인 본인 이성화는 자유형 집행을
위하여 대한민국과 미국간에 1999. 12. 20. 발효된 범죄인인도조약에 의거
메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)를 미국으로부터
한국으로 인도받기 위하여 다음과 같이 확인함.

## 1. 확인자 자격

  1.1. 본인은 대한민국 법무부 산하 수원지방검찰청 평택지청(이하 평택지청)
　　　검사임. 본인은 2010년 국가사법시험을 합격하여 2년간 대법원 산하
　　　사법연수원에서 훈련을 받았으며, 2013년 동 연수원 수료와 동시에
　　　대한민국에서 판사, 검사 또는 변호사로 활동할 수 있는 자격을 취득
　　　하였고, 2013년 2월 검사로 임용되었음. 본인의 훈련과 경험 그리고
　　　직책에 근거하여, 본인은 대한민국의 형사법과 형사절차에 익숙함.
　　　본인은 아래에서 보는 바와 같이 현재 메드나드, 헨리 클라우드
　　　(MEDNARD, HENRY CLAUDE)를 포함한 자유형 미집행자 추적
　　　사건의 주임검사로서 메드나드, 헨리 클라우드(MEDNARD, HENRY
　　　CLAUDE)에 대한 수사 및 재판과정에서 작성된 진술, 제출된 증거와
　　　보고서 등을 모두 검토하여 이 사건의 진상에 대하여 잘 알고 있음.

  1.2. 한국법상 검사는 수사의 주재자로서 사건을 수사하여 사건의 기소여부를
　　　독점적으로 결정하고, 기소 후에는 공소유지를 담당하며, 확정된 판결을
　　　집행함. 국가형벌권의 확립을 위한 재판의 집행은 국가의 강제력에
　　　의하여 재판의 내용을 실현하는 것으로 검사의 중요한 임무중의 하나임.

## 2. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 관한 사항

  2.1. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 1978년
　　　7월 22일 미국에서 출생한 남자로서 미국 국민임. 동인은 여권번호

711704206의 미국 여권을 소지하고 있었으며 여권상의 영문이름은 MEDNARD, HENRY CLAUDE이고 사회보장번호는 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임. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 대한민국 내 마지막 주소지는 경기도 평택시 신장동 139-9이나 주소불명인 곳으로 확인됨.

2.2. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 2006. 5. 16. 미국으로 출국하여 현재까지 미국에 거주하며 대한민국으로 입국하지 않고 있음. 별첨 1. 워싱턴 인터폴 전문의 사본에 의하면 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 현재 미국 내에 거주하고 있는 것으로 확인됨.

2.3. 별첨 2.의 사진은 약 13년 전에 촬영된 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)의 사진임.

## 3. 사건의 진행경과

### 3.1. 수사착수 배경

3.1.1. 2005. 9. 5. 신고자 윤영숙(여, 당시 37세)은 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)가 흉기인 과도로 피해자의 목과 얼굴을 긋고, 얼굴을 수회 때리고, 이를 말리던 정은미(여, 당시 29세) 에게 과도를 휘둘러 정은미의 손과 복부를 베고, 그 곳에 있던 의자를 던져 화분 등을 깨뜨렸으니 처벌해달라고 112에 신고하였음.

### 3.2. 수사경과

3.2.1. 위와 같은 내용의 신고를 받은 평택경찰서장은 2005. 9. 5. 이 사건의 수사를 소속 경찰관인 백우현에게 맡겼음. 경찰관 백우현은 관할 평택지청 검사 이영상의 지휘를 받아 이 사건을 수사하였음.

3.2.2. 경찰관 백우현은 2005. 9. 5. 신고자 윤영숙을 조사하였고 이 조사에서

아래와 같은 사실을 발견하였음.

- 윤영숙은 평택시 신장동 139-9에 있는 자신의 집에서 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)와 함께 동거를 하며 생활을 하고 있었음.

- 그런데 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 매일 집에 늦게 들어와 2005. 9. 5. 06:10경 집에서 다투던 중 부엌칼을 윤영숙의 목에 들이대고 목 부위를 1회 긋고, 윤영숙의 왼쪽 얼굴을 5회 정도 그은 뒤 계속하여 윤영숙의 목을 조르고 주먹으로 얼굴 부위를 약 10회 정도 때렸음.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 윤영숙을 폭행하면서 식탁의자를 집어던져 전등과 화분을 깨뜨리고 현관유리를 팔꿈치로 깨뜨렸음.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 2005. 9. 2. 07:00경에도 윤영숙의 집에서 윤영숙과 말다툼을 하던 중 과도로 죽인다고 위협하였음.

3.2.3. 경찰관 백우현은 2005. 9. 5. 정은미를 조사하였고 이 조사에서 아래와 같은 사실을 발견하였음.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 집에서 영어로 욕을 하며 의자를 윤영숙의 허리 부위에 던지고 현관문을 팔꿈치로 쳐 현관 유리를 깨고, 정은미에게 칼을 휘둘러 손과 배에 상처를 입었으며, 손으로 정은미의 왼쪽 빰을 때렸음.

3.2.4. 경찰관 안송규는 2005. 9. 5. 문영수를 조사하였고 이 조사에서 아래와 같은 사실을 발견하였음.

- 집에서 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 윤영숙에게 영어로 뭐라고 따졌고, 화가 나 현관거실 문을 주먹

으로 쳐 깨고 식탁의자를 윤영숙의 옆구리로 던져 때리고 다시 식탁의자를 들어 집어던져 전등과 화분이 깨졌다고 함.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 정은 미를 손으로 1회 때리는 것을 보았고, 칼을 들고 몸싸움을 하여 칼을 빼앗았는데 칼로 위협하는 것은 보지 못했다고 함.

3.2.5. 경찰관 김동진은 2005. 9. 5. 피의자 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)를 조사하면서 통역인 김용미를 참여하게 하고, 윤영숙, 정은미를 동석하게 하여 대질조사를 하여 이 조사에서 아래와 같은 사실을 발견하였음.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 2003 년경까지 미군생활을 하였음.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 2005. 9. 2. 07:00경 동거녀인 윤영숙과 경기도 오산에 있는 술집에서 말다툼을 하였고 집으로 귀가한 뒤 칼로 윤영숙을 위협한 사실은 없다고 주장함.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 2005. 9. 5. 06:10경 정은미가 자신의 목을 조르고 과도로 협박하였고 이를 방어하는 과정에서 정은미를 한 번 밀쳐 그 과정에서 정은 미에게 상처가 났을 수는 있으며, 당시 윤영숙으로부터 뺨을 맞았을 뿐 윤영숙을 때리고 과도로 위협한 사실이 없다고 주장함.

- 이에 대해 윤영숙은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 2005. 9. 2. 집에서 손으로 윤영숙의 목을 조르고 칼을 목에 대고 "죽여버리겠다"고 협박했다함.

- 이에 대해 정은미는 칼을 든 사실이 없으며, 메드나드, 헨리 클라우 드(MEDNARD, HENRY CLAUDE)가 의자를 던지고 팔꿈치로 현관 유리를 깨고 자신에게 칼을 휘둘러 상처를 입었고, 메드나드, 헨리

클라우드(MEDNARD, HENRY CLAUDE)가 자신의 뺨을 때렸다 함.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 윤영숙, 정은미의 폭행에 대해 처벌을 원하지 않는다고 함.

3.2.6. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 2005. 9. 14. 자국 영사관원에 체포된 사실에 대해 통보요청을 하지 않았음.

3.2.7. 경찰관 김동진은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)이 윤영숙을 칼로 협박하고 상해를 가한 혐의 및 재물을 손괴한 혐의로 사건을 평택지청으로 송치하였음.

3.2.8. 사건을 인수받은 평택지청 검사 이영상은 2005. 11. 7. 정은미와 전화 통화하여 아래와 같은 사실을 발견하였음.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 도망 갔고 윤영숙과는 연락이 되지 않으며, 문영수와 출석하여 조사를 받겠다고 하였음.

- 그러나 2005. 11. 9. 정은미가 출석하지 않음.

3.2.9. 검사 이영상은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)를 조사하기 위해 2005. 11. 11. 소재수사지휘 및 출석 요구서를 송부하였으나 피의자 소재를 확인할 수 없었고, 피의자 출석하지 않았음.

- 이후 재판 과정에서 확인된 출입국 현황에 따르면 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 2005. 11. 3. 출국하 였고, 기소 후인 2006. 4. 30. 일시 입국하였다가 2006. 5. 16. 출국한 뒤 현재까지 입국하지 않았음.

3.2.10. 검사 이영상은 2005. 12. 8. 정은미와 전화통화 하여 아래와 같은 사실을 발견하였음.

- 정은미가 경찰에서 조사받은 내용이 사실이며 이 사건으로 조사 받았다가 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE) 로부터 보복을 당할 것이 두려워 출석하고 싶지 않으며 문영 수와 윤영숙의 행방에 대해서는 정확히 알 수 없다고 함.

3.2.11. 검사 이영상은 경찰조사와 같은 내용으로 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)의 범죄사실을 확인하였고, 2005. 12. 29. 헨리 클라우드(MEDNARD, HENRY CLAUDE)를 폭력행 위등처벌에관한법률위반(집단·흉기등상해), 폭력행위등처벌에관한 법률위반(집단·흉기등협박), 재물손괴로 수원지방법원 평택지원에 기소하였음.

## 3.3. 재판경과

3.3.1. 2006. 1. 2. 담당판사는 공판기일을 2006. 1. 14.로 정하고 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 주거지로 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 검사의 공소장과 소환장을 송부하였으나, 주소불명으로 반송되자 2006. 1. 14. 평택지청 장이 주소보정서를 제출하여 2006. 4. 3. 다시 공소장 등을 발송하였 으나 예정된 기일인 2006. 4. 19. 10:30에 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)은 출석하지 않았고, 담당판사는 검사 조주연에게 주소지를 파악할 것을 명하여 2006. 4. 20. 검사 조주연은 담당판사에게 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 주소지를 파악하였으나 당초 공소장을 송달한 주소지였음.

3.3.2. 2006. 4. 21. 담당판사는 공판기일을 2006. 5. 10. 11:00로 정하고 공소 장과 소환장을 다시 발송하였으나, 주소불명(해당 주소가 없다는 의미)으로 반송되었고, 예정된 기일에 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)는 출석하지 않았음.

3.3.3. 2006. 5. 11. 담당판사는 공판기일을 2006. 6. 14. 11:00로 정하고 공소

장과 소환장을 다시 발송하였으나 주소불명으로 반송되었고, 담당 판사는 평택경찰서장에게 소재탐지촉탁을 보냈으나, 평택경찰서장은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 주소지는 없는 번지라며 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 소재지를 파악하지 못했다고 보고하였음.

3.3.4. 담당판사는 검사 조주연에게 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 구속영장을 발부하면서 구속영장을 집행하고 지명수배 할 것을 명하였음. 별첨 3.는 판사 김덕규가 발부한 구속영장의 진정하고 정확한 사본임. 담당판사는 구속영장 및 지명수배의 결과를 보기 위하여 공판진행을 정지하였음.

3.3.5. 2007. 6. 15. 구속영장 집행기관인 평택지청은 구속영장의 유효기간이 만료되어 구속영장을 반환하였음.

3.3.6. 2007. 6. 14.까지 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 체포되지 않자 담당판사는 수원출입국사무소장에게 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 출입국 현황을 회보해 줄 것을 사실조회하였고 수원출입국사무소장은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 2006. 5. 16. 출국한 뒤 입국하지 않았다고 회신하였음.

3.3.7. 2007. 6. 29. 담당판사는 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 구속영장을 재발부하였으나 2008. 6. 30. 구속영장 집행기관인 평택지청은 구속영장의 유효기간이 만료되어 구속영장을 반환하였음. 별첨 4.는 판사 정경근이 발부한 구속영장의 진정하고 정확한 사본임.

3.3.8. 2008. 7. 10. 담당판사는 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 구속영장을 재발부하였으나 2009. 7. 10. 구속영장 집행기관인 평택지청은 구속영장의 유효기간이 만료되어 구속영장을 반환하였음. 별첨 5.는 판사 정우영이 발부한 구속영장의

진정하고 정확한 사본임.

3.3.9.  2009. 4. 9.까지 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 체포되지 않자 담당판사는 수원출입국사무소장에게 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 출입국 현황을 회보해 줄 것을 사실조회하였고 수원출입국사무소장은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 2006. 5. 16. 출국한 뒤 입국하지 않았다고 재회신하였음.

3.3.10.  2009. 7. 16. 담당판사는 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 구속영장을 재발부하였으나 2010. 7. 16. 구속영장 집행기관인 평택지청은 구속영장의 유효기간이 만료되어 구속영장을 반환하였음. 별첨 6.는 판사 정우영이 발부한 구속영장의 진정하고 정확한 사본임.

3.3.11.  2010. 9. 3.까지 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 체포되지 않자 담당판사는 수원출입국사무소장에게 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 출입국 현황을 회보해 줄 것을 사실조회하였고 수원출입국사무소장은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 2006. 5. 16. 출국한 뒤 입국하지 않았다고 재회신하였음.

3.3.12.  2010. 9. 3. 담당판사는 평택지청에 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 주소보정을 명하여 검사 정영서가 이전에 주소불명된 주소로 보정서를 제출하자, 2010. 9. 6. 담당판사는 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 구속영장을 재발부하였으나 2011. 9. 5. 구속영장 집행기관인 평택지청은 구속영장의 유효기간이 만료되어 구속영장을 반환하였음. 별첨 7.는 판사 정재희가 발부한 구속영장의 진정하고 정확한 사본임.

3.3.13.  2011. 9. 6. 담당판사는 메드나드, 헨리 클라우드(MEDNARD,

HENRY CLAUDE)에 대한 구속영장을 재발부하였으나 2012. 9. 5. 구속영장 집행기관인 평택지청은 구속영장의 유효기간이 만료되어 구속영장을 반환하였음. 별첨 8.는 판사 김형원이 발부한 구속영장의 진정하고 정확한 사본임.

3.3.14. 2012. 9. 6. 담당판사는 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 구속영장을 재발부하였으나 2013. 9. 5. 구속영장 집행기관인 평택지청은 구속영장의 유효기간이 만료되어 구속영장을 반환하였음. 별첨 9.는 판사 김형원이 발부한 구속영장의 진정하고 정확한 사본임.

3.3.15. 2013. 9. 10.까지 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 체포되지 않자 담당판사는 평택지청 검사에게 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 소재탐지를 촉탁하였고 2013. 10. 10. 검사 이건웅은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 2006. 5. 16. 출국하였다고 회신하였음.

3.3.16. 2013. 9. 9. 담당판사는 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 구속영장을 재발부하였으나 2014. 9. 5. 구속영장 집행기관인 평택지청은 구속영장의 집행불능으로 구속영장을 반환하였음. 별첨 10.는 판사 이세진이 발부한 구속영장의 진정하고 정확한 사본임.

3.3.17. 2015. 10. 13. 담당판사는 담당판사는 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)에 대한 구속영장을 재발부하였음. 별첨 11.는 판사 허양윤이 발부한 구속영장의 진정하고 정확한 사본임.

3.3.18. 검사 변재은은 2016. 3. 25. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 죄명 중 폭력행위등의처벌에관한법률위반(집단·흉기등상해),폭력행위등의처벌에관한법률위반(집단·흉기등협박)에 대해서 죄명 및 적용법조를 형법상의 특수상해, 특수

협박으로 변경하는 내용의 공소장변경허가를 신청하였음.

- 공소장변경 사유와 관련하여 2015. 9. 24. 헌법재판소는 폭력행위등
의처벌에관한법률위반(집단·흉기등협박) 규정을 위헌이라고 판시
하여 이 규정으로 처벌할 수 없게 되었고, 2016. 1. 6. 폭력행위
등의처벌에관한법률위반(집단·흉기등상해) 규정은 법개정으로
삭제되어 이 규정으로 처벌할 수 없게 되었는바, 메드나드, 헨리
클라우드(MEDNARD, HENRY CLAUDE)의 해당 행위를 구성요건
으로 하는 형법상의 죄명으로 변경하게 되었음.

3.3.19. 2016. 3. 18. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)
에게 다시 소환장을 발송하였으나 주소불명으로 소환장이 송달되지
않았고, 피고인은 2006. 5. 16. 출국한 이후 입국하지 아니하여
예정된 공판기일인 2016. 3. 30. 10:10경 메드나드, 헨리 클라우드
(MEDNARD, HENRY CLAUDE)는 출석하지 않았음.

3.3.20. 2016. 3. 30. 담당판사는 피고인에 대한 송달은 공시송달로 진행하기로
결정하고 피고인 소환을 위해 2016. 4. 20.을 다음 기일로 결정하고
소환장을 위 법원 게시장에 공시하도록 하였음.

3.3.21. 2016. 4. 20. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는
기일에 출석하지 않았고, 담당판사는 피고인 소환을 위해 2016. 5. 11.을
다음 기일로 결정하고 소환장을 위 법원 게시장에 공시하도록 명령
하면서 다음 공판기일에도 메드나드, 헨리 클라우드(MEDNARD,
HENRY CLAUDE)가 출석하지 않으면 소송촉진등에관한특례법
제23조에 의하여 메드나드, 헨리 클라우드(MEDNARD, HENRY
CLAUDE)의 출석 없이 재판절차를 진행할 것을 고지하였음.

3.3.22. 2016. 5. 11. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는
역시 출석하지 않았고, 담당판사는 고지한 대로 재판 절차를 진행
하여 검사 변재은이 신청한 공소장변경을 허가하고, 검사 변재은이
기소내용을 진술하고 판사와 검사가 증거조사를 한 다음 검사 변재은이

담당판사에게 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대하여 징역 3년 및 압수물에 대한 몰수를 건의하였음. 이어서 담당판사는 다음 공판기일을 2016. 5. 20. 14:00로 정하고 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 소환장을 법원 게시장에 공시할 것을 명령하였음.

3.3.23. 2016. 5. 20. 14:00에 열린 공판에도 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 출석하지 않았고 담당판사는 관계법령에 따라 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 출석 없이 재판절차를 진행할 것을 결정하고 검사가 제출한 증거들에 대한 심리절차를 통하여 판결서에 의하여 징역 2년 및 압수된 부엌칼 1점 및 과도 1점을 몰수한다는 판결을 선고하였음. 별첨 12.는 판사 안동철이 판결한 판결문의 진정하고 정확한 사본임.

## 3.4. 자유형 집행을 위한 소재 추적

메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 재판부에서 선고한 징역 2년의 형에 대해 상소기간도과로 형이 확정되어 형집행 대상이 되었음. 검사 권근환은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 형집행을 위하여 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 소재지를 추적하던 중 경찰청에 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 미국 내 주거지를 확인하여 달라는 요청을 하였고 경찰청은 미국 인터폴에 같은 요청을 하였음. 미국 인터폴은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 2016. 9. 7.에 미국 내에 거주하고 있다는 사실을 경찰청에 통보하였고 경찰청은 다시 그 내용을 본인에게 통보하였음.

## 4. 인도청구대상 범죄 및 관련 증거 자료

### 4.1. 인도청구대상 범죄

메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 범죄행위는 대한민국 형법 제284조, 제283조 제1항, 제258조의2 제1항, 제257조 제1항, 제366조에 해당함. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 구체적인 범죄행위는 아래와 같음.

4.1.1. 2005. 9. 2. 07:00경 평택시 신장동 139-9에 있는 피해자 윤영숙(여, 36세)의 집에서, 동거녀인 위 피해자가 피고인의 여자관계를 의심한다는 이유로 흉기인 부엌칼(칼날길이 19cm, 총 길이 32cm)을 피해자에게 들이대고 "죽인다"고 말하는 등 피해자의 신체에 어떠한 해악을 가할 듯한 태도를 보여 피해자를 협박하였음.

4.1.2. 2005. 9. 5. 06:10경 피해자 운영순의 집에서, 위 피해자 윤영숙이 피고인의 귀가가 늦다는 등의 이유로 피고인을 탓하자 흉기인 과도 (칼날길이 8cm, 총 길이 18cm)를 피해자의 목에 들이대고 "죽고 싶냐" 라고 말하며 위 과도로 피해자의 목과 얼굴을 약 6회 긋고, 목을 조르고 주먹으로 얼굴을 수회 때리고 의자를 들어 옆구리를 가격하고, 피해자 정은미(여, 29세)가 이를 말리자 위 과도를 휘둘러 동녀의 손과 복부를 베고 손바닥으로 뺨을 때려 위 윤영숙에게 약 2주간의 치료를 요하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부자상 등을 각 가함.

4.1.3. 2005. 9. 5. 06:10경 위 피해자 윤영숙과 위와 같이 다투면서 팔꿈치로 현관 유리를 깨뜨리고 의자를 집어 던져 전등과 화분을 깨뜨려 피해자 소유의 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴함.

## 4.2. 범죄사실에 대한 증거

본인은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)를 대한민국 형사법상 특수협박, 특수상해, 재물손괴로 기소하기에 충분한 증거들을 가지고 있고 법원 역시 이에 대한 충분한 심리를 통하여

메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 판결을 선고하였음.

4.2.1. 피해자 윤영숙은 2009. 9. 5. 경찰관 백우현에게 아래와 같이 진술하였음.

- 저는 평택시 신장동 139-9에 있는 저의 집에서 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)와 함께 동거를 하며 생활을 하고 있습니다.

- 그런데 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 매일 집에 늦게 들어와 2005. 9. 5. 06:10경 집에서 다투던 중 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 부엌으로 가서 부엌칼을 가져와 저의 목에 들이대고 "죽고 싶냐"고 말하며 목 부위를 1회 긋고, 왼쪽 얼굴을 5회 정도 그은 뒤 계속하여 목을 조르고 주먹으로 얼굴 부위를 약 10회 정도 때렸습니다.

- 저는 위와 같은 폭행을 당하여 목과 얼굴에 칼자국이 났고, 턱 쪽이 잘 움직이지 않는 상태입니다.

- 또한 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 식탁의자를 집어던져 전등과 화분을 깨뜨리고, 현관유리를 팔꿈치로 깨뜨렸습니다.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 2005. 9. 2. 07:00경에도 집에서 저와 말다툼을 하던 중 과도로 죽인다고 위협한 적이 있습니다.

4.2.2. 정은미는 2005. 9. 5. 경찰관 백우현에게 아래와 같이 진술하였음.

- 저는 윤영숙과 알고 지내던 동생으로 2005. 9. 5. 05:40경 윤영숙으로부터 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 폭행할지도 모르니 같이 집에 들어가 달라는 부탁을

받고 함께 윤영숙의 집에 가게 되었습니다.

- 집에 들어가자 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 영어로 욕을 하며 의자를 윤영숙의 허리 부위에 던지고 현관문을 팔꿈치로 쳐 현관 유리를 깨고, 칼을 들어 휘둘러 제가 칼을 잡아 그 칼에 제 손과 배에 상처를 입었으며, 손으로 제 왼쪽 뺨을 때렸습니다.

4.2.3. 문영수는 2005. 9. 5. 경찰관 안송규에게 아래와 같이 진술하였음.

- 저는 2005. 9. 5. 평택시 신장동에 있는 '주마등'이라는 술집에서 윤영숙, 정은미와 함께 술을 마시고 윤영숙으로부터 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 폭행할 수 있으니 함께 집에 가달라는 부탁을 받고 함께 윤영숙의 집에 가게 되었습니다.

- 집에 들어가자 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 혼자 거실에서 텔레비전을 보다가 저와 윤영숙, 정은미가 들어오자 방으로 들어갔고, 저희가 식탁에서 소주를 마시고 있었는데 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE) 방 밖으로 나와 윤영숙에게 영어로 뭐라고 따졌고, 이후 화가 나 현관거실 문을 주먹으로 쳐 깨고 식탁에 있던 양주와 콜라를 방으로 들고 들어갔다가 다시 방 밖으로 나와 식탁의자를 윤영숙의 옆구리로 던져 때리고 다시 식탁의자를 들어 집어던져 전등과 화분이 깨졌습니다.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 정은미를 손으로 1회 때리고 의자를 집어 던지고 밀치고하면서 윤영숙을 폭행하는 것을 보았고, 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 칼을 들고 몸싸움을 하면서 실랑이를 하는 것을 보고 칼을 빼앗았는데 칼로 위협하는 것은 보지 못했습니다.

3.2.5. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 2005. 9. 5. 윤영숙, 정은미와의 대질조사에서 경찰관 김동진에게 아래와 같이 진술하였음.

- 저는 2005. 9. 5. 06:10경 정은미를 한 번 밀친 사실만 있습니다.

3.2.5. 윤영숙은 2005. 9. 5. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)와의 대질조사에서 경찰관 김동진에게 아래와 같이 진술하였음.

- 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 2005. 9. 2. 오산의 술집 계단에서 제 발을 잡아 당겨 바닥으로 넘어졌고, 집에 와서도 손으로 목을 조르고 칼을 목에 대고 "죽여버리겠다"고 말했습니다.

3.2.5. 정은미는 2005. 9. 5. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)와의 대질조사에서 경찰관 김동진에게 아래와 같이 진술하였음.

- 메드나드, 헨리 클라우드(MEDNARD, ENRY CLAUDE)가 의자를 던지고 팔꿈치로 현관유리를 깨는 것을 보았고 저에게 칼을 휘둘러 이를 제지하다 상처를 입었고, 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 제 빰을 때렸습니다.

4.2.3. 정은미는 2005. 12. 8. 검사 이영상에게 경찰에서 진술한 내용과 같은 내용으로 전화진술함.

4.2.4. 2005. 9. 5. 의사 노정호는 윤영숙이 약 14일간의 치료가 필요한 경추부염좌, 양측 완관절 염좌, 안면부 좌상을 입었음을 확인하는 상해진단서를 발급하였음. 별첨 13.는 의사 노정호가 발급한 상해진단서의 진정하고 정확한 사본임.

4.2.5. 2005. 9. 5. 의사 노정호는 정은미가 약 14일간의 치료가 필요한 양측

전완부 염좌, 복부 자상을 입었음을 확인하는 상해진단서를 발급
하였음. 별첨 14.는 의사 노정호가 발급한 상해진단서의 진정하고
정확한 사본임.

4.2.6. 2005. 9. 5. 태광전기에서 윤영숙이 275,000원 상당의 거실등 6개를
수리하였고, 2005. 9. 5. 영진앵글에서 윤영숙이 현관유리 및 방범
망을 70,000원에 수리하였음. 별첨 15.은 태광전기 및 영진앵글이 각
발행한 영수증의 진정하고 정확한 사본임.

4.2.7. 2005. 12. 00. 검사 이영상은 피고인이 범행 당시 사용하여 압수된
부엌칼 1점 및 과도 1점을 사진으로 촬영하였음. 별첨 16.은 검사
이영상이 촬영한 부엌칼 1점 및 과도 1점에 대한 사진의 진정하고
정확한 사본임.

4.2.7. 윤영숙, 정은미, 문영수, 메드나드, 헨리 클라우드(MEDNARD,
HENRY CLAUDE)의 진술은 대한민국 형사절차법이 규정한 절차에
따라 적법하게 이루어졌고, 그 내용은 문서로 작성되어 현재 평택지청
문서실에 보존되어 있음. 각 상해진단서 및 영수증도 위 진술문서와
함께 보존되어 있음.

## 5. 대한민국의 관계법령

### 5.1. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 행한 범죄에 대한 적용법률

5.1.1. 형법 제284조(특수협박)

- 단체 또는 다중의 위력을 보이거나 위험한 물건을 휴대하여 전조 제1항,
제2항의 죄를 범한 때에는 7년 이하의 징역 또는 1천만원 이하의 벌금
에 처한다.

5.1.2. 형법 제283조(협박)

- 사람을 협박한 자는 3년 이하의 징역, 500만원 이하의 벌금, 구류 또는 과료에 처한다.

### 5.1.3. 형법 제258조의2(특수상해)

- 제1항 단체 또는 다중의 위력을 보이거나 위험한 물건을 휴대하여 제257조 제1항 또는 제2항의 죄를 범한 때에는 1년 이상 10년 이하의 징역에 처한다.

### 5.1.4. 형법 제257조(상해)

- 제1항 사람의 신체를 상해하여 생명에 대한 위험을 발생하게 한 자는 1년 이상 10년 이하의 징역에 처한다.

### 5.1.5. 형법 제366조(재물손괴)

- 타인의 재물, 문서 또는 전자기록 등 특수매체기록을 손괴 또는 은닉 기타 방법으로 기 효용을 해한 자는 3년 이하의 징역 또는 700만원 이하의 벌금에 처한다.

## 5.2. 형의 시효

### 5.2.1. 설명

메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)는 궐석재판으로 2016년 5월 20일 징역 2년의 형이 확정되었음. 징역 2년에 대한 형의 시효는 형법 제78조 제5호에 따라 재판확정일로부터 5년이나 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 이 사건에 대해 조사를 받고 처벌을 받을 수 있음을 알 수 있는 상황에서 2006. 5. 16. 출국하여 형법 제79조 제2항에 따라 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 미국에 있는 기간 동안 형의 시효가 진행되지 아니함.

5.2.2. 형의 시효에 관한 규정

　- 형법 제78조(형의 시효)

　시효는 형을 선고하는 재판이 확정된 후 그 집행을 받음이 없이 다음의 기간을 경과함으로 인하여 완성된다.

　1. 사형은 30년

　2. 무기의 징역 또는 금고는 20년

　3. 10년이상의 징역 또는 금고는 15년

　4. 3년이상의 징역이나 금고 또는 10년이상의 자격정지는 10년

　5. 3년미만의 징역이나 금고 또는 5년이상의 자격정지는 5년

　6. 5년미만의 자격정지, 벌금, 몰수 또는 추징은 3년

　7. 구류 또는 과료는 1년

　- 형법 제78조(형의 시효)

　시효는 형이 확정된 후 그 형의 집행을 받지 아니한 자가 형의 집행을 면할 목적으로 국외에 있는 기간 동안은 진행되지 아니한다.

**5.3. 궐석재판과 재심**

5.3.1. 설명

　피고인의 소재가 확인되지 않는 사건이 소송촉진등에관한법률 제23조에 정한 조건을 충족한 경우 법원은 피고인의 출석 없이 재판할 수 있음. 그러나 피고인이 책임질 수 없는 사유로 재판에 출석할 수 없었고 그 재판이 확정되었을 때에는 소송촉진등에관한법률 제23조의2에 따라 재심을 청구할 수 있음. 재심청구에 대한 재판결과 피고인의

재판 불출석이 피고인이 책임질 수 없는 사유에 기인한 것으로 인정
되면 1심 재판부터 다시 진행되지만, 피고인이 책임져야 할 사유가
있었던 것으로 인정되면 확정된 재판을 집행하게 됨.

## 5.3.2. 궐석재판에 관한 규정

소송촉진등에관한특례법 제23조

「제1심 공판절차에서 피고인에 대한 송달불능보고서가 접수된 때로
부터 6월이 경고하도록 피고인의 주소를 확인할 수 없는 때에는 대
법원규칙이 정하는 바에 따라 피고인의 진술없이 재판할 수 있다.
다만, 사형·무기 또는 장기 10년이 넘는 징역이나 금고에 해당하는
사건의 경우에는 그러하지 아니하다.」

소송촉진등에관한특례법시행규칙 제18조제2항

「피고인에 대한 송달이 불능인 경우에 재판장은 그 소재를 확인하기
위하여 소재조사촉탁, 구인장의 발부 기타 필요한 조치를 취하여야
한다.」

소송촉진등에관한특례법시행규칙 제19조제1항

「피고인에 대한 송달불능보고서가 접수된 때로부터 6월이 경과하도록
제18조제2항의 규정에 의한 조치에도 불구하고 피고인의 소재가
확인되지 아니한 때에는 그 후 피고인에 대한 송달은 공시송달의
방법에 의한다.」

소송촉진등에관한특례법시행규칙 제19조제2항

「피고인이 제1항의 규정에 의한 공판기일의 소환을 2회 이상 받고도
출석하지 아니한 때에는 법 제23조의 규정에 의하여 피고인의 진술
없이 재판할 수 있다.」

5.3.3. 확정된 판결의 재심에 관한 규정

소송촉진등에관한특례법 제23의2조

「(1) 제23조 본문의 규정에 의하여 유죄 판결을 받고 그 판결이 확정된 자가 책임을 질 수 없는 사유로 공판절차에 출석할 수 없었던 경우에 형사소송법 제 424조에 규정된 자는 그 판결이 있었던 사실을 안 날부터 14일 이내(재심청구인이 책임을 질 수 없는 사유로 위 기간 내에 재심청구를 하지 못한 때에는 그 사유가 없어진 날부터 14일 이내)에 제1심 법원에 재심을 청구할 수 있다.」

* 형사소송법 제424조는 재심청구권자로서 유죄의 선고를 받은 자 등을 규정하고 있음

「(2) 제1항의 규정에 의한 청구가 있는 때에는 법원은 재판의 집행을 정지하는 결정을 하여야 한다.

(3) 제2항의 규정에 의한 집행정지의 결정을 한 경우에 피고인의 구금을 요하는 경우에는 구속영장을 발부하여야 한다. 다만, 형사소송법 제70조의 요건을 갖춘 경우에 한한다.」

## 6. 확정된 유죄판결의 집행

6.1. 유죄판결의 확정

6.1.1. 본건에서 담당판사는 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에게 공판기일에 출석할 기회를 주기 위하여 10년 5개월 동안 수회에 걸쳐 우편 또는 공시송달에 의하여 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)을 소환함으로써 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 공판기일 출석권을 보장하고자 최선을 다하였음. 그러나 메드나드, 헨리 클라우드

(MEDNARD, HENRY CLAUDE)의 대한민국 내 주소가 불명하였고 2006. 5. 16. 출국 후 입국하지 아니하여 이와 같은 상황에서 담당판사는 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 소재가 파악될 때까지 기한 없이 재판을 연기할 수 없었기 때문에 관계 법령에 따라 궐석재판 절차를 진행하였음.

6.1.2. 비록 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 불출석한 가운데 재판절차가 진행되었지만 한국 형사소송법 제307조는 "사실의 인정은 증거에 의하여야 한다."라고 규정하고 있어, 담당판사는 엄격한 증거법칙에 의하여 검사가 기소한 공소사실이 인정되는지 여부를 판단하여 재판하도록 되어있음. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 출석하지 않았다고 하더라도 검사가 제출한 증거에 의하여 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 공소사실이 합리적인 의심이 없이 충분히 입증이 되었기 때문에 판사는 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에게 유죄를 선고하였음.

6.1.3. 2016. 5. 20. 위 법원 판사 안동철은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대하여 징역 2년을 선고하였고, 위 재판에 대하여 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)이 항소할 수 있는 기간인 7일이 지난 2016. 5. 28. 항소기간 경과로 그 형이 확정됨.

6.1.4. 한편, 확정된 형사판결문은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대하여 2년간 징역형을 집행할 수 있는 권한을 부여하는 사법문서임.

6.2. 확정된 유죄판결의 집행

6.2.1. 형사소송법 제460조 제1항에 의하면, 「재판의 집행은 그 재판을 한

법원에 대응한 검찰청 검사가 지휘한다.」라고 규정하고 있음. 따라서 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대하여 재판한 수원지방법원 평택지원에 대응한 수원지방검찰청 평택지청 검사인 본인은 대한민국 법령에 의하여 위 확정판결을 집행할 수 있는 권한이 있음.

6.2.2. 형사소송법 제461조에 의하면, 「재판의 집행지휘는 판결문 또는 재판을 기재한 조서의 등본 또는 초본을 첨부한 서면으로 한다.」라고 규정하고 있음. 또한 형사소송법 제473조는 「① 사형, 징역, 금고 또는 구류의 선고를 받은 자가 구금되지 아니한 때에는 검사는 형을 집행하기 위하여 이를 소환하여야 한다. ② 소환에 응하지 아니한 때에는 검사는 형집행장을 발부하여 구인하여야 한다. ③ 제1항의 경우에 형의 선고를 받은 자가 도망하거나 도망할 염려가 있을 때 또는 현재지를 알 수 없는 때에는 소환함이 없이 형집행장을 발부하여 구인할 수 있다.」라고 규정되어 있음. 이에 따라 본인은 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대하여 형집행장을 발부하였으며 별첨 17.은 형집행장의 진정하고 정확한 사본임.

6.2.3. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 미국에서 한국으로 인도되고 그가 궐석재판을 이유로 소송촉진등에관한특례법 제23조의 2조의 규정에 따라 재심을 청구하면 법원은 불출석한 사유를 심사할 것임. 심사결과 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)이 책임질 수 없는 사유로 재판에 출석할 수 없었던 사유가 있었음이 인정될 때는 이 사건은 다시 재판을 받게 될 것임.

**7. 본인은 위 기재한 사실이 모두 진실임을 확인하며, 고의로 허위 사실을 기재하였을 경우 대한민국 형법 제227조에 따라 허위공문서작성죄로 처벌받을 수 있다는 사실을 인식하면서 본 확인서를 작성하였음.**

2016.   9.   23.

수원지방검찰청 평택지청 검사   이   성   희

첨 부 : 1. 미국 인터폴 전문 사본 1부.

　　　2. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 진정
　　　　하고 정확한 사진 1매.

　　　3. 판사 김덕규가 발부한 구속영장의 진정하고 정확한 사본 1부.

　　　4. 판사 정경근가 발부한 구속영장의 진정하고 정확한 사본 1부.

　　　5. 판사 정우영이 발부한 구속영장의 진정하고 정확한 사본 1부.

　　　6. 판사 정우영이 발부한 구속영장의 진정하고 정확한 사본 1부.

　　　7. 판사 정재희이 발부한 구속영장의 진정하고 정확한 사본 1부.

　　　8. 판사 김형원이 발부한 구속영장의 진정하고 정확한 사본 1부.

　　　9. 판사 김형원이 발부한 구속영장의 진정하고 정확한 사본 1부.

　　　10. 판사 이세진이 발부한 구속영장의 진정하고 정확한 사본 1부.

　　　11. 판사 허양윤이 발부한 구속영장의 진정하고 정확한 사본 1부.

　　　12. 판사 안동철이 판결한 1심 판결문의 진정하고 정확한 사본 1부.

　　　13. 의사 노정호가 발부한 윤영숙에 대한 상해진단서의 진정하고
　　　　　정확한 사본 1부.

　　　14. 의사 노정호가 발부한 정미순에 대한 상해진단서의 진정하고
　　　　　정확한 사본 1부.

15. 태광전기 및 영진앵글이 각 발행한 영수증의 진정하고 정확한 사본 1부.

16. 검사 이영상이 촬영한 부엌칼 1점 및 과도 1점의 사진의 진정하고 정확한 사본 1부.

17. 형집행장의 진정하고 정확한 사본 1부.

인쇄 : 박원백 / 국제형사과 (2016-09-01 16:03:32)

국민과 함께하는 따뜻하고 믿음직한 경찰



# 경 찰 청

수신 수신자 참조

(경유)

제목 국외도피사범(자유형미집행) 국제공조수사 회신 통보 (미국, 메드나드 헨리 클라우드)

_____

1. 관련근거

　　가. 수원지검평택지청 사무과?8592('16.8.16.) 국제공조수사 요청(인터폴 적색수배 요청)

　　나. 외사수사과-8710('16.8.24), 국외도피사범(자유형미집행) 인터폴 적색수배 및 국제공조수사 요청 (미국, 메드나드 헨리 클라우드)

　　다. 미국 인터폴('16.8.31), MEDNARD f/n Henry Claude; dob 22 July 1978

　　2. 위와 관련, 인터폴 적색수배 조치된 메드나드 헨리 클라우드 (MEDNARD, Henry Claude, '16.6.9. 수원지검평택지청 특수협박, 특수상해, 재물손괴　징역 2년 B 지명수배)에 대해 붙임과 같이 대상자가 미국에 소재하고 있음을 미국 인터폴 측에서 붙임과 같이 통보하였습니다. 이를 통보하니 대상자에 대한 범죄인 인도 청구 등 업무에 참고하기 바랍니다. 한편, 미국 인터폴에서는 대상자에 대한 긴급인도구속이 청구될 경우 즉시 통보해줄 것을 요청하였으니, 범죄인 인도 청구 진행 시 경찰청 외사수사과에 통보바랍니다.

※ 붙임 : 인터폴 전문 1부

　　　　적색수배서 1부.  끝.

EX-MEDNARD-00115

문서관리카드 국제형사과-6068  1/2

인쇄 : 박원백 / 국제형사과 (2016-09-01  16:03:32)

경 찰 청 

수신자     수원지방검찰청평택지청장(사무과장),법무부장관(국제형사과장)

경위      최재훈      경정      김범주      외사수사과장 전결 2016. 8. 31.
                                                          최호열
협조자

시행  외사수사과-8986      (2016. 8. 31.)      접수  국제형사과-6068      (2016. 9. 1.)

우  03739      서울특별시 서대문구 통일로 97 (미근동, 경찰청)      /  http://www.police.go.kr

전화번호  02-3150-0396    팩스번호  02-3150-3877    / kingruud@police.go.kr    / 비공개(4,6)

국민과 함께하는 따뜻하고 믿음직한 경찰

문서관리카드 국제형사과-6068   2/2

EX-MEDNARD-00116

MEDNARD f/n Henry Claude; dob 22 July 1978
USNCB Interpol Washington [dispatch@us.igcs.int]
보낸 날짜: 2016년 8월 31일 수요일 오전 2:16
받는 사람: NCB.Seoul
첨부 파일: Mednard.pdf (94 KB)

PRIORITY:      Non-Urgent
DATE:          30 August 2016
FROM:          Interpol Washington
TO:            NCB Interpol Seoul
OUR REF:       20160828111/DH
SUBJECT:       MEDNARD f/n Henry Claude; dob 22 July 1978

(NCB reference: K-NCB/NA-S037/2016/CJH of 24 August 2016)

Dear Colleagues,

INTERPOL Washington, U.S. National Central Bureau (USNCB) has investigated the location of MEDNARD f/n Henry Claude and has determined the location of a subject matching that name as well as other identifiers. Additionally, an electronic records search also suggests his presence in the U.S..

MEDNARD appears to be a United States citizen.

Please note that under United States law, the existence of charges in a Wanted Person Diffusion Notice, Red Notice or Wanted Person Inquiry alone does not authorize the subject's arrest in the United States. Therefore, this subject is not in our custody at this time. Please immediately notify us if the subject's provisional arrest/extradition will be sought so that we may advise the appropriate United States authorities. If extradition will be sought, please immediately submit a provisional arrest request, if appropriate, via the channel required by the Extradition Treaty between South Korea and the United States.

In any reply, please quote our case reference number of 20160828111. As always, USNCB reiterates its commitment to promote law enforcement cooperation efforts between the United States and South Korea.

Regards,
USNCB

***********************************************************
This message and any attachments contain sensitive law enforcement information that should be protected from unauthorized access and used only for law enforcement purposes. Any further dissemination of this message and any attachments is restricted to official law enforcement authorities for legitimate law enforcement purposes. Any other distribution of this information without the consent of the U.S.N.C.B. is prohibited.
***********************************************************



Armed Forces of
the United States

Army

Mednard,
Henry Claude

Pay Grade
E5

Rank
SGT



Issue Date
2008JUL28
Expiration Date
2008JUL22





Geneva Conventions Identification Card



Date of Birth
1978JUL22

Social Security Number
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

Geneva Conventions
Category
II



DoDCIO/OUSD(P&R)   OCT 2003   Property of the U.S. Government

EX-MEDNARD-00118



# 구 속 영 장

[피고인 구금용]　　　　　　　　수원지방법원 평택지원　　　　　　형사2단독

| 영 장 번 호 | 1421 | 사건번호,죄명 | 2005고단1277 폭력행위등처벌에관한법률위반(집단.흉기등상해) 등 |
|---|---|---|---|
| 피고인 | 성　　명 | 메드나드헨리 쿨라우드 | 직업 | 컴퓨터프로그래머 |
| | 주민등록번호 | 780722-1000000 | | |
| | 주　　거 | 평택시 신장동 139-9 | | |

| 변 호 인 | |
|---|---|

| 범죄사실의 요지 | 별지 기재와 같다. | 유 효 기 간 | 2006. 8. 14. 까지 |
|---|---|---|---|

| 구금할 장소 | □[　　평택　]구치소　　□[　　　　]교도소 |
|---|---|

| □ 피고인은 일정한 주거가 없다.<br>□ 피고인은 증거를 인멸할 염려가 있다.<br>[　　　　　　　　　　　　　　　]<br><br>□ 피고인은 도망하였다.<br>☑ 피고인은 도망할 염려가 있다.<br>[　　　　　　　　　　　　　　　]<br><br>□ 피고인은 소년으로서 구속하여야 할 부득이한 사유가 있다. | 피고인이 별지 기재와 같은 죄를 범하였다고 의심할 만한 상당한 이유가 있고, 구속의 사유가 있으므로, 피고인을 구금한다.<br>유효기간이 경과하면 집행에 착수하지 못하며 영장을 반환하여야 한다.<br><br>　　　　　　2006. 6. 15.<br><br>　　판 사　　김 석 수 (인) |
|---|---|

| 집 행 일 시 | | 집 행 장 소 | |
|---|---|---|---|
| 구 금 일 시 | | 구 금 장 소 | |
| 집행불능사유 | 유해가및 me. | | |
| 처리자의 소속<br>관 서, 관 직 | | 처 리 자<br>기 명 날 인 | |

형소 73,75, 형소규 46,49
주:주민등록번호의 전부를 알 수 없는 때에는 주민등록번호의 앞자리(생년월일) 부분을 기재한다.

EX-MEDNARD-00119

공 소 사 실

피고인은 미국국적자로서 직업이 그 그래대원비

1. 2005. 9. 2. 07:00경 평택시 신장동 139의 9 소재 피해자 윤영순(여, 36세) 의 집에서 동거녀인 피해자가 피고인의 여자관계를 의심한다는 이유로 흉기인 부엌칼(칼날길이 19센티미터, 총길이 32센티미터)을 동녀에게 들 이대고 "죽인다."고 말하는 등 동녀의 신체에 대하여 어떠한 해악을 가할 듯한 태도를 보여 동녀를 협박하고,

2. 같은 달 5. 06:10경 같은 장소에서 위 피해자 윤영순이 피고인의 귀가가 늦는다는 등의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8센티미터, 총길이 18센티미터)를 동녀의 목에 들이대고 "죽고 싶냐."라고 말하며 위 과도로 동녀의 목과 얼굴을 약 6회 긋고 동녀의 목을 조르고 주먹으로 동녀의 얼굴을 여러 번 때리고 의자를 들어 동녀의 옆구리를 때리고, 피 해자 정은미(여, 29세)가 피고인을 말리자 위 과도를 휘둘러 동녀의 손과 복부를 베고 손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요 하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부 자상 등을 각 가하고,

2. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서 팔꿈치로 현관 유리를 깨뜨리고 의자를 집어던져 전등과 화분을 깨뜨려 동녀 소유 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴한 것이



# 구 속 영 장

[피고인 구금용]
　　　　　　　　　　　　　　수원지방법원 평택지원　　　　　　　　　형사2단독

| 영 장 번 호 | 2007-2010 | 사건번호,죄명 | 2005고단1277　폭력행위등처벌에관한법률위반(집단.흉기등상해) 등 |
|---|---|---|---|
| 피고인 | 성　　　　　명 | 메드나드헨리클라우드(MEDNARD HENRY CLAUDE) | 직업 | 컴퓨터프로그래머 |
| | 주민등록번호 | 780722-1000000 | 국적 | 미국 |
| | 주　　　　거 | 평택시 신장동 139-9 |

| 변 호 인 | |
|---|---|
| 범죄사실의 요지 | 별지 기재와 같다. | 유 효 기 간 | 2008. 6. 28.　까지 |
| 구금할 장소 | 수원구치소 평택구치지소 |

| | |
|---|---|
| ☐ 피고인은 일정한 주거가 없다. | 피고인이 별지 기재와 같은 죄를 범하였다고 의심할 만한 상당한 이유가 있고, 구속의 사유가 있으므로, 피고인을 구금한다. |
| ☐ 피고인은 증거를 인멸할 염려가 있다. | |
| [　　　　　　　　　　　　　　　　] | 유효기간이 경과하면 집행에 착수하지 못하며 영장을 반환하여야 한다. |
| ☐ 피고인은 도망하였다. | |
| ✔ 피고인은 도망할 염려가 있다. | 　　　　　　2007. 6. 29. |
| [　　　　　　　　　　　　　　　　] | |
| ☐ 피고인은 소년으로서 구속하여야 할 부득이한 사유가 있다. | 　판 사　정 경 근　정경근 |

| 집 행 일 시 | | 집 행 장 소 | |
|---|---|---|---|
| 구 금 일 시 | | 구 금 장 소 | |
| 집행불능사유 | 유효기간 경과 | | |
| 처리자의 소속 관서, 관직 | 평택지청 검찰서기 | 처 리 자 기 명 날 인 | 박 희섭 |

형소 73,75, 형소규 46,49
주:주민등록번호의 전부를 알 수 없는 때에는 주민등록번호의 앞자리(생년월일) 부분을 기재한다.

# 공 소 사 실

피고인은 미국국적자로서 컴퓨터 프로그래머인바,

1. 2005. 9. 2. 07:00경 평택시 신장동 139의 9 소재 피해자 윤영순(여, 36세)의 집에서 동거녀인 피해자가 피고인의 여자관계를 의심한다는 이유로 흉기인 부엌칼(칼날길이 19센티미터, 총길이 32센티미터)을 동녀에게 들이대고 "죽인다."고 말하는 등 동녀의 신체에 대하여 어떠한 해악을 가할 듯한 태도를 보여 동녀를 협박하고,

2. 같은 달 5. 06:10경 같은 장소에서 위 피해자 윤영순이 피고인의 귀가가 늦는다는 등의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8센티미터, 총길이 18센티미터)를 동녀의 목에 들이대고 "죽고 싶냐."라고 말하며 위 과도로 동녀의 목과 얼굴을 약 6회 긋고 동녀의 목을 조르고 주먹으로 동녀의 얼굴을 여러 번 때리고 의자를 들어 동녀의 옆구리를 때리고, 피해자 정은미(여, 29세)가 피고인을 말리자 위 과도를 휘둘러 동녀의 손과 복부를 베고 손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부 자상 등을 각 가하고,

2. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서 팔꿈치로 현관 유리를 깨뜨리고 의자를 집어던져 전등과 화분을 깨뜨려 동녀 소유 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴한 것이다.



EX-MEDNARD-00122



# 구 속 영 장

수원지방법원 평택지원 형사2단독

[인 구금용]

| 장 번 호 | 2008공영290 | 사건번호,죄명 | 2005고단1277 | 폭력행위등처벌에<br>관한법률위반(집단.흉기등상해) 등 |
|---|---|---|---|---|
| 피고인 | 성 명 | 메드나드헨리 | 직업 | 컴퓨터프로그래머 |
| | 주민등록번호 | 780722-1000000 | 국적 | |
| | 주 거 | 평택시 신장동 139-9 | | |
| 호 인 | | | | |

| 실의 요지 | 별지 기재와 같다. | 유효기간 | 2008. 5. 5. 까지 |
|---|---|---|---|
| 급할 장소 | ☑[ 평택 ]구치소 □[ ]교도소 | | |

피고인은 일정한 주거가 없다.

피고인은 증거를 인멸할 염려가 있다. ]

피고인은 도망하였다.

피고인은 도망할 염려가 있다. ]

피고인은 소년으로서 구속하여야 할 부득
이한 사유가 있다.

피고인이 별지 기재와 같은 죄를 범하였다고
의심할 만한 상당한 이유가 있고, 구속의 사
유가 있으므로, 피고인을 구금한다.
유효기간이 경과하면 집행에 착수하지 못하며
영장을 반환하여야 한다.

2008. 7. 10.

판 사 정 우 영 정 우 영

| 행 일 시 | | 집 행 장 소 | |
|---|---|---|---|
| 금 일 시 | | 구 금 장 소 | |
| 불능사유 | | | |
| 자의 소속<br>서, 관 직 | | 처 리 자<br>기 명 날 인 | |

는 73,75, 형소규 46,49

주민등록번호의 전부를 알 수 없는 때에는 주민등록번호의 앞자리(생년월일) 부분을 기재한다.

EX-MEDNARD-00123

# 공 소 사 실

피고인은 미국국적자로서 컴퓨터 프로그래머인바,

1. 2005. 9. 2. 07:00경 평택시 신장동 139의 9 소재 피해자 윤영순(여, 36세)
   의 집에서 동거녀인 피해자가 피고인의 여자관계를 의심한다는 이유로
   흉기인 부엌칼(칼날길이 19센티미터, 총길이 32센티미터)을 동녀에게 들
   이대고 "죽인다."고 말하는 등 동녀의 신체에 대하여 어떠한 해악을 가할
   듯한 태도를 보여 동녀를 협박하고,

2. 같은 달 5. 06:10경 같은 장소에서 위 피해자 윤영순이 피고인의 귀가가
   늦는다는 등의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8센티미터,
   총길이 18센티미터)를 동녀의 목에 들이대고 "죽고 싶냐."라고 말하며 위
   과도로 동녀의 목과 얼굴을 약 6회 긋고 동녀의 목을 조르고 주먹으로
   동녀의 얼굴을 여러 번 때리고 의자를 들어 동녀의 옆구리를 때리고, 피
   해자 정은미(여, 29세)가 피고인을 말리자 위 과도를 휘둘러 동녀의 손과
   복부를 베고 손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요
   하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부
   자상 등을 각 가하고,

2. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서
   팔꿈치로 현관 유리를 깨뜨리고 의자를 집어던져 전등과 화분을 깨뜨려
   동녀 소유 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴한 것이



# 구 속 영 장

[ 인 구금용]

수원지방법원 평택지원 　　　　　　　　　형사2단독

| 장 번 호 | 2009공영265 | 사건번호,죄명 | 2005고단1277　　폭력행위등처벌에 관한법률위반(집단·흉기등상해) 등 |
|---|---|---|---|
| 피고인 | 성　　명 | 메드나드헨리클라우드 | 직업: 컴퓨터프로그래머 |
| | 주민등록번호 | 780722-1000000 | 국적 | |
| | 주　　거 | 평택시 신장동 139-9 | |

| 호　　인 | |
|---|---|

| 사실의 요지 | 별지 기재와 같다. | 유효기간 | 2010. 7. 15. 까지 |
|---|---|---|---|

| 금할 장소 | ■수원구치소 평택지소 | □[　　　　　　　　]교도소 |
|---|---|---|

피고인은 일정한 주거가 없다.

피고인은 증거를 인멸할 염려가 있다. ]

피고인은 도망하였다.

피고인은 도망할 염려가 있다. ]

피고인은 소년으로서 구속하여야 할 부득
이한 사유가 있다.

피고인이 별지 기재와 같은 죄를 범하였다고
의심할 만한 상당한 이유가 있고, 구속의 사
유가 있으므로, 피고인을 구금한다.
유효기간이 경과하면 집행에 착수하지 못하며
영장을 반환하여야 한다.

2009.  7.  16.

판 사 정우영　　검 우 영

| 행 일 시 | | 집 행 장 소 | |
|---|---|---|---|
| 금 일 시 | | 구 금 장 소 | |
| 행불능사유 | 유효기간 경과 | | |
| 자의 소속서, 관직 | 수원지검 평택지청　검찰서기 | 처 리 자기 명 날 인 | 검 경종 |

: 73,75, 형소규 46,49

주민등록번호의 전부를 알 수 없는 때에는 주민등록번호의 앞자리(생년월일) 부분을 기재한다.

# 공 소 사 실

피고인은 미국국적자로서 컴퓨터 프로그래머인바,

1. 2005. 9. 2. 07:00경 평택시 신장동 139의 9 소재 피해자 윤영순(여, 36세)의 집에서 동거녀안 피해자가 피고인의 여자관계를 의심한다는 이유로 흉기인 부엌칼(칼날길이 19센티미터, 총길이 32센티미터)을 동녀에게 들이대고 "죽인다."고 말하는 등 동녀의 신체에 대하여 어떠한 해악을 가할 듯한 태도를 보여 동녀를 협박하고,

2. 같은 달 5. 06:10경 같은 장소에서 위 피해자 윤영순이 피고인의 귀가가 늦는다는 등의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8센티미터, 총길이 18센티미터)를 동녀의 목에 들이대고 "죽고 싶냐."라고 말하며 위 과도로 동녀의 목과 얼굴을 약 6회 긋고 동녀의 목을 조르고 주먹으로 동녀의 얼굴을 여러 번 때리고 의자를 들어 동녀의 옆구리를 때리고, 피해자 정은미(여, 29세)가 피고인을 말리자 위 과도를 휘둘러 동녀의 손과 복부를 베고 손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부 자상 등을 각 가하고,

2. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서 팔꿈치로 현관 유리를 깨뜨리고 의자를 집어던져 전등과 화분을 깨뜨려 동녀 소유 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴한 것이



# 구 속 영 장

[피고인 구금용]

수원지방법원 평택지원        형사2단독

| 영 장 번 호 | 10공영196 | 사          건 | 2005고단1277<br>폭력행위등처벌에관한법률위반(집단.<br>흉기등상해) 등 | | |
|---|---|---|---|---|---|
| 피 고 인 | 성          명 | 메드나드헨리클라우드 | 직      업 | 컴퓨터프로그래머 | |
| | 주민등록번호 | 780722-1000000 | 국      적 | 미국 | |
| | 주          거 | 평택시 신장동 139-9 | | | |
| 변  호  인 | | | | | |
| 범죄사실의 요지 | 별지 기재와 같다. | | 유효기간 | 2011. 9. 5.          까지 | |
| 구금할 장소 | 평택구치소 | | | | |

☐ 피고인은 일정한 주거가 없다.

☐ 피고인은 증거를 인멸할 염려가 있다.

[                                            ]

☐ 피고인은 도망하였다.

■ 피고인은 도망할 염려가 있다.

[                                            ]

☐ 피고인은 소년으로서 구속하여야 할 부득이한 사유가 있다.

피고인은 별지 기재와 같은 죄를 범하였다고 의심할만한 상당한 이유가 있고, 구속의 사유가 있으므로, 피고인을 구금한다.

유효기간이 경과하면 집행에 착수하지 못하며 영장을 반환하여야 한다.

2010. 9. 6.

판사  정    재희 (인)

| 집 행 일 시 | | 집 행 장 소 | |
|---|---|---|---|
| 구 금 일 시 | | 구 금 장 소 | |
| 집 행 불 능 사 유 | 유효기간 경과 | | |
| 처리자의 소속<br>관 서, 관 직 | 평택지청 검찰서기 | 처 리 자<br>서 명 날 인 | 안 재서 (인) |

EX-MEDNARD-00127

# 공 소 사 실

피고인은 미국국적자로서 컴퓨터 프로그래머인바,

1. 2005. 9. 2. 07:00경 평택시 신장동 139의 9 소재 피해자 윤영순(여, 36세)의 집에서 동거녀인 피해자가 피고인의 여자관계를 의심한다는 이유로 흉기인 부엌칼(칼날길이 19센티미터, 총길이 32센티미터)을 동녀에게 들이대고 "죽인다."고 말하는 등 동녀의 신체에 대하여 어떠한 해악을 가할 듯한 태도를 보여 동녀를 협박하고,

2. 같은 달 5. 06:10경 같은 장소에서 위 피해자 윤영순이 피고인의 귀가가 늦는다는 등의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8센티미터, 총길이 18센티미터)를 동녀의 목에 들이대고 "죽고 싶냐."라고 말하며 위 과도로 동녀의 목과 얼굴을 약 6회 긋고 동녀의 목을 조르고 주먹으로 동녀의 얼굴을 여러 번 때리고 의자를 들어 동녀의 옆구리를 때리고, 피해자 정은미(여, 29세)가 피고인을 말리자 위 과도를 휘둘러 동녀의 손과 복부를 베고 손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부 자상 등을 각 가하고,

2. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서 팔꿈치로 현관 유리를 깨뜨리고 의자를 집어던져 전등과 화분을 깨뜨려 동녀 소유 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴한 것이



EX-MEDNARD-00128

# 구 속 영 장

[피고인 구금용]

수원지방법원 평택지원        형사2단독

| 영 장 번 호 | 11공영190 | | 사        건 | 2005고단1277 폭력행위등처벌에관한법률위반(집단. 흉기등상해) 등 |
|---|---|---|---|---|
| 피 고 인 | 성        명 | 메드나드헨리클라우드 | 직        업 | 컴퓨터프로그래머 |
| | 주민등록번호 | 780722-1000000 | 국        적 | 미국 |
| | 주        거 | 평택시 신장동 139-9 | | |
| 변 호 인 | | | | |
| 범죄사실의 요지 | 별지 기재와 같다. | | 유효기간 | 2012. 9. 5.        까지 |
| 구금할 장소 | 평택구치소 | | | |

| | |
|---|---|
| ☐ 피고인은 일정한 주거가 없다. ☐ 피고인은 증거를 인멸할 염려가 있다. [                           ] ☐ 피고인은 도망하였다. ☑ 피고인은 도망할 염려가 있다. [                           ] ☐ 피고인은 소년으로서 구속하여야 할 부득이 한 사유가 있다. | 피고인은 별지 기재와 같은 죄를 범하였다고 의심할만한 상당한 이유가 있고, 구속의 사유 가 있으므로, 피고인을 구금한다. 유효기간이 경과하면 집행에 착수하지 못하며 영장을 반환하여야 한다. 2011. 9. 6. 판사 김 형 원 ㊞ |

| 집 행 일 시 | | 집 행 장 소 | |
|---|---|---|---|
| 구 금 일 시 | | 구 금 장 소 | |
| 집 행 불 능 사 유 | | | |
| 처리자의 소속 관 서, 관 직 | | 처 리 자 서 명 날 인 | |

공 소 사 실

피고인은 미국국적자로서 컴퓨터 프로그래머인바,

1. 2005. 9. 2. 07:00경 평택시 신장동 139의 9 소재 피해자 윤영순(여, 36세)의 집에서 동거녀인 피해자가 피고인의 여자관계를 의심한다는 이유로 흉기인 부엌칼(칼날길이 19센티미터, 총길이 32센티미터)을 동녀에게 들이대고 "죽인다."고 말하는 등 동녀의 신체에 대하여 어떠한 해악을 가할 듯한 태도를 보여 동녀를 협박하고,

2. 같은 달 5. 06:10경 같은 장소에서 위 피해자 윤영순이 피고인의 귀가가 늦는다는 등의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8센티미터, 총길이 18센티미터)를 동녀의 목에 들이대고 "죽고 싶냐."라고 말하며 위 과도로 동녀의 목과 얼굴을 약 6회 긋고 동녀의 목을 조르고 주먹으로 동녀의 얼굴을 여러 번 때리고 의자를 들어 동녀의 옆구리를 때리고, 피해자 정은미(여, 29세)가 피고인을 말리자 위 과도를 휘둘러 동녀의 손과 복부를 베고 손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부 자상 등을 각 가하고,

2. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서 팔꿈치로 현관 유리를 깨뜨리고 의자를 집어던져 전등과 화분을 깨뜨려 동녀 소유 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴한 것이 다.





# 구 속 영 장

[피고인 구금용]                                    수원지방법원 평택지원    형사2단독

| 영 장 번 호 | 12공영224 | 사       건 | 2005고단1277 폭력행위등처벌에관한법률위반(집단. 흉기등상해) 등 | | |
|---|---|---|---|---|---|
| 피 고 인 | | 성       명 | 메드나드헨리클라우드 | 직 업 | 컴퓨터프로그래머 |
| | | 주민등록번호 | 780722-1000000 | 국 적 | 미국 |
| | | 주     거 | 평택시 신장동 139-9 탄현로 281번길 30 (신장동). | | |
| 변 호 인 | | | | | |
| 범죄사실의 요지 | 별지 기재와 같다. | | 유효기간 | 2013. 9. 5.        까지 | |
| 구금할 장소 | 평택구치소 | | | | |

☐ 피고인은 일정한 주거가 없다.

☐ 피고인은 증거를 인멸할 염려가 있다.

　　[                                    ]

☐ 피고인은 도망하였다.

■ 피고인은 도망할 염려가 있다.

　　[                                    ]

☐ 피고인은 소년으로서 구속하여야 할 부득이한 사유가 있다.

피고인은 별지 기재와 같은 죄를 범하였다고 의심할만한 상당한 이유가 있고, 구속의 사유가 있으므로, 피고인을 구금한다.

유효기간이 경과하면 집행에 착수하지 못하며 영장을 반환하여야 한다.

　　　　　　　　　2012. 9. 6.

　　　　판사　　김 행 원

| 집 행 일 시 | | 집 행 장 소 | |
|---|---|---|---|
| 구 금 일 시 | | 구 금 장 소 | |
| 집행불능사유 | 유효기간 경과 | | |
| 처리자의 소속 관서, 관직 | 평택경찰서 장안파출소 | 처 리 자 서 명 날 인 | 장기수 |

# 공 소 사 실

피고인은 미국국적자로서 컴퓨터 프로그래머인바,

1. 2005. 9. 2. 07:00경 평택시 신장동 139의 9 소재 피해자 윤영순(여, 36세)

   의 집에서 동거녀인 피해자가 피고인의 여자관계를 의심한다는 이유로

   흉기인 부엌칼(칼날길이 19센티미터, 총길이 32센티미터)을 동녀에게 들

   이대고 "죽인다."고 말하는 등 동녀의 신체에 대하여 어떠한 해악을 가할

   듯한 태도를 보여 동녀를 협박하고,

2. 같은 달 5. 06:10경 같은 장소에서 위 피해자 윤영순이 피고인의 귀가가

   늦는다는 등의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8센티미터,

   총길이 18센티미터)를 동녀의 목에 들이대고 "죽고 싶냐."라고 말하며 위

   과도로 동녀의 목과 얼굴을 약 6회 긋고 동녀의 목을 조르고 주먹으로

   동녀의 얼굴을 여러 번 때리고 의자를 들어 동녀의 옆구리를 때리고, 피

   해자 정은미(여, 29세)가 피고인을 말리자 위 과도를 휘둘러 동녀의 손과

   복부를 베고 손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요

   하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부

   자상 등을 각 가하고,

2. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서

   팔꿈치로 현관 유리를 깨뜨리고 의자를 집어던져 전등과 화분을 깨뜨려

   동녀 소유 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴한 것이





# 구 속 영 장

[피고인 구금용]                    수원지방법원 평택지원     형사2단독

| 영 장 번 호 | 13공영222 | 사    건 | 2005고단1277<br>폭력행위등처벌에관한법률위반(집단.<br>흉기등상해) 등 |
|---|---|---|---|
| 피 고 인 | 성    명 | 메드나드헨리클라우드 | 직    업 | 컴퓨터프로그래머 |

| 피 고 인 | 주민등록번호 | 780722-1000000 | 국    적 | 미국 |
|---|---|---|---|---|
| | 주    거 | 평택시 신장동 139-9 | | |

| 변 호 인 | |
|---|---|

| 범죄사실의 요지 | 별지 기재와 같다. | 유효기간 | 2014. 9. 8.     까지 |
|---|---|---|---|

| 구금할 장소 | 평택구치소 |
|---|---|

☐ 피고인은 일정한 주거가 없다.

☐ 피고인은 증거를 인멸할 염려가 있다.

　[                           ]

☐ 피고인은 도망하였다.

■ 피고인은 도망할 염려가 있다.

　[                           ]

☐ 피고인은 소년으로서 구속하여야 할 부득이
　한 사유가 있다.

피고인은 별지 기재와 같은 죄를 범하였다고
의심할만한 상당한 이유가 있고, 구속의 사유
가 있으므로, 피고인을 구금한다.
유효기간이 경과하면 집행에 착수하지 못하며
영장을 반환하여야 한다.

2013. 9. 9.

판사    이 세 미 (인)

| 집 행 일 시 | | 집 행 장 소 | |
|---|---|---|---|
| 구 금 일 시 | | 구 금 장 소 | |
| 집 행 불 능 사 유 | 영장유효기간 만효 | | |
| 처리자의 소속<br>관서, 관직 | 평택지청 검찰주사보 | 처 리 자<br>서 명 날 인 | 오준석 (인) |

EX-MEDNARD-00133

# 공 소 사 실

피고인은 미국국적자로서 컴퓨터 프로그래머인바,

1. 2005. 9. 2. 07:00경 평택시 신장동 139의 9 소재 피해자 윤영순(여, 36세)의 집에서 동거녀인 피해자가 피고인의 여자관계를 의심한다는 이유로 흉기인 부엌칼(칼날길이 19센티미터, 총길이 32센티미터)을 동녀에게 들이대고 "죽인다."고 말하는 등 동녀의 신체에 대하여 어떠한 해악을 가할 듯한 태도를 보여 동녀를 협박하고,

2. 같은 달 5. 06:10경 같은 장소에서 위 피해자 윤영순이 피고인의 귀가가 늦는다는 등의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8센티미터, 총길이 18센티미터)를 동녀의 목에 들이대고 "죽고 싶냐."라고 말하며 위 과도로 동녀의 목과 얼굴을 약 6회 긋고 동녀의 목을 조르고 주먹으로 동녀의 얼굴을 여러 번 때리고 의자를 들어 동녀의 옆구리를 때리고, 피해자 정은미(여, 29세)가 피고인을 말리자 위 과도를 휘둘러 동녀의 손과 복부를 베고 손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부 자상 등을 각 가하고,

2. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서 팔꿈치로 현관 유리를 깨뜨리고 의자를 집어던져 전등과 화분을 깨뜨려 동녀 소유 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴한 것이





# 구 속 영 장

[피고인 구금용]

수원지방법원 평택지원 　형사2단독

| 영 장 번 호 | 15공영348 | 사 　건 | 2005고단1277<br>폭력행위등처벌에관한법률위반(집단.흉기등상해) 등 |
|---|---|---|---|

| 피 고 인 | 성 　명 | 메드나드헨리클라우드 | 직 업 | 컴퓨터프로그래머 |
|---|---|---|---|---|
| | 주민등록번호 | 780722-1000000 | 국 적 | 미국 |
| | 주 　거 | 평택시 신장동 139-9 | | |

| 변 호 인 | |
|---|---|

| 범죄사실의 요지 | 별지 기재와 같다. | 유효기간 | 2016. 10. 12. 　까지 |
|---|---|---|---|

| 구금할 장소 | 평택구치소 |
|---|---|

| ☐ 피고인은 일정한 주거가 없다.<br>☐ 피고인은 증거를 인멸할 염려가 있다.<br>　[ 　　　　　 ]<br>☑ 피고인은 도망하였다.<br>☑ 피고인은 도망할 염려가 있다.<br>　[ 　　　　　 ]<br>☐ 피고인은 소년으로서 구속하여야 할 부득이한 사유가 있다. | 피고인은 별지 기재와 같은 죄를 범하였다고 의심할만한 상당한 이유가 있고, 구속의 사유가 있으므로, 피고인을 구금한다.<br>유효기간이 경과하면 집행에 착수하지 못하며 영장을 반환하여야 한다.<br>　　　　　 2015. 10. 13.<br>　　　 판사 　허 양원 (인) |
|---|---|

| 집 행 일 시 | | 집 행 장 소 | |
|---|---|---|---|
| 구 금 일 시 | | 구 금 장 소 | |
| 집 행 불 능 사 유 | | | |
| 처리자의 소속<br>관 서, 관 직 | | 처 리 자<br>서 명 날 인 | |

EX-MEDNARD-00135

# 공 소 사 실

피고인은 미국국적자로서 컴퓨터 프로그래머인바,

1. 2005. 9. 2. 07:00경 평택시 신장동 139의 9 소재 피해자 윤영순(여, 36세) 의 집에서 동거녀인 피해자가 피고인의 여자관계를 의심한다는 이유로 흉기인 부엌칼(칼날길이 19센티미터, 총길이 32센티미터)을 동녀에게 들이대고 "죽인다."고 말하는 등 동녀의 신체에 대하여 어떠한 해악을 가할 듯한 태도를 보여 동녀를 협박하고,

2. 같은 달 5. 06:10경 같은 장소에서 위 피해자 윤영순이 피고인의 귀가가 늦는다는 등의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8센티미터, 총길이 18센티미터)를 동녀의 목에 들이대고 "죽고 싶냐."라고 말하며 위 과도로 동녀의 목과 얼굴을 약 6회 긋고 동녀의 목을 조르고 주먹으로 동녀의 얼굴을 여러 번 때리고 의자를 들어 동녀의 옆구리를 때리고, 피해자 정은미(여, 29세)가 피고인을 말리자 위 과도를 휘둘러 동녀의 손과 복부를 베고 손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부 자상 등을 각 가하고,

2. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서 팔꿈치로 현관 유리를 깨뜨리고 의자를 집어던져 전등과 화분을 깨뜨려 동녀 소유 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴한 것이

# 수원지방법원 평택지원

## 판         결

| | |
|---|---|
| 사       건 | 2005고단1277   특수상해, 특수협박, 재물손괴 |
| 피 고 인 | 메드나드 헨리 클라우드 (1978. 7. 22.생, 남자), 컴퓨터프로그래머 |
| | 최후주거   평택시 신장동 139-9 |
| | 등록기준지   미합중국 |
| 검       사 | 이영상(기소), 변재은(공판) |
| 판 결 선 고 | 2016. 5. 20. |

## 주         문

피고인을 징역 2년에 처한다.

압수된 부엌칼 1점 및 과도 1점을 피고인으로부터 몰수한다.

## 이         유

**범 죄 사 실**

피고인은 미국국적자로서 컴퓨터 프로그래머인바,

1. 2005. 9. 2. 07:00경 평택시 신장동 139-9에 있는 피해자 윤영순(여, 36세)의 집에서, 동거녀인 위 피해자가 피고인의 여자관계를 의심한다는 이유로 흉기인 부엌칼 (칼날길이 19cm, 총 길이 32cm)을 피해자에게 들이대고 "죽인다"고 말하는 등 피해자의 신체에 어떠한 해악을 가할 듯한 태도를 보여 피해자를 협박하고,

EX-MEDNARD-00137

2. 같은 달 5. 06:10경 같은 장소에서, 위 피해자 윤영순이 피고인의 귀가가 늦다는 등

   의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8cm, 총 길이 18cm)를 피해자의

   목에 들이대고 "죽고 싶냐"라고 말하며 위 과도로 피해자의 목과 얼굴을 약 6회 긋

   고, 목을 조르고 주먹으로 얼굴을 수회 때리고 의자를 들어 옆구리를 가격하고, 피

   해자 정은미(여, 29세)가 이를 말리자 위 과도를 휘둘러 동녀의 손과 복부를 베고

   손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요하는 안면부 좌상 등을,

   위 정은미에게 약 2주간의 치료를 요하는 복부자상 등을 각 가하고,

3. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서 팔꿈치로 현

   관 유리를 깨뜨리고 의자를 집어 던져 전등과 화분을 깨뜨려 피해자 소유의 위 현

   관 유리 등 시가 345,000원 상당의 재물을 손괴하였다.

**증거의 요지**

1. 윤영순, 정은미, 문영수에 대한 각 경찰 진술조서

1. 경찰 압수조서

1. 각 상해진단서

1. 영수증 및 거래명세표

1. 압수물 사진

**법령의 적용**

1. 범죄사실에 대한 해당법조 및 형의 선택

   형법 제284조, 제283조 제1항(특수협박의 점, 징역형 선택), 각 형법 제258조의2 제

   1항, 제257조 제1항(특수상해의 점), 형법 제366조(재물손괴의 점, 징역형 선택)

1. 경합범가중

- 2 -

형법 제37조 전단, 제38조 제1항 제2호, 제50조

1. 몰수

각 형법 제48조 제1항 제1호

**양형의 이유**

– 피해 정도, 미합의, 범행에 이른 동기와 경위, 범행 후의 정황, 범죄전력, 기타 피고
  인의 연령, 성행, 지능과 환경 등 제반사정 참작

이상의 이유로 주문과 같이 판결한다.


                    판사    안동철    _____

## 상 해 진 단 서

원 조 대 조 필
(인)

병록번호 : 00036827

연 번 호 : 20050196    주민등록번호 : 681201-2226216

| 환 자 의 주 소 | 경기 평택시 신장동 139-3 1층 | | | | |
|---|---|---|---|---|---|
| 환 자 의 성 명 | 윤영순 | 성별 여 | 생년월일 1968년 12월 01일 | 연령 | 만 36 세 |
| 병 명 | ☑ 임 상 적  ☐ 최종진단명 | 1. 경추부 염좌.  2. 양측 완관절 염좌.  3. 안면부 좌상. | | 국제질병분류번호 | |
| 상 해 년 월 일 | 2005년 09월 02일 | 초진년월일 | 2005년 09월 05일 | | |
| 상 해 의 원 인 | 구타당함(본인 진술 의거) | | | | |

| 증 상 | 상 해 부 위 | 상기 병명 참조. |
|---|---|---|
| | 상 해 정 도 | |

| 상해에  대 한  소 견 | 진료 경과 의견 | 양호 할 것으로 사료됨. |
|---|---|---|
| | 외과적수술여부 | 필요 없음. |
| | 입 원 여 부 | 통원 치료. |
| | 통상활동가능여부 | 가능. |
| | 식사 가능 여부 | 가능. |

| 향 후  치 료 에  대한의견 | 예상 치료 기간 | ▉▉▉▉▉▉▉▉▉▉▉ |
|---|---|---|
| | 향후 치료 의견 | 보존적 치료. |
| | 병발증 발생  가 능 여 부 | 없으리라 사료됨. |
| 기          타 | | |

### 위와 같이 진단함.

발 행 일 : 2005 년    09 월    05 일

의 료 기 관 : 의료법인 참 병 원

주소 및 명칭 : 경기도 평택시 서정동 867

전 화 번 호 : ☎ 031) 668 - 2550 ~ 1  FAX 031) 668-2558

면 허 번 호 : 64295 호          의사성명 노 정 호

상 해 진 단 서


원조대조필
(인)

병록번호 : 00017182

연번호 : 20050197   주민등록번호 : 760425-2227145

| 환 자 의 주 소 | 경기 평택시 서정동 1027 16-3 | | |
|---|---|---|---|
| 환 자 의 성 명 | 정은미 | 성별 여 생년월일 1976년04월25일 연령 | 만 29 세 |
| 병 명 | ☑ 임 상 적<br>☐ 최종진단명 | 1. 양측 전완부 염좌.<br>2. 복부 자상. | 국제질병분류번호 |
| 상 해 년 월 일 | 2005년 09월 02일 | 초진년월일 | 2005년 09월 05일 |
| 상 해 의 원 인 | 구타당함(본인 진술 의거) | | |
| 증 상 | 상 해 부 위 | 상기 병명 참조. | |
| | 상 해 정 도 | | |
| 상해에<br>대 한<br>소 견 | 진료 경과 의견 | 양호 할 것으로 사료됨. | |
| | 외과적수술여부 | 필요 없음. | |
| | 입 원 여 부 | 통원 치료. | |
| | 통상활동가능여부 | 가능. | |
| | 식사 가능 여부 | 가능. | |
| 향 후<br>치 료에<br>대한의견 | 예상 치료 기 | | |
| | 향후 치료 의견 | 보존적 치료 | |
| | 병발증발생<br>가능여부 | 없으리라 사료됨. | |
| 기        타 | | | |

위와 같이 진단함.

발 행 일 : 2005 년        09 월        05 일

의 료 기 관 : 의료법인 청북병원

주소 및 명칭 : 경기도 평택시 고덕동 867

전 화 번 호 : ☎ 031) 668 - 2550 ~ 1  FAX 031) 668-2558

면 허 번 호 : 64295 호            의사성명 노 정 호







## 거 래 명 세 표

| 공급자 | 등록번호 | 125 - 06 - 5□□□ | | |
|---|---|---|---|---|
| | 상 호 | 영진행글 | 성명 | |
| | 사업장주소 | 경기 평택 지산 | | |
| | 업 태 | 소 매 | 종목 | 행글·일자 |

아래와 같이 계산합니다.

EX-MEDNARD-00143

# 수 원 지 방 검 찰 청 평 택 지 청



주임검사

수 신 검사 이 영 상

제 목 수사보고 ( 압수물 사진촬영자료 첨부보고 )

　　　　본건 범행에 사용된 압수물인 식칼(손잡이 13센티미터, 날길이 19센티미터)

및 과도(손잡이 10센티미터, 날길이 8센티미터)을 촬영하여 첨부, 보고합니다.


붙임 사진 1매. 끝.



　　　　　　　　　　2005.　　12.　　28.

　　　　　　　　검찰주사보　박 보 성 



| 형집행장번호 | 형 집 행 장 | 2016년 미집 제20 |
|---|---|---|
| 2016 - 30 | | |

| | |
|---|---|
| 성            명 | 메드나드 헨리 클라우드<br>(MEDNARD HENRY CLAUDE) |
| 주 민 등 록 번 호 | 780722-1000000 |
| 연            령 | |
| 주            소 | (459-120) 경기도 평택시 신장동 139-9 |
| 전  화  번  호 | |
| 직            업 | 컴퓨터 프로그래머 |
| 선  고  법  원 | 수원지방법원 평택지원 |
| 선  고  년  월  일 | 2016.5.20. |
| 확  정  년  월  일 | 2016.5.28. |
| 죄            명 | 특수상해, 특수협박, 재물손괴 |
| 형  명 · 형  기 | 징역 2년 |

이 형집행장은 구속영장과 동일한 효력이 있음 (형사소송법 제474조 2항)

위 사람에 대한 형을 집행하기 위하여 수원지방검찰청 평택지청에 구인한다.
(유효기간 : 2021. 5. 27.)

2016. 9. 19.

수원지방검찰청 평택지청

검 사  이 성 화 



U.S. Department of State

## CERTIFICATE TO BE ATTACHED TO DOCUMENTARY
## EVIDENCE ACCOMPANYING REQUISITIONS IN
## THE UNITED STATES FOR EXTRADITION
## AMERICAN FOREIGN SERVICE

09-14-2018
Place and Date *(mm-dd-yyyy)*

Marc H. Williams
Name

Acting Consul General
Title

f the    ted States of America at                          Seoul, Korea

ereby    tify that the annexed papers, being          supporting documents

pposed    be used upon an application for the extradition from the United States of America

Henry Claude MEDNARD

rged wi    e crime of    special bodily injury on another, etc.

a    ed to ha    een committed in                  Republic of Korea

a    roperly a    egally authenticated so as to entitle them to be received in evidence for similar purposes by

th    ounals of                          Republic of Korea

as    ired by T    8, United States Code, Section 3190.

witness    eof I hereunto sign my name and cause my seal of office to be affixed

4th        day of              September 2018
Month and Year

Signature

Marc H. Williams, Acting Consul General
Type Name and Title of Certifying Officer
of the United States of America.

DS-36
04-2007



**Ministry of Justice**
Republic of Korea

Attorney General
Department of Justice
United States of America

## Supplement to Request for Extradition of

## MEDNARD, Henry Claude

I, ...k Sang-ki, the Korean Minister of Justice,

. c... behalf of the Korean government, hereby request for the extradition of MEDNARD, ...
...en... Claude found guilty of special bodily injury on another, etc. under the Treaty on ...
...xtra...ion between the Republic of Korea and the United States of America, so that the ...
...nte... imposed on the criminal can be executed in accordance with the relevant laws of the ...
...pub... of Korea.

...ere... confirm that the Korean government certifies this supplementary document on the ...
...uest ... the extradition of the criminal by sealing, signing and impressing the official seal ...
...he K...n Minister of Justice on this document.

Seoul, Republic of Korea
September 10, 2018



Park Sang-ki
Minister of Justice
Republic of Korea
(Sealed by Minister of Justice)

KOO, Seung-mo
Director, International Criminal Affairs Division
(Duly authorized by the Minister)



EX-MEDNARD-00148

# SUPPLEMENTARY STATEMENT OF CONFIRMATION

# ON IDENTIFICATION AND EFFECT OF WARRANT

I, CHOI Hye-min, Prosecutor of the Pyeongtaek Branch of the Suwon District Prosecutors' Office in the Republic of Korea, hereby certify the following supplementary information on identification of MEDNARD, Henry Claude and effect of a warrant of execution against him, in support of the request for the extradition of MEDNARD, Henry Claude, from the United States of America, pursuant to the Extradition Treaty between the Republic of Korea and the United States of America which took effect on December 20, 1999.

## 1. IDENTIFICATION OF MEDNARD, HENRY CLAUDE

1.1. Photo of MEDNARD, Henry Claude

A photo of MEDNARD, Henry Claude was attached to the Statement of Confirmation for extradition of MEDNARD, Henry Claude by Prosecutor LEE Seong-hwa of the Pyeongtaek Branch of the Suwon District Prosecutors' Office.

1.2. Identification

1.2.1. On August 10, 2018, Inspector KIM Dong-jin, police officer of Cheonan Dongnam Police Station of Chungnam Provincial Police Agency, who investigated MEDNARD, Henry

Claude in person on September 5, 2005, stated to Prosecutor CHOI Hye-min that the person shown in the photo attached to the Statement of Confirmation for extradition of MEDNARD, Henry Claude is MEDNARD, Henry Claude.

1.2.2. Police Officer KIM Dong-jin knows the precise appearance of MEDNARD, Henry Claude since he cross-examined MEDNARD, Henry Claude in the presence of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ and interpreter ▮▮▮▮▮▮▮▮ on September 5, 2005.

## 2. EFFECT OF WARRANT OF EXECUTION

2.1. An arrest warrant against MEDNARD, Henry Claude on charge of violation of the *Punishment Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon) was returned to the court without being executed as its effective date expired on October 12, 2016. On May 20, 2016, the Pyeongtaek Branch of the Suwon District Court pronounced an adjudication of imprisonment for two years and confiscation of one kitchen knife and one fruit knife that were seized (Decision 2005GODAN1277); on May 28, 2016, the sentence was finalized. In order to execute the finalized sentence, a warrant of execution was issued in name of Prosecutor LEE Seong-hwa at the Pyeongtaek Branch of the Suwon District Prosecutors' Office.

2.2. Article 461 of the *Criminal Procedure Act* of Korea prescribes that "The execution of decision shall be

directed in writing accompanied by a copy of, or an extract from, the document of decision or the protocol containing the decision"; Article 473 of the same Act prescribes that "(1) If a person condemned to death penalty, imprisonment with or without labor, or misdemeanor imprisonment is not under confinement, a prosecutor shall summon him/her for the purpose of the execution of penalty. (2) If the person fails to appear in response to the summons, a prosecutor shall take him/her into custody by issuing a warrant of execution of punishment. (3) In the case of paragraph (1), if any person who has been sentenced to punishment flees or is likely to flee or his/her whereabouts is unknown, a prosecutor may take him/her into custody by issuing a warrant of execution of punishment, without summoning him/her."

2.3. In addition, Article 474(2) of the *Criminal Procedure Act* prescribes that "A warrant of execution of punishment has the same effect as a warrant of arrest." Therefore, the sentence of two-year imprisonment adjudicated by Decision 2005GODAN1277 of the Pyeongtaek Branch of the Suwon District Court can be executed by the warrant of execution issued by Prosecutor LEE Seong-hwa by its expiry date, May 27, 2021, and a separate non-expired warrant of arrest or detention is not needed.

2.4. Article 460(1) of the *Criminal Procedure Act* prescribes that "The execution of decision shall be directed by a

prosecutor of the prosecutors' office corresponding to the court which rendered such decision." Thus, I, prosecutor at the Pyeongtaek Branch of the Suwon District Prosecutors' Office, have the right to execute the final and conclusive sentence adjudicated by the Pyeongtaek Branch of the Suwon District Court pursuant to the Korean law.

2.5. A genuine and exact copy of the warrant of execution by Prosecutor LEE Seong-hwa of the Pyeongtaek Branch of the Suwon District Prosecutors' Office, in relation with Decision 2005GODAN1277 by the Pyeongtaek Branch of the Suwon District Court, was attached to the previous Statement of Confirmation by Prosecutor LEE Seong-hwa.

**I hereby certify that the above-mentioned details are all true to my knowledge. I submit this statement of confirmation, being well-aware that I may be punished for falsely producing official documents pursuant to Article 227 of the *Criminal Act* of the Republic of Korea.**

**August 16, 2018**

**Prosecutor CHOI Hye-min**

**Pyeongtaek Branch of Suwon District Prosecutors' Office**

Attachment.

1. A genuine and exact copy of Written Confirmation by Police Officer KIM Dong-jin

2. A genuine and exact copy of Indictment (in relation with 2005HYEONGJE15356 by the Pyeongtaek Branch of the Suwon District Prosecutors' Office, and 2005GODAN1277 by the Pyeongtaek Branch of the Suwon District Court)

# Written Confirmation

I, KIM Dong-jin, police officer of Cheonan Dongnam Police Station of the Republic of Korea, hereby certify the following information on identification of MEDNARD, Henry Claude, in support of the request for the extradition of MEDNARD, Henry Claude, from the United States of America, pursuant to the Extradition Treaty between the Republic of Korea and the United States of America.

1.  I am a police officer currently working at   Division of Cheonan Dongnam Police Station, and worked at the criminal division of Pyeongtaek Police Station affiliated at the Ministry of the Interior and Safety of the Republic of Korea. I know the precise appearance of MEDNARD, Henry Claude since I cross-examined MEDNARD, Henry Claude in the presence of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and interpreter ▮▮▮▮▮▮▮ in September 5, 2005.

2.  The person shown in the photo attached to the Statement of Confirmation on MEDNARD, Henry Claude by Prosecutor LEE Seong-hwa of the Suwon District Prosecutors' Office is MEDNARD, Henry Claude.

3.  I hereby certify that the above-mentioned details are all true to my knowledge. I submit this confirmation, being well-aware that I may be punished for falsely producing official documents pursuant to Article 227 of the *Criminal Act* of the Republic of Korea.

August 10, 2018

Inspector KIM Dong-jin (*sealed*)

Cheonan Dongnam Police Station

Photograph of
MEDNARD, Henry Claude

No. 1324851-011895

**Public Official ID Card**

| | |
|---|---|
| Institution | Chungnam Provincial Police Agency |
| Title | Inspector |
| Name | KIM Dong-jin |
| Date of Birth | November 28, 1973 |

August 9, 2017

Commissioner of
Chungnam Provincial Police Agency
*(sealed)*

TEL: 041)336-2331

Photograph

KIM Dong-jin

The Police Agency

# Pyeongtaek Branch of Suwon District Prosecutors' Office

450-718 / 245-1, Dongsak-dong, Pyeongtaek-si, Gyeonggi-do

Tel: 031-650-3200 / Fax: 031-650-3555

2005HYEONGJE15356             December 29, 2005

Recipient: Pyeongtaek Branch of        From: Pyeongtaek Branch of
          Suwon District Court              Suwon District Prosecutors' Office

Subject: **Indictment**          Prosecutor LEE Yeong-sang
                                 *(handwritten and sealed)*

I indict the defendant as below:

| | | |
|---|---|---|
| | NAME | MEDNARD, Henry Claude |
| | REGISTRATION NO. | 780722-1000000 (age 27) |
| DEFENDANT | OCCUPATION | Computer programmer |
| | RESIDENCE | 139-9, Sinjang-dong, Pyeongtaek-si |
| | ORIGINAL DOMICILE | Brooklyn, New York, the United States of America |
| OFFENSE | A. Violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon, etc.)<br>B. Violation of the *Punishment of Violences, etc. Act* (Intimidating in Group or by Deadly Weapon, etc.)<br>C. Destruction and Damage of Property | |
| FACTS OF CRIME | See the enclosure. | |
| APPLICABLE LAWS | Article 3(1) and 2(1) of the *Punishment of Violences, etc. Act*, Article 257(1), 268, 366, 37, 38, 48(1)1 of the *Criminal Act* | |
| DETENTION | Not detained | |
| ATTORNEY | | |
| | | |

## Facts of Crime

The defendant is a citizen of the United States of America and a computer programmer.

1. Around 07:00 on September 2, 2005, at the residence of victim ███████████ female, 36 year-old) located at 139-9 Sinjang-dong, Pyeongtaek-si, because the victim, who is the defendant's cohabiting girlfriend, questioned his affair with other woman, the defendant held a deadly weapon of kitchen knife (length of blade: 19cm, total length: 32cm) unto the victim and said "I will kill you," etc.; by doing so, the defendant intimidated the victim with demeanor about to cause the victim bodily injuries.

2. Around 06:10 on the 5th of the same month at the same above place, when victim ████ ████████ blamed the defendant for his coming home late, the defendant held a deadly weapon of fruit knife (length of blade: 8cm, total length: 18cm) unto the victim's neck and said "Do you wish to die?" At the same while, the defendant slashed the victim's face and neck about six times; strangled the victim; hit the victim's face multiple times with his fist; stroke the victim's side with a chair. When ████████████ (female, 29 year-old) stopped him from doing so, the defendant brandished the same fruit knife at her slashing her hands and abdomen; slapped her face with the palm of his hand. By doing so, the defendant caused ███████████████ acial contusion, etc. which requires about two weeks of medical treatment and ████████████ abdominal stab wound, etc. which requires about two weeks of medical treatment.

3. At the same date and place as above item 2, in the argument with victim ██████████ the defendant broke glass of the front door with his elbow and light lamps and flowerpots by

throwing a chair; by doing so, the defendant damaged property such as the front door glass, etc. in possession of the victim equivalent in the value of KRW 345,000.



**Ministry of Justice**
Republic of Korea

미합중국 법무부장관 귀하


### 메드나드 헨리 클라우드에 대한 범죄인인도청구 추가자료


대한민국 법무부장관 본인 박상기는,

1. 대한민국을 대표하여 대한민국 정부와 미합중국 정부 간의 범죄인인도조약에 따라, 특수상해 등으로 형이 확정된 범죄인 메드나드 헨리 클라우드를 대한민국의 법률에 따라 형이 집행될 수 있도록 대한민국에 인도하여 줄 것을 청구합니다.

2. 범죄인에 대한 범죄인인도청구를 위한 추가서류로서 본 문서를 봉인한 후 서명하고 대한민국 법무부장관의 관인을 날인함으로써 대한민국정부에 의하여 인증된 서류임을 확인합니다.


대한민국 서울

2018년 9월 10일

대한민국 법무부장관 

대리 국제형사과장


_____

# 대상자 동일성 및 형집행장 효력 관련 추가 확인서

대한민국 수원지방검찰청 평택지청 검사인 본인 최혜민은 대한민국과 미합중국간 범죄인인도조약에 따라 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)를 미국으로부터 한국으로 인도받기 위하여 송부한 청구서와 관련하여 청구서에 첨부된 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 사진이 실제 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 맞는지, 그에 대하여 발부된 형집행장의 효력과 관련하여 아래와 같이 확인함

## 1. 메드나드, 헨리클라우드(MEDNARD, HENRY CLAUDE)의 동일성 여부

### 1.1. 메드나드, 헨리클라우드(MEDNARD, HENRY CLAUDE)의 사진

대한민국 수원지방검찰청 평택지청 소속 검사였던 이성화가 메드나드, 헨리클라우드(MEDNARD, HENRY CLAUDE)에 대한 범죄인인도 청구 확인서에 메드나드, 헨리클라우드(MEDNARD, HENRY CLAUDE)의 사진을 첨부한 사실이 있음

### 1-2. 사진의 동일성 확인

#### 1.2.1. 2005. 9. 5. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)를 직접 조사하였던 충남지방경찰청 천안동남경찰서 경위 김동진은 2018 .8. 10. 검사 최혜민에게 메드나드, 헨리클라우드(MEDNARD, HENRY CLAUDE)에 대한 범죄인인도 청구 확인서에 첨부된 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 사진이 실제 메드나드, 헨리 클라우드의 사진임이 틀림없다고 진술하였음

#### 1.2.2. 김동진은 2005. 9 5. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)를 조사하면서 통역인 김용미를 참여하게 하고, 윤영숙, 정은미를 동석하게 하여 직접 대질조사를 한 사실이 있기 때문에

메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 얼굴을 정확히 알고 있는 사람임

## 2. 형집행장의 효력

2.1. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 폭력행위등처벌에관한법률위반(집단·흉기등상해) 혐의에 대한 구속영장은 집행하지 못한 상태로 2016. 10. 12. 유효기간이 만료되어 법원에 반환되었으며, 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)가 불출석한 상태에서 2016. 5. 20. 수원지방법원 평택지원 2005고단1227호로 징역 2년 및 압수된 부엌칼 1점 및 과도 1점을 몰수한다는 판결을 선고받고 그 판결이 2016. 5. 28. 확정되어 그 형의 집행을 위하여 수원지방검찰청 평택지청 소속 검사였던 이성화 명의의 형집행장이 발부되었음

2.2. 한국 형사소송법 제461조는 「재판의 집행지휘는 판결문 또는 재판을 기재한 조서의 등본 또는 초본을 첨부한 서면으로 한다.」 라고 규정하고 있고, 형사소송법 제473조는 「① 사형, 징역, 금고 또는 구류의 선고를 받은 자가 구금되지 아니한 때에는 검사는 형을 집행하기 위하여 이를 소환하여야 한다. ② 소환에 응하지 아니한 때에는 검사는 형집행장을 발부하여 구인하여야 한다. ③ 제1항의 경우에 형의 선고를 받은 자가 도망하거나 도망할 염려가 있을 때 또는 현재지를 알 수 없는 때에는 소환함이 없이 형집행장을 발부하여 구인할 수 있다.」 라고 규정하고 있음

2.3. 또한 형사소송법 제474조 제2항은 「형집행장은 구속영장과 동일한 효력이 있다.」 라고 규정하고 있으므로, 검사 이성화가 발부한 형집행장에 의하여 위 형집행장의 유효기간인 그 유효기간인 2021. 5. 27.까지 평택지원 2005고단1277 판결에서 선고된 징역 2년을 집행할 수 있고, 별도의 유효기간이 남아있는 체포 내지 구속영장이 필요하지 아니함

2.4. 형사소송법 제460조 제1항은「재판의 집행은 그 재판을 한 법원에 대응한 검찰청 검사가 지휘한다.」라고 규정하고 있으므로, 평택지청 검사인 본인은 대한민국 법령에 의하여 위 평택지원의 확정판결을 집행할 수 있는 권한이 있음

2.5. 평택지원 2005고단1277 판결에 관한 평택지청 이성화 검사의 형집행장의 진정하고 정확한 사본이 종전에 평택지청 검사 이성화가 작성한 확인서에 첨부되었음

본인은 위 기재한 사실이 모두 진실임을 확인하며, 고의로 허위 사실을 기재하였을 경우 대한민국 형법 제227조에 따라 허위공문서작성죄로 처벌받을 수 있다는 사실을 인식하면서 본 확인서를 작성하였음

첨    부 :  1. 경찰관 김동진이 작성한 확인서의 진정하고 정확한 사본 1부.

2. 공소장(수원지방법원 평택지청 2005형제15356, 수원지방법원 평택지원 2005고단1277호 관련)의 진정하고 정확한 사본 1부. 끝.

2018.  8.  16.

수원지방검찰청 평택지청 검사 최 혜 민  

EX-MEDNARD-00163

# 확 인 서

대한민국 천안동남경찰서 경찰관인 본인 김동진은,

대한민국과 미합중국간 범죄인인도조약에 따라 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)를 미국으로부터 한국으로 인도받기 위하여 송부한 청구서와 관련하여 청구서에 첨부된 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)의 사진이 실제 본인이 맞는지와 관련하여 다음과 같이 확인함.

1. 본인은 대한민국 행정안전부 산하 평택경찰서 형사과 소속 경찰관이었던 사람으로 현재 천안동남경찰서 생활안전과 경찰관임. 본인은 2005. 9. 5. 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)를 조사하면 서 통역인 김용미를 참여하게 하고, 윤영숙, 정은미를 동석하게 하여 대질조사를 한 사실이 있기 때문에 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)의 얼굴을 정확히 알고 있음

2. 2016. 9. 23. 대한민국 수원지방검찰청 소속 검사였던 이성화가 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)에 대한 범죄인인도 청구 확인서에 첨부한 사진은 실제 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE)의 사진임이 틀림없음

3. 본인은 위 기재한 사실이 모두 진실임을 확인하며, 고의로 허위 사실을 기재하였을 경우 대한민국 형법 제227조에 따라 허위공문서작성죄로 처벌 받을 수 있다는 사실을 인식하면서 본 확인서를 작성함

2018. 8. 10.

천안동남경찰서 경위 김동진



PGM ID : AZ9101R
인쇄일 : 2018.08.30

## 사 진  비 교



EX-MEDNARD-00165



No.1124851-011895

소속        충남지방경찰청
직위/직급    경 위
성명        김 동 진
생년월일     1973. 11. 28.

2017. 8. 9.

충남지방경찰청

☎ 041)336-2331



공무원증

POLICE

김 동 진
경 찰 청

# 수 원 지 방 검 찰 청   평 택 지 청

450-718 / 경기 평택시 동삭동 245-1      / 전화 031-650-3200   / 전송 031-650-3555

2005 형제 15356 호                          2 0 0 5 .   1 2 .   2 9 .

수 신 자    수원지방법원 평택지원        발 신 자    수원지방검찰청 평택지청

제 목    공 소 장        검 사    이영상 
                                        이 영 상

아래와 같이 공소를 제기합니다.

| 피 고 인 | 성 명 | 메드나드, 헨리 클라우드 (MEDNARD, HENRY CLAUDE) |
| | 주민등록번호 | 780722-1000000        ( 27 세 ) |
| | 직 업 | 컴퓨터 프로그래머 |
| | 주 거 | 평택시 신장동 139의 9 |
| | 본 적 | 미국 뉴욕 브로클린 |

| 죄 명 | 가. 폭력행위등처벌에관한법률위반(집단·흉기등상해) 나. 폭력행위등처벌에관한법률위반(집단·흉기등협박) 다. 재물손괴 |

사건번호 12.29
배당순위번호 445
재 판 부  제 2 부(단독)
주 심

| 공 소 사 실 | 별지 공소사실과 같음 |

| 적 용 법 조 | 폭력행위등처벌에관한법률 제3조 제1항, 제2조 제1항, 형법 제257조 제1항, 제268조, 제366조, 제37조, 제38조, 제48조 제1항 제1호 |

| 신 병 | 불구속 |

변 호 인    12.29

2005. 12. 2 9

2005. 12. 30.
임

# 공 소 사 실

피고인은 미국국적자로서 컴퓨터 프로그래머인바,

1. 2005. 9. 2. 07:00경 평택시 신장동 139의 9 소재 피해자 윤영순(여, 36세)의 집에서 동거녀인 피해자가 피고인의 여자관계를 의심한다는 이유로 흉기인 부엌칼(칼날길이 19센티미터, 총길이 32센티미터)을 동녀에게 들이대고 "죽인다."고 말하는 등 동녀의 신체에 대하여 어떠한 해악을 가할 듯한 태도를 보여 동녀를 협박하고,

2. 같은 달 5. 06:10경 같은 장소에서 위 피해자 윤영순이 피고인의 귀가가 늦는다는 등의 이유로 피고인을 탓하자 흉기인 과도(칼날길이 8센티미터, 총길이 18센티미터)를 동녀의 목에 들이대고 "죽고 싶냐."라고 말하며 위 과도로 동녀의 목과 얼굴을 약 6회 긋고 동녀의 목을 조르고 주먹으로 동녀의 얼굴을 여러 번 때리고 의자를 들어 동녀의 옆구리를 때리고, 피해자 정은미(여, 29세)가 피고인을 말리자 위 과도를 휘둘러 동녀의 손과 복부를 베고 손바닥으로 뺨을 때려 위 윤영순에게 약 2주간의 치료를 요하는 안면부 좌상 등을, 위 정은미에게 약 2주간의 치료를 요하는 복부 자상 등을 각 가하고,

2. 위 2항과 같은 일시, 장소에서 위와 같이 위 피해자 윤영순과 다투면서 팔꿈치로 현관 유리를 깨뜨리고 의자를 집어던져 전등과 화분을 깨뜨려 동녀 소유 위 현관 유리 등 시가 345,000원 상당의 재물을 손괴한 것이





U.S. Department of State

## CERTIFICATE TO BE ATTACHED TO DOCUMENTARY
## EVIDENCE ACCOMPANYING REQUISITIONS IN
## THE UNITED STATES FOR EXTRADITION
## AMERICAN FOREIGN SERVICE

Seoul, Republic of Korea   05-22-2019
Place and Date *(mm-dd-yyyy)*

Kimberly R. Furnish | Acting Consul General
Name | Title

h   ited States of America at                Seoul, Republic of Korea

eb   ertify that the annexed papers, being          supporting documents

os   o be used upon an application for the extradition from the United States of America

Henry Claude MEDNARD

ged   the crime of   special bodily injury on another, special intimidation, destruction

lama   c. of property.

ed to   been committed in                Republic of Korea

a   operly   legally authenticated so as to entitle them to be received in evidence for similar purposes by

th   unals              Republic of Korea

as   uired by   e 18, United States Code, Section 3190.

witnes   ereof I hereunto sign my name and cause my seal of office to be affixed

is       22nd    day of          May 2019
Month and Year

Signature

Kimberly R. Furnish , Acting Consul General
Type Name and Title of Certifying Officer
of the United States of America.

DS-36
04-2007



**Ministry of Justice**
Republic of Korea

Attorney General
Department of Justice
United States of America

## Supplement to Request for Extradition of MEDNARD, Henry Claude

Park Sang-ki, the Korean Minister of Justice,

on behalf of the Korean government, made the request for the extradition MEDNARD, Henry Claude pursuant to the Treaty on Extradition between the Republic of Korea and the United States of America so that his finalized sentence can be executed.

Hereby confirm that the Korean government certifies this supplementary document on the request for the extradition of the criminal by sealing, signing and impressing the official seal of the Korean Minister of Justice on this document.

Seoul, Republic of Korea

May 17, 2019

Park Sang-ki
Minister of Justice
Republic of Korea
(Sealed by Minister of Justice)

Koô Seung-mo
Director, International Criminal Affairs Division
(Duly authorized by the Minister)

EX-MEDNARD-00170

# SUPPLEMENTARY STATEMENT OF CONFIRMATION

I, RYU Eui-jun, Prosecutor at the Pyeongtaek Branch of the Suwon District Prosecutors' Office in the Republic of Korea, hereby certify the following supplementary information on the indictment modified in 2016 and the provision of high resolution photograph in support of the request for the extradition of MEDNARD, Henry Claude, from the United States of America, pursuant to the Extradition Treaty between the Republic of Korea and the United States of America.

## 1.    On the 2016 Modified Indictment against MEDNARD and the Reason for the Change

1.1.    Amendments to the 2016 Bill of Indictment

1.1.1.    As provided in the attached Request for changes to the Bill of Indictment, on March 25, 2016, the Prosecution requested amendments to be made to the Bill of Indictment, changing the charges from the violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon) and the violation of the *Punishment of Violences, etc. Act* (Intimidating in Group or by Deadly Weapon) to Special Bodily Injury on Another and Special Intimidation stipulated under the *Criminal Act* (Destruction and Damage etc. of Property remained unchanged).

1.2.    Reason for the change

1.2.1   The reason why the Bill of Indictment was changed as above was because of the Decision made by the Constitutional Court on Article 3(1) of the *Punishment of Violences, etc. Act* [2014Hun-ba154(merged) case decided on September 24, 2015] which found the Article to be unconstitutional. Summary of the Decision is as follows:

1.2.1.1. While the *Punishment of Violences, etc. Act* had prescribed that any person who commits the crimes of Violence, Intimidation, Destruction and Damage etc. of Property, Coercion and Extortion, by carrying a deadly weapon or other dangerous articles would be punished by imprisonment without fine, the *Criminal Act* stipulated that a person who commits the crime of Violence, Intimidation and Destruction of Property by carrying a dangerous weapon would be punished for the crimes of Special Violence, Special Intimidation and Special Destruction of Property, by prescribing imprisonment or fine as the statutory punishment.

1.2.1.2. Constitutional Court held, "Since 'deadly weapon' is included in the 'dangerous articles,' Violence, Intimidation, Destruction and Damage etc. of Property under the *Punishment of Violences, etc. Act* and Special Violence, Special Intimidation and Special Destruction of Property under the *Criminal Act* are constituted by essentially identical elements. However, while the *Punishment of Violences, etc. Act* only prescribes a statutory minimum of 1 year, without fine, the *Criminal Act* prescribes imprisonment or fine as punishment. As such, the choice of applicable law is essentially within the discretion of a prosecutor, which may be against the public interest, and, as the above Article clearly lacks the justification

and balance of the criminal punishment system, it is in violation of the fundamental principle of the Constitution that upholds human dignity and value and infringing upon the principle of equality," and found the Article to be unconstitutional.

1.2.1.3. Pursuant to the above Decision, Article 3(1) of the *Punishment of Violences, etc. Act* was deleted on January 6, 2016. Moreover, while the *Criminal Act* prescribed the aggravating elements of Special Violence, Special Intimidation and Special Destruction of Property for Violence, Intimidation and Destruction and Damage, etc. of Property, the *Criminal Act* did not prescribe any aggravating elements for carrying dangerous articles with regard to Inflicting Bodily Injury on Other, Coercion and Extortion under the Article 3(1) of the *Punishment of Violences, etc. Act*. As such, when Article 3(1) of the *Punishment of Violences, etc. Act* was deleted on January 6, 2016, the crimes of Special Bodily Injury on Another, Special Coercion and Special Extortion were newly inserted to the *Criminal Act*.

1.2.1.4. Under such circumstances, since the penalty provisions for the charges of the violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon) and the violation of the *Punishment of Violences, etc. Act* (Intimidating in Group or by Deadly Weapon) under Article 3(1) of the *Act* against MEDNARD at the time of prosecution have respectively been deleted, on March 25, 2016, the Bill of Indictment has been amended to change the charges to Special Bodily Injury on Another and Special Intimidation under

the *Criminal Act* and their applicable laws [No changes were made to the Facts of Crime].

## 2. On the Provision of High Resolution Photograph of MEDNARD

2.1. The Korean investigation authorities were unable to find a photograph with a resolution better than that of the one provided in the previous Statement of Confirmation.

2.2. After searching through all trail and investigation records in this case in order to find other photographs of MEDNARD, we were able to confirm that a copy of MEDNARD's identification had been attached in one of the records. Please find the attached photograph of the above identification, scanned at the highest possible resolution for review.

I hereby certify that the aforementioned are all true and correct to the best of my knowledge. I am submitting this statement of confirmation, being well-aware that I may be punished for falsely producing official documents pursuant to Article 227 of the *Criminal Act* of Korea.

March 21, 2019

Respectfully submitted by

Prosecutor RYU Eui-jun

Pyeongtaek Branch of the Suwon District Prosecutors' Office

Attachment:

1. One exact and genuine copy of the Request for changes to the Bill of Indictment dated March 25, 2016.

2. Two exact and genuine copies of the scanned images of MEDNARD, HENRY CLAUDE's identification

## Pyeongtaek Branch, Suwon District Prosecutors' Office

|  |  |  | March 25, 2016(*handwritten*) |
|---|---|---|---|
| Recipient | Pyeongtaek Branch, Suwon District Court | Sender | Pyeongtaek Branch, Suwon District Prosecutors' Office |
| Reference | Presiding Judge, Criminal Department II | Prosecutor | BYEON Jae-eun (*signed and sealed*) |
| Subject | **Request for changes to the Bill of Indictment** | | |

I hereby request for changes to the Bill of Indictment against the defendant before your court, **MEDNARD, HENRY CLAUDE, for the 2005GODAN1277 case concerning the violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon)** etc. as below.

### - N E X T -

- ■ **Charges**
    - From: violation of the *Punishment of Violences, etc. Act* (Inflicting Bodily Injury in Group or by Deadly Weapon), violation of the *Punishment of Violences, etc. Act* (Intimidating in Group or by Deadly Weapon), Destruction and Damage etc. of Property
    - To: Special Bodily Injury on Another, Special Intimidation, Destruction and Damage etc. of Property

- ■ **Applicable Laws**
    - From: Articles 3(1) and 2(1) of the *Punishment of Violences, etc. Act*, Articles 257(1), 268, 366, 37, 38 and 48(1)1 of the *Criminal Act*
    - To: Articles 258-2(1), 257(1), 284, 283(1), 366, 37, 38 and 48(1)1 of the *Criminal Act*

PGM ID: AZ9101R

Printed Date: August 30, 2018

## Photograph Comparison

(Photograph of MEDNARD, HENRY CLAUDE)

EX-MEDNARD-00178

PGM ID : AZ9101R
인쇄일 : 2018.08.30

## 사 진  비 교



---

수원출입국 · 외국인청 평택출장소          1 / 0          사용자 ID :

EX-MEDNARD-00179



**Ministry of Justice**
Republic of Korea

미합중국 법무부장관 귀하


### 메드나드 헨리 클라우드에 대한 범죄인인도청구 추가자료


대한민국 법무부장관 본인 박상기는,

1. 대한민국을 대표하여 대한민국 정부와 미합중국 정부 간의 범죄인인도조약에 따라, 확정된 형의 집행을 위하여 범죄인 메드나드 헨리 클라우드를 대한민국으로 인도하여 줄 것을 청구하였습니다.

2. 본 문서는 범죄인인도를 위한 추가자료로서 본 문서를 봉인한 후 서명하고 대한민국 법무부장관의 관인을 날인함으로써 대한민국 정부에 의하여 인증된 문서임을 확인합니다.

대한민국 서울

2019년 5월 17일

대한민국 법무부장관 박상기

대리 국제형사과장 구승모

# 추가확인서

대한민국 수원지방검찰청 평택지청 검사인 본인 류의준은 대한민국과 미합중국간 범죄인인도조약에 따라 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)를 미국으로부터 한국으로 인도받기 위하여 송부한 청구서와 관련하여, 2016년 변경된 공소장 내용 및 고화질의 사진 제공에 대해 아래와 같이 추가 확인함

## 1. 범죄인에 대해 2016년 변경된 공소장 내용 및 공소장 변경 경위

### 1.1. 2016년 공소장 변경 내용

1.1.1. 첨부된 공소장변경허가신청서 사본과 같이 2016. 3. 25. 범죄인에 대한 죄명을 폭력행위등처벌에관한법률위반(집단·흉기등상해), 폭력행위등처벌에관한법률(집단·흉기등협박)에서 형법에 규정되어 있는 특수상해, 특수협박으로 변경하는 공소장 변경[재물손괴는 변경 없음]을 신청하였고, 법원에서 그 신청을 그대로 받아들인 뒤 범죄인에 대해 변경된 특수상해, 특수협박, 재물손괴 적용하여 징역 2년이 선고되었음

### 1.2. 공소장 변경 경위

1.2.1. 위와 같이 공소장을 변경한 이유는 한국에서 법률의 위헌 여부를 심사하는 기관인 헌법재판소의 폭력행위등처벌에관한법률 제3조 제1항에 대한 위헌 결정 때문이었는데[2015. 9. 24. 선고 2014헌바 154(병합) 결정], 그 위헌 결정의 요지는 아래와 같음

1.2.1.1. 폭력행위등처벌에관한법률 제3조 제1항에서는 흉기나 기타 위험한 물건을 휴대하여 폭행, 협박, 재물손괴 및 상해, 강요, 공갈죄를 저지른 경우 벌금형 없이 징역형만으로 범인을 처벌하도록 규정하고 있었고, 이와 동시에 형법에서는 위험한 물건을 휴대하여 폭행, 협박,

재물손괴죄를 저지른 사람을 특수폭행, 특수협박, 특수손괴죄로 처벌하도록 하면서 법정형으로 징역형과 함께 벌금형을 선택적으로 규정하고 있었음

1.2.1.2. 헌법재판소에서는, 「'흉기'도 '위험한 물건'에 포함되므로 결국 폭력행위등처벌에관한법률 제3조 제1항에서 규정하는 흉기 기타 위험한 물건 휴대 폭행, 협박, 재물손괴와 형법상 특수폭행, 특수협박, 특수손괴죄는 똑같은 내용의 구성요건인데, 폭력행위등처벌에관한법률에서는 벌금형을 제외하면서 징역형의 하한을 1년으로 규정하고 있는 반면 형법에서는 징역형과 함께 벌금형을 선택적으로 규정하고 있으므로 결국 법적용을 오로지 검사의 기소재량에 맡기고 있고 이는 국민의 불이익으로 돌아올 수밖에 없어 위 폭력행위등처벌에관한법률 제3조 제1항은 형벌체계상의 정당성과 균형을 잃은 것이 명백하며, 인간의 존엄성과 가치를 보장하는 헌법의 기본원리에 위배될 뿐만 아니라 그 내용에 있어서도 평등원칙에 위배된다」 고 판단하여 위헌 결정을 하였음

1.2.1.3. 위 위헌 결정에 따라 폭력행위등처벌에관한법률 제3조 제1항은 2016. 1. 6. 삭제되었고, 폭행, 협박, 재물손괴죄는 형법에 가중구성요건인 특수폭행, 특수협박, 특수손괴죄가 규정되어 있었던 반면, 위 폭력행위등처벌에관한법률 제3조 제1항에 함께 규정되어 있었던 상해, 강요, 공갈죄는 위험한 물건을 휴대하였을 경우 가중구성요건이 형법에 규정되어 있지 않아 위 2016. 1. 6. 폭력행위등처벌에관한법률 제3조 제1항 삭제와 동시에 형법에 특수상해, 특수강요, 특수공갈죄가 신설되었음

1.2.1.4. 위와 같은 경위에 따라 공소제기 당시 범죄인에 대해 적용하였던 폭력행위등처벌에관한법률 제3조 제1항 폭력행위등처벌에관한법률위반(집단·흉기등상해), 폭력행위등처벌에관한법률위반(집단·흉기등

협박)은 각각 그 처벌 규정이 삭제되었기 때문에 2016. 3. 25. 형법에서 규정하는 특수상해 및 특수협박으로 그 죄명과 적용 법조를 변경하는 공소장변경이 이루어진 것임[공소사실은 변경하지 않음]

## 2. 범죄인에 대한 고화질 사진 제공 관련

2.1. 지난 확인서에 첨부한 사진보다 화질이 좋은 사진은 찾을 수 없었음

2.1. 이에 범죄인에 대한 다른 사진을 찾기 위해 이 사건 소송기록 및 수사기록을 모두 살펴본 결과 범죄인의 신분증 사진 사본이 기록에 첨부되어 있는 사실을 확인하였고, 이에 위 신분증 사진을 최대한 고화질로 스캔하여 그 파일을 첨부하였으니 참조하여 주시기 바람



본인은 위 기재한 사실이 모두 진실임을 확인하며, 고의로 허위 사실을 기재하였을 경우 대한민국 형법 제227조에 따라 허위공문서작성죄로 처벌받을 수 있다는 사실을 인식하면서 본 확인서를 작성하였음

2019.   3.   21.

수원지방검찰청 평택지청 검사 류 의 



첨     부 :  1. 2016. 3. 25. 공소장변경허가신청서의 진정하고 정확한 사본 1부.

2. 범죄인 메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)의 신분증 사진 스캔 파일 사본 2부. 끝.

3/30

# 수원지방검찰청 평택지청

2016. 3. 24.

수 신   수원지방법원 평택지원          발 신   수원지방검찰청 평택지청

참 조   형사제2단독                    검 사   변재은

제 목   공소장변경허가신청

　　　　귀원 **2005고단1277** 피고인 **메드나드, 헨리 클라우드(MEDNARD, HENRY CLAUDE)**에 대한 폭력행위등처벌에관한법률위반(집단·흉기등상해)등 피고사건에 대하여 공소사실을 다음과 같이 변경하고자 하니 허가하여 주시기 바랍니다.

# 다       음

■ 죄명

- 변경 전 죄명: 폭력행위등처벌에관한법률위반(집단·흉기등상해), 폭력행위등처벌에관한법률위반(집단·흉기등협박), 재물손괴

- 변경 후 죄명: 특수상해, 특수협박, 재물손괴

■ 적용법조

- 변경 전 적용법조: 폭력행위등처벌에관한법률 제3조 제1항, 제2조 제1항, 형법 제257조 제1항, 제268조, 제366조, 제37조, 제38조, 제48조 제1항 제1호

- 변경 후 적용법조: 형법 제258조의2 제1항, 제257조 제1항, 제284조, 제283조 제1항, 제366조, 제37조, 제38조, 제48조 제1항 제1호

2016. 03. 25

3119

PGM ID : AZ9101R
인쇄일 : 2018.08.30

## 사 진 비 교

